Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorney for Plaintiffs
CRIS JAO BRETANA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>Defendants. | Case No. C07-05934-JF-HRL<br><br>**FIRST AMENDED CLASS COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, CRIS JAO BRETANA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby make the following allegations:

**I. INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and

-1-

FIRST AMENDED CLASS COMPLAINT                                    Case No. C07-05934-JF-HRL

1  costs brought by Plaintiff on behalf of himself and all others similarly situated for Defendants'
2  violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter
3  "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et*
4  *seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive
5  and unfair practices.

## II. JURISDICTION

7  2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §
8  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.
9  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

10  3.  This action arises out of Defendants' violations of the Fair Debt Collection
11  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III. VENUE

13  4.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in
14  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial
15  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the
16  Defendants transact business in this judicial district and the violations of the FDCPA complained
17  of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

19  5.  This lawsuit should be assigned to the San Jose Division of this Court because
20  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara
21  County.

## V. PARTIES

23  6.  Plaintiff, CRIS JAO BRETANA (hereinafter "MR. BRETANA"), is a natural
24  person residing in Santa Clara County, California.  MR. BRETANA is a "consumer" within the
25  meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).
26  At all relevant times, MR. BRETANA has resided in Santa Clara County, California.
27  7.  Defendant, INTERNATIONAL COLLECTION CORPORATION
28  (hereinafter "ICC"), is a California corporation engaged in the business of collecting debts in this

-2-

1  state with its principal place of business located at: 1930 Wilshire Boulevard, Suite 908, Los
2  Angeles, Los Angeles County, California 90057-3619. ICC may be served as follows:
3  International Collection Corporation, c/o Chuck Hendrickson, Agent for Service of Process, 1930
4  Wilshire Boulevard, Suite 908, Los Angeles, Los Angeles County, California 90057-3619. The
5  principal business of ICC is the collection of debts using the mails and telephone, and ICC regularly
6  attempts to collect debts alleged to be due another. ICC is a "debt collector" within the meaning of
7  15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8        8.      Defendant, CHARLES D. HENDRICKSON (hereinafter
9  "HENDRICKSON"), is a natural person and is or was an employee, agent, officer and/or director
10 of ICC at all relevant times. HENDRICKSON may be served at his current business address at:
11 Charles D. Hendrickson, International Collection Corporation, 1930 Wilshire Boulevard, Suite 908,
12 Los Angeles, Los Angeles County, California 90057-3619 and at his residence address at: Charles
13 D. Hendrickson, 2030 North Vermont Avenue, #14N, Los Angeles, Los Angeles County, California
14 90027-1901. HENDRICKSON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)
15 and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that
16 HENDRICKSON is liable for the acts of ICC because he sets and approves ICC collection policies,
17 practices, procedures and he directed the unlawful activities described herein.

18       9.      Defendant, LUIGI CIOPPA (hereinafter "CIOPPA"), is a natural person and
19 is or was an employee of ICC at all relevant times. CIOPPA may be served at his current business
20 address at: Luigi Cioppa, International Collection Corporation, 1930 Wilshire Boulevard, Suite 908,
21 Los Angeles, Los Angeles County, California 90057-3619. CIOPPA is a "debt collector" within
22 the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

23       10.      Defendant, FRANKLIN JAY LOVE (hereinafter "LOVE"), is a natural
24 person and licensed attorney in the state of California. LOVE may be served at his current business
25 address at: Franklin Jay Love, 125 South Citrus Avenue, Suite 101, Covina, Los Angeles County,
26 California 91723-2622. LOVE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

27       11.      At all times herein mentioned, each of the Defendants was an officer, director,
28 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

-3-

1  times, each Defendant was acting in the full course and scope of said office, directorship, agency,
2  service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
3  qualification is meant by Plaintiffs to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On or about October 17, 2005, MR. BRETANA incurred a financial obligation, namely a casino marker issued by MR. BRETANA to Harrah's Casino in Reno, Nevada (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. MR. BRETANA issued the subject casino marker to Harrah's Casino in Reno, Nevada.

14. Sometime thereafter, on a date unknown to MR. BRETANA, the debt was consigned, placed or otherwise transferred to Defendants for collection from MR. BRETANA.

15. Thereafter, Defendants sent a collection letter dated December 1, 2006 (Exhibit "1") to MR. BRETANA in an attempt to collect the debt owed to Harrah's Casino.

16. A true and accurate copy of the collection letter dated December 1, 2006, from Defendants to MR. BRETANA is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The collection letter dated December 1, 2006 (Exhibit "1") was signed by L. Cioppa, Debt Collector.

18. The collection letter dated December 1, 2006 (Exhibit "1") represented that MR. BRETANA owed $1,500.00 in principal, $25.00 in returned check fees, $168.49 in accrued interest and a total amount of $1,693.49.

19. The collection letter dated December 1, 2006 (Exhibit "1") stated:

> Our attorneys have advised us that under California law 1719 Civil Code, states that unless cash or certified funds in the amount of your NSF check(s) plus the cost of $25.00 for each returned item is received by us in 30 days from the date of this letter, we are entitled to recover for our client, the amount of the check(s), plus treble damages up to $1500.00 for each bad check.
>
> If suit is filed, you will also be responsible for interest, court costs, and service for

1  process fees. The court may also award us attorney fees.

2  20. Defendants attempted or threatened to collect treble damages pursuant to Cal.
3  Civil Code § 1719 in the collection letter dated December 1, 2006 (Exhibit "1").

4  21. Plaintiff is informed and believes, and thereon alleges that HENDRICKSON
5  created, approved and/or approved the use of collection letters in the form of Exhibit "1."

6  22. Thereafter, Defendants sent a collection letter dated December 28, 2006
7  (Exhibit "2") to MR. BRETANA in an attempt to collect the debt owed to Harrah's Casino.

8  23. A true and accurate copy of the collection letter dated December 28, 2006,
9  from Defendants to MR. BRETANA is attached hereto, marked Exhibit "2," and by this reference
10 is incorporated herein.

11 24. The collection letter dated December 28, 2006 (Exhibit "2") was signed by
12 Luigi Cioppa, Debt Collector.

13 25. The collection letter dated December 28, 2006 (Exhibit "2") represented that
14 MR. BRETANA owed $1,500.00 in principal, $179.58 in interest and a total amount of $1,679.58.

15 26. The collection letter dated December 28, 2006 (Exhibit "2") stated:

16 WE WOULD LIKE TO REMIND YOU THAT THIS DEROGATORY
   INFORMATION COULD STAY ON YOUR CREDIT REPORT FOR SEVERAL
17 YEARS.

18 27. Thereafter, Defendants sent by regular mail a collection letter dated January
19 9, 2007 (Exhibit "3") to MR. BRETANA in an attempt to collect the debt owed to Harrah's Casino.

20 28. A true and accurate copy of the collection letter dated January 9, 2007, from
21 Defendants to MR. BRETANA is attached hereto, marked Exhibit "3," and by this reference is
22 incorporated herein.

23 29. The collection letter dated January 9, 2007 (Exhibit "3") was signed by Luigi
24 Cioppa, Debt Collector.

25 30. The collection letter dated January 9, 2007 (Exhibit "3") represented that MR.
26 BRETANA owed $1,500.00 in principal, $1,500.00 in treble damages, $184.51 in interest and a total
27 balance of $3,184.51.

28 31. Defendants attempted or threatened to collect treble damages pursuant to Cal.

1  Civil Code § 1719 in the collection letter dated January 9, 2007 (Exhibit "3").

2      32.    Defendants' collection letter dated January 9, 2007 (Exhibit "3") stated:

> BEFORE COMMENCING A LAWSUIT THROUGH THE OFFICES OF FRANKLIN LOVE, I AM OFFERING YOU THIS FINAL OPPORTUNITY TO PAY THIS ACCOUNT IN FULL OR TO MAKE SATISFACTORY PAYMENT ARRANGEMENTS.
>
> IF PAYMENT OR SATISFACTORY ARRANGEMENTS ARE NOT MADE WITHIN 10 DAYS HEREOF, I HAVE BEEN INSTRUCTED TO CONSIDER FILING A LAWSUIT THROUGH OUR LAWYER AGAINST YOU. SHOULD A LAWSUIT BE INITIATED, YOU COULD BE HELD TO PAY NOT ONLY THE PRINCIPAL SUM, BUT ALSO INTEREST, ATTORNEY FEES WHERE APPLICABLE AND COSTS OF SUIT. MR. LOVE HAS STATED THAT SHOULD A LAWSUIT BE FILED A JUDGMENT COULD BE ISSUED, WHICH COULD HAVE THE CONSEQUENCE OF SUBJECTING CERTAIN OF YOUR ASSETS TO GARNISHMENT OR SEIZURE. IN ADDITION, THIS ENTIRE MATTER COULD HAVE A NEGATIVE IMPACT ON YOUR CREDIT RATING.

33.    Plaintiff is informed and believes, and thereon alleges that HENDRICKSON created, approved and/or approved the use of collection letters in the form of Exhibit "3."

34.    On or about May 14, 2007, Defendants filed a lawsuit against MR. BRETANA in the Superior Court of California, County of Sacramento, entitled *International Collection Corporation v. Cris Bretana, et al.*, Case No. 07-AM-04820 (hereinafter the "*International Collection Corporation v. Bretana* complaint"), which sought to collect "$1,500.00 together with interest thereon at the rate of 10 per cent per annum from June 6, 2006," "attorney fees of $180.00" and "treble damages of $1,500.00."

35.    A true and accurate copy of the *International Collection Corporation v. Bretana* complaint is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

36.    The *International Collection Corporation v. Bretana* complaint (Exhibit "4") was signed by Defendant, LOVE.

37.    Verification of the *International Collection Corporation v. Bretana* complaint (Exhibit "4") was signed by Defendant, HENDRICKSON.

38.    Defendants attempted or threatened to collect treble damages pursuant to Cal. Civil Code § 1719 in the *International Collection Corporation v. Bretana* complaint (Exhibit "4").

39.    Because MR. BRETANA issued the subject marker to Harrah's Casino in

1  Reno, Nevada, neither Harrah's Casino nor Defendants are entitled to treble damages under Cal.
2  Civil Code § 1719.

3      40.    After being served with the *International Collection Corporation v. Bretana*
4  complaint (Exhibit "4"), MR. BRETANA retained legal counsel, thereby incurring actual pecuniary
5  damages.

## VII. DEFENDANTS' PRACTICES

7      41.    Defendants regularly sent or caused to be sent communications in the form
8  of Exhibit "1" to California residents in an effort to collect consumer debts seeking to collect both
9  a return check fee and interest on dishonored checks or markers written outside the State of
10 California in violation of the FDCPA and the RFDCPA.

11     42.    Defendants regularly sent or caused to be sent communications in the form
12 of Exhibit "3" to California residents in an effort to collect consumer debts seeking to collect both
13 treble damages and interest on dishonored checks or markers written outside the State of California
14 in violation of the FDCPA and the RFDCPA.

## VIII. CLASS ALLEGATIONS

16     43.    Plaintiff brings this action on behalf of two classes of all other persons
17 similarly situated.

18     44.    Plaintiff tentatively defines the Exhibit "1" class as (i) all persons who were
19 sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "1," (iii)
20 regarding an alleged debt on a dishonored check or marker written outside the State of California
21 allegedly due Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or
22 household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the
23 one year period before filing this action, i.e. November 26, 2006, through the date of certification.

24     45.    Plaintiff tentatively defines the Exhibit "3" class as (i) all persons who were
25 sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "3," (iii)
26 regarding an alleged debt on a dishonored check or marker written outside the State of California
27 allegedly due Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or
28 household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the

1 one year period before filing this action, i.e. November 26, 2006, through the date of certification.

2       46.      The classes are so numerous that joinder of all members is impractical. On information and belief, collection letters in the form of Exhibit "1" and Exhibit "3" have been sent to hundreds of California class members.

      47.      There are questions of law and fact common to the classes, which questions predominate over any questions peculiar to individual class members. The common questions include:

      a.      Whether Defendants are debt collectors;

      b.      Whether Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

      c.      Whether Defendants threatened to take action not intended to be taken or that could not legally be taken, in violation of 15 U.S.C. § 1692e(5);

      d.      Whether Defendants used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

      e.      Whether Defendants attempted to collect an amount not expressly authorized by contract or law, in violation of 15 U.S.C. § 1692f(1).

      48.      There are no individual questions of law or fact, other than whether a class member was sent one of the offending collection letter(s), which can be determined by ministerial inspection of the Defendants' records.

      49.      Plaintiff will fairly and adequately represent and protect the interest of the class members. He is committed to vigorously litigating this matter. He has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA and RFDCPA. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and his counsel will vigorously pursue this matter.

      50.      Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

-8-

FIRST AMENDED CLASS COMPLAINT      Case No. C07-05934-JF-HRL

51.     A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the class members who received collection letters in the form of Exhibit "1" or Exhibit "3" had no knowledge that their rights are being violated by illegal collection practices. The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

52.     Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants acted on grounds generally applicable to the Classes, thereby making appropriate declaratory relief with respect to the Class as a whole.

54.     Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## IX. CLASS CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

**(Against Defendants, ICC, HENDRICKSON and CIOPPA)**

55.     On behalf of himself and the classes he seeks to represent, Plaintiff brings this claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

56.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

57.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

-9-

1692a(3).

58. Defendant, ICC, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59. Defendant, HENDRICKSON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

60. Defendant, CIOPPA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

61. The financial obligation allegedly owed to Harrah's Casino by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

62. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

    c. Defendants attempted or threatened to collect treble damages from Plaintiff pursuant to Cal. Civil Code § 1719, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. §1692e(5);

    d. Defendants attempted or threatened to collect interest in addition to a check fee from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    e. Defendants attempted or threatened to collect attorney fees from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    f. Defendants threatened to communicate credit information regarding

the debt, which was known by Defendants to be false, to a consumer reporting agency, in violation of 15 U.S.C. § 1692e(8);

g. Defendants falsely represented that Defendants were lawfully entitled to interest in addition to a check fee, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

h. Defendants falsely represented that Defendants were lawfully entitled to attorney's fees, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

i. Defendants falsely represented that Defendants were entitled to collect treble damages from Plaintiff pursuant to Cal. Civil Code § 1719, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

j. Defendants used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

k. Defendants attempted or threatened to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(Against Defendants, ICC, HENDRICKSON and CIOPPA)**

63. On behalf of himself and the classes he seeks to represent, Plaintiff brings this claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices ("RFDCPA"), California Civil Code §§ 1788-1788.33.

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

65. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

66. Defendant, ICC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

67. Defendant, HENDRICKSON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

68. Defendant, CIOPPA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

69. The financial obligation allegedly owed to Harrah's Casino by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

70. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

    b. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

    c. Defendants attempted or threatened to collect treble damages from Plaintiff pursuant to Cal. Civil Code § 1719, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

    d. Defendants attempted or threatened to collect interest in addition to a check fee from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

    e. Defendants attempted or threatened to collect attorney fees from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), as

-12-

incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

f. Defendants threatened to communicate credit information regarding the debt, which was known by Defendants to be false, to a consumer reporting agency, in violation of 15 U.S.C. § 1692e(8), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(f);

g. Defendants falsely represented that Defendants were lawfully entitled to interest in addition to a check fee, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

h. Defendants falsely represented that Defendants were lawfully entitled to attorney's fees, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

i. Defendants falsely represented that Defendants were entitled to collect treble damages from Plaintiff pursuant to Cal. Civil Code § 1719, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

j. Defendants used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17; and

k. Defendants attempted or threatened to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e).

-13-

## X. INDIVIDUAL CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

### (Against Defendants, ICC, HENDRICKSON and LOVE)

71.  On behalf of himself Plaintiff brings this claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

72.  Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

73.  Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

74.  Defendant, ICC, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

75.  Defendant, HENDRICKSON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

76.  Defendant, LOVE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

77.  The financial obligation allegedly owed to Harrah's Casino by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

78.  Defendants have violated the FDCPA in the following respects:

   a.  Defendants brought a legal action against Plaintiff to collect a consumer debt in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

79.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

80.  As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(Against Defendants, ICC and HENDRICKSON)**

81. On behalf of himself, Plaintiff brings this claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices ("RFDCPA"), California Civil Code §§ 1788-1788.33.

82. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

83. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

84. Defendant, ICC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

85. Defendant, HENDRICKSON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

86. The financial obligation allegedly owed to Harrah's Casino by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

87. Defendants have violated the RFDCPA in the following respects:

    a. Defendants brought a legal action against Plaintiff to collect a consumer debt in a county other than the county in which Plaintiff signed the contract sued on, the county where the debt was incurred or in the county in which Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.15(b).

88. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

89. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of his actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

90. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

91. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

92. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

93. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## XI.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f(1) and 1692i(a);

c. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(f), 1788.15(b) and 1788.17;

d. Award Plaintiff and the class members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e. Award Plaintiff and the class members statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civil Code § 1788.17;

f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

-16-

h.   Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorney for Plaintiffs
CRIS JAO BRETANA

## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CRIS JAO BRETANA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.77

-17-

FIRST AMENDED CLASS COMPLAINT                                     Case No. C07-05934-JF-HRL