**PROOF OF SERVICE LIST**

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose. California 95113-2418

O, Randolph Bragg, Esq.
Craig M. Shapiro, Esq.
Horwitz, Horwitz & Associates. LTD
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On March 6, 2008, I served the foregoing document described as:

## NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED COMPLAINT

on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

### SEE ATTACHED PROOF OF SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 6, 2008, at Orange, California, California.


WADE KRAUS

## CONCLUSION

1

2    As such, the First Amended Complaint should be dismissed with prejudice

3    At this time.

4

5

6

7

8                                                      Respectfully submitted,

9

10                                        LARRY ROTHMAN & ASSOCIATES

11    Dated:    March 6, 2008

12

13

14    _____

15                                            LARRY ROTHMAN,
                                            Attorney for Defendants:
16    INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
                 HENDRICKSON, LUIGI CIOPPA, and FRANKLIN J. LOVE
17

18

19

20

21

22

23

24

25

26

27                                    **8**

28

NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
COMPLAINT                                Case No: 5:07-cv-05934-JF

1  manner in violation of the Act.  Hendrickson's Declaration clearly shows that there

2  are no other instances where ICC filed in an improper venue and he has instituted

3
4  safeguards to prevent filings of lawsuits in improper venue.  Hendrickson further

5  states that Cioppa was an employee of ICC and did not personally take any action

6
7  With respect to the filing of the Complaint in State Court that this Federal Court

8  Action is based upon.  In Love's declaration, he states that there are no other

9
10 instances where ICC filed in an improper venue and he has instituted safeguards to

11 prevent filings of lawsuits in improper venue.   The Motion to Dismiss should be

12 granted as to all four defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
COMPLAINT                              Case No: 5:07-cv-05934-JF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II

## THE DEFENDANTS HAVE AN ABSOLUTE DEFENSE IN

## THIS ACTION.

A debt collector may not be held civilly liable for a Federal FDCPA violation if he or she demonstrates by a preponderance of the evidence that the violation:

• Was unintentional; and

• Resulted from a "bona fide error," even though the collector maintains procedures "reasonably adapted" to avoid such error. [15 USC § 1692k (c); Johnson v. Riddle (10th Cir. 2006) 443 F3d 723, 728—violation is unintentional for purposes of "bona fide error" defense where debt collector can establish lack of specific intent to violate]

The Declarations of Hendrickson and Love clearly support this irrefutable defense. Hendrickson is an officer of ICC and did not personally act in any

6

A dismissal for failure to state claim on which relief can be granted is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of claim that would entitle him to relief, if complaint fails to allege an element necessary for relief, or if affirmative defense or other bar to relief is apparent from face of complaint.   See  Theuerkauf v. United Vaccines Div. of Harlan Sprague Dawley, Inc., W.D.Mich.1993, 821 F.Supp. 1238.

Where more carefully drafted complaint might state claim, plaintiff must be given at least one chance to amend complaint before district court dismisses action with prejudice, unless plaintiff has indicated that he does not wish to amend complaint or more carefully drafted complaint could not state claim which would entitle plaintiff to relief. Bank v. Pitt, C.A.11 (Fla.) 1991, 928 F.2d 1108.   In the case before this Court, Plaintiff has already filed a First Amended Complaint.

The policy of the courts is to dispose of law suits on their merits whenever possible rather than on motions for summary judgments or judgments on pleadings. Tuolumne Gold Dredging Corp. v. Walter W. Johnson Co., N.D.Cal.1945, 61 F.Supp. 62    Based upon this policy, this Court should dismiss this First Amended Complaint at this time.

5

Under the F.R.C.P. Rule 12 (d),

**Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Declarations that have been filed concurrently with this Motion clearly indicate an absolute defense to this case. In addition, Plaintiff has filed this as a class action, thus should be able to provide affidavits or declarations to contradict Defendants, if they do exist. The Defendants know of no other instances that they filed in an improper venue. Without clear proof proffered to this Court by the Plaintiff, this action has to be dismissed at this stage.

4

INTERNATIONAL COLLECTION CORPORATION "ICC", which is the collection agency which filed the State Court law suit against the Plaintiff to recover the funds borrowed.

CHARLES D. HENDRICKSON "Hendrickson" an officer of ICC.
LUIGI CIOPPA, "Cioppa", a collector employed by ICC.
FRANKLIN J LOVE, "Love" , the attorney who filed the State Court action on which this Federal Court Action is based.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## WHEN A MOTION TO DISMISS A COMPLAINT CAN BE FILED

According to Federal Rules of Civil Procedure, Rule 12 b

**Rule 12.**

**(b) ....** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

**....**

**(6)** failure to state a claim upon which relief can be granted;

---

3

NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
COMPLAINT                    Case No: 5:07-cv-05934-JF

The Defendants submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the First Amended Complaint.

## STATEMENT OF FACTS

This action was brought under the Fair Debt Collection Act, <u>15 USC. 1692 et seq</u>. the "Act"

The alleged claim is substantially based upon the fact that a lawsuit was brought against the Plaintiff in the wrong venue.   The Motion to Dismiss is based upon the facts that the Defendants can have an absolute defense to the Complaint based upon the fact that they have placed safeguards in their respective procedures to avoid violations of the Act.  Unless the Plaintiff can prove to this Court other violations of the Act in addition to the one time claimed violation that a Complaint was filed in an improper venue, the First Amended Complaint must be dismissed.

Obviously, Plaintiff is aware of other instances of this same type violation or he would not have filed a "Class Action" lawsuit.

The Plaintiff  borrowed money at a loan center.  Per the loan center's requirements, Plaintiff signed a check on his bank account number at the time of this loan.    Plaintiff's check was returned for non-sufficient funds.  Although demands were made, Plaintiff never reimbursed the loan center for the funds he borrowed.  The loan center assigned this debt to the collection agency which was sued in this action.

The Defendants Parties in this action are identified as follows:

2

1  LARRY ROTHMAN & ASSOCIATES
2  LARRY ROTHMAN – State Bar No. 72451
   City Plaza
3  1 City Boulevard West. Suite 850
4  Orange, California 92868
   (714) 363 0220  Telephone
5  (714) 363 0229  Facsimile
6  tocollect@aol.com  E-Mail

7

8  Attorneys for the Defendants:
   INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
9  HENDRICKSON, LUIGI CIOPPA, and FRANKLIN J. LOVE

10

11              **UNITED STATES DISTRICT COURT**

12

13   **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

14

15  CRIS JAO BRETANA, on behalf of himself | Case No: 5:07-cv-05934-JF
    and all others similarly situated,
16                                          | MEMORANDUM OF POINTS
          Plaintiff,                        | AND AUTHORITIES IN
17                                          | SUPPORT OF MOTION
          vs.                               | TO DISMISS
18
    INTERNATIONAL COLLECTION
19  CORPORATION. a California corporation,   | (F.R. C.P. RULE 12)
    CHARLES D. HENDRICKSON,
20  individually and in his official capacity, | DATE: May 2, 2008
    LUIGI CIOPPA, INDIVIDUALLY AND          | TIME: 9:00 a.m.
21  IN HIS OFFICIAL CAPACITY, and           | COURTROOM: 3
    FRANKLIN JAY LOVE, individually and
22  in his official capacity.
23                                          |  (reserved)
          Defendants.
24

25

26

27                                 1

28
    NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
    COMPLAINT                         Case No: 5:07-cv-05934-JF

# PROOF OF SERVICE LIST

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

O, Randolph Bragg, Esq.
Craig M. Shapiro, Esq.
Horwitz, Horwitz & Associates, LTD
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716

# PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On March 6, 2008, I served the foregoing document described as:

## NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED COMPLAINT

on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

## SEE ATTACHED PROOF OF SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 6, 2008, at Orange, California, California.

_(signature)_

WADE KRAUS

1    To all parties and their attorneys of record:

2         Please take notice on May 2, 2008, at the hour of 9:00 a.m. or as soon
3    there after as counsel may be heard in Courtroom 3 of the above-entitled Court
4    located at 280 S. 1st Street, San Jose, California 95113, the Defendants,
5    INTERNATIONAL COLLECTION CORPORATION "ICC", CHARLES D.
6    HENDRICKSON "Hendrickson", LUIGI CIOPPA, "Cioppa", and FRANKLIN J
7    LOVE, "Love" will move this Court to Dismiss the First Amended Complaint in
8    this action.
9

10        This Motion will be made upon its papers and filings, the Memorandum of
11   Points and Authorities as well as the Declarations of Love and Hendrickson  filed
12   concurrently with this Motion, and such oral argument that may occur at the
13   hearing in this action should this Court invite oral argument.
14
15
16                                                    Respectfully submitted,
17
18                                          LARRY ROTHMAN & ASSOCIATES
19        Dated:    March 6, 2008
20
21                                          
22                                                      LARRY ROTHMAN,
23                                             Attorney for Defendants:
24           INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
25           HENDRICKSON, LUIGI CIOPPA, and FRANKLIN J. LOVE
26
27  _____
                                          2
28
NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
COMPLAINT                                Case No: 5:07-cv-05934-JF

1  LARRY ROTHMAN & ASSOCIATES
   LARRY ROTHMAN – State Bar No. 72451
2  City Plaza
3  1 City Boulevard West, Suite 850
   Orange, California 92868
4  (714) 363 0220  Telephone
5  (714) 363 0229  Facsimile
6  tocollect@aol.com  E-Mail

7

8  Attorneys for the Defendants:
   INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
9  HENDRICKSON, LUIGI CIOPPA, and FRANKLIN J. LOVE

10

11

12

13

14              **UNITED STATES DISTRICT COURT**

15   **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

16

17  CRIS JAO BRETANA, on behalf of himself   Case No: 5:07-cv-05934-JF
    and all others similarly situated,
18                                            NOTICE OF MOTION; MOTION
            Plaintiff,                        TO DISMISS FIRST AMENDED
19                                            COMPLAINT
            vs.
20                                            (F.R. C.P. RULE 12)
    INTERNATIONAL COLLECTION
21  CORPORATION, a California corporation,
    CHARLES D. HENDRICKSON,                   DATE:  May 2, 2008
22  individually and in his official capacity, TIME:  9:00 a.m.
    LUIGI CIOPPA, INDIVIDUALLY AND
23  IN HIS OFFICIAL CAPACITY, and             COURTROOM:  3
    FRANKLIN JAY LOVE, individually and          (reserved)
24  in his official capacity.

25          Defendants.

26

27                              1

28
    NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
    COMPLAINT                         Case No: 5:07-cv-05934-JF