Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>Defendants. | Case No. C07-05934-JF-HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER STRIKING DEFENDANTS' OFFER OF JUDGMENT**<br><br>Date: May 2, 2008<br>Time: 9:00 a.m.<br>Judge: Honorable Jeremy Fogel<br>Courtroom: 3, 5th Floor<br>Place: 280 South First Street<br>San Jose, California |

### INTRODUCTION

Plaintiff filed his Complaint in this case on November 26, 2007, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA"). (Doc. 1) Plaintiff filed his First Amended Class Complaint, on behalf of himself and all others

-1-
MOTION FOR ORDER STRIKING OFFER OF JUDGMENT            Case No. C07-05934-JF-HRL

similarly situated, against Defendants on February 14, 2008. (Doc. 5) On March 6, 2008, Defendants served Plaintiff's counsel with an Offer of Judgment pursuant to Fed. R. Civ. P. 68 via facsimile. A true and accurate copy of Defendants' <u>Offer for Judgment Under F.R.C.P. 68</u> is filed concurrently herewith, marked and as Exhibit "1." Defendants' Offer of Judgment offers a judgment to be taken against Defendants, INTERNATIONAL COLLECTION CORPORATION and FRANKLIN J. LOVE as follows:

| | |
|---|---|
| Principal | $1,000.00 |
| Costs | $550.00 |
| Attorney Fees | $2,501.00 |
| TOTAL | $4,051.00[1] |

Defendants' Offer of Judgment contains no relief for the proposed class. Defendants' Offer of Judgment seeks to "pick off" Plaintiff as the representative plaintiff in this action, possibly mooting Plaintiff's claims and depriving this Court of jurisdiction over this matter and the putative class Plaintiff seeks to represent. This tactic has been expressly rejected nationwide by District Courts and Courts of Appeals. For the reasons discussed below, Plaintiff requests that this court strike Defendants' Offer of Judgment and declare it to be of no effect in this case. Should this Court deny Plaintiffs' Motion to Strike, Plaintiff moves, in the alternative, for class certification with briefing to be stayed until the completion of discovery.

## POINTS AND AUTHORITIES

### A. STRIKE OFFER OF JUDGMENT

Federal Rule of Civil Procedure 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued . . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer.

Defendants purport to have served an Offer of Judgment in accordance with Fed. R. Civ. P.

---

[1] Exhibit "1" at 2:4-8.

68. However, Plaintiff is not at liberty to accept Defendants' Offer of Judgment because he is the representative plaintiff in this putative class action. Fed. R. Civ. P. 68 is incompatible with class actions because a representative plaintiff has limited authority to accept a settlement offer, be it formal or informal. A representative plaintiff's limited authority is subject to the review and approval of the Court regarding notice, fairness, adequacy and reasonableness.[2]

Plaintiff has assumed a responsibility to members of the putative class and this Court has a special responsibility to protect their interest regardless of whether a motion for class certification has been filed.[3] Hinging the outcome of this motion on whether a motion for class certification has been filed is not sound judicial practice. *Id.* It would encourage a "race to payoff" named plaintiffs very early in litigation, before they file motions for class certification. *Id.*

Moreover, Fed. R. Civ. P. 68 is inconsistent with the careful supervision required of the district court under Fed. R. Civ. P. 23(e) because Fed. R. Civ. P. 68 sets a nondiscretionary ten-day limit on the plaintiff's power of acceptance, which is clearly insufficient to consider the merits of the offer, provide notice to the class members and obtain court approval.[4]

Nor does Fed. R. Civ. P. 68 address the inherent conflict of interest faced by a representative plaintiff to whom an offer of judgment has been made. A Fed. R. Civ. P. 68 offer of judgment exposes the representative-offeree to liability for costs and expenses that could not be recouped from unnamed class members. The leading treatise on class actions explains why Fed. R. Civ. P. 68 should not apply where a case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent

---

[2] Fed. R. Civ. P. 23(e)(1)(A); *Weiss v. Regal Collections*, 385 F.3d 337, 349 n21 (3d Cir. 2004) (putative class representative's claim cannot be mooted by Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class relief).

[3] *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001).

[4] *See, Marek v. Chesny*, 473 U.S. 1, 33 n49 (1985) (Brennan, J. dissenting).

-3-

class members.[5]

The conflict between the policies behind Rules 23 and 68 has led the vast majority of courts to reject attempts by defendants to subvert a pending class action with a Fed. R. Civ. P. 68 offer. The Third Circuit in *Weiss v. Regal Collections*, 285 F.3d 337, 344-345 (3d Cir. 2004), reasoned,

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.
>
> …
>
> Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action. Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by stimulating successive suits brought by others claiming aggrievement. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. *See* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation.").
>
> …
>
> There is another significant consideration. Congress explicitly provided for class damages in the FDCPA. Congress also intended the FDCPA to be self-enforcing by private attorney generals. Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action. For this reason, defendants' view of the interplay between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68 would frustrate Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity. Alleged violators of federal law would be allowed to tender the statutory amount of damages to a named plaintiff, derailing a putative class action and frustrating the goals and enforcement mechanism of the FDCPA. (some internal citations and quotations omitted).

In *Greisz v. Household Bank (Illinois), N.A.*,[6] the Seventh Circuit observed that the tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, (citing cases)."[7]

Judgment should be entered against a putative class representative on a defendant's

---

[5] 5 Newberg on Class Actions § 15.36 at 115 (4th ed. 2002).

[6] 176 F.3d 1012, 1015 (7th Cir. 1999).

[7] (Emphasis in original).

-4-

offer of judgment only where class certification has been properly denied and the offer satisfied the representative's entire demand for injuries and costs of the suit. This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims."[8]

In *Roper v. Consurve, Inc.*,[9] the Fifth Circuit stated the, "notion that a defendant may short-circuit a class action by paying off the class representatives . . . deserves short shrift."

Various District Courts have also reached the same conclusion. Last month the U.S. District for the Southern District of Floridia in *Sampaio v. People First Recoveries, LLC*,[10] stuck the debt collector's offer of judgment to the individual plaintiff. On November 9, 2007, the U.S. District Court for the District of Nebraska in *Jenkins v. General Collection Co.*,[11] struck a debt collector's offer of judgment stating: "Since GCC's offer of judgment addressed only Jenkins's individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action." In *Jancik v. Cavalry Portfolio Services, LLC*,[12] the court reasoned that:

> [A]llowing defendants to avoid liability merely by winning the race to the courthouse and by proffering settlement offers that have the effect of denying all putative plaintiffs' claims even before scheduling orders are issued and plaintiffs have the applicable motion deadlines in front of them, would be bad policy and would effectively eviscerate the effectiveness of class actions in cases such as this one.[13]

The *Liles* court, in a case similar to the one here, considered a situation where the defendant made a Fed. R. Civ. P. 68 offer of judgment that was not accepted by the plaintiff-class

---

[8] *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (citations omitted).

[9] 578 F.2d 1106, 1110 (5th Cir. 1978).

[10] 2008 WL 509255, 2008 U.S. Dist. LEXIS 17110 (S.D. Fla. Feb. 19, 2008).

[11] 246 F.R.D. 600, 602 (D. Neb 2007).

[12] 2007 WL 1994026, 2007 U.S. Dist. LEXIS 49500 (D. Minn. July 03, 2007).

[13] 2007 U.S. Dist. LEXIS 49500 *11. *See also, Martin v. Mabus*, 734 F.Supp.1216, 1222 (S.D. Miss. 1990) ("procedures prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); *Gay v. Waiters' and Dairy Lunchmen's Union*, 86 F.R.D. 500 (N.D. Cal. 1980) (holding Rule 68 inapplicable to class actions).

representative. The defendant then filed a motion to dismiss for lack of subject matter jurisdiction. Denying the defendant's motion the district court held that:

> By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a ceasefire may not be pressed upon them by paying their claims. The court itself has special responsibilities to ensure that dismissal does not prejudice putative members.[14]

The Iowa federal district court explained that the magistrate will conduct a conference with the parties to determine the schedule for submission of the plaintiff's class certification motion.

In *Zeigenfuse v. Apex Asset Mgmt., LLC*,[15] the District Court analyzed the *Weiss* decision as follows:

> Once a defendant allows a plaintiff to take a judgment against it for all the relief to which he or she may be entitled, there is nothing further to try, and the action becomes moot. At that point, there is no reason for the action to continue.
>
> The *Weiss* court, however, concluded the situation to be quite different when a class action complaint has been filed. If an offer of judgment to a putative class representative were allowed to stand, it would be an easy way for a defendant to thwart a class action which may be the only viable means of obtaining relief for class members who individually may have claims too small to sue on their own. *See Phillips Petroleum Co. V. Shultz*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). A defendant, by an offer of judgment, could pay an insignificant amount to the named plaintiff to avoid a potentially significant payout if the lawsuit proceeded as a class action. Considerable wrongdoing could thus go unremedied. In addition, even if those similarly situated to the named plaintiff were not stymied by the lack of a class action, they often would have no option other than to bring small individual actions. These would not be in the interest of judicial economy and could likely generate excessive costs and fees compared to a class action. For all these reasons, [the Third Circuit] in *Weiss* held that Rule 68 cannot be employed to vitiate a putative class representative's claim.

The District Court stated further:

> Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under *Weiss*, defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps

---

[14] *Liles*, 201 F.R.D. at 455, *quoting Roper*, 578 F.2d at 1110.

[15] 239 F.R.D. 400, 401-02 (E.D. Pa. 2006).

somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.[16]

*Weiss* and *Zeigenfuse* are directly on point with the instant case. Defendants through their Offer of Judgment have attempted to "pick off" BRETANA as the class representative in order to defeat this Court's subject matter jurisdiction over this case. Defendants' Offer of Judgment is an attempt to purchase the representative Plaintiff's cooperation in resolving this case with no recovery for the putative class. Such conduct undermines the purposes of both Fed. R. Civ. P. 23 and 68.

Therefore, Defendants' Offer of Judgment should be stricken and declared to be of no effect in this case.

**B.    CLASS CERTIFICATION**

Alternatively, pursuant to Fed. R. Civ. P. 23, Plaintiff moves this Court to enter an Order certifying this case as a class action with briefing stayed until discovery is completed. In the <u>First Amended Class Complaint</u> Plaintiff seeks to represent two classes. The first class, referred to as "the Exhibit '1' class" was tentatively defined as (i) all persons who were sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "1," (iii) regarding an alleged debt on a dishonored check or marker written outside the State of California allegedly due Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the one year period before filing this action, *i.e.* November 26, 2006, through the date of certification. (Doc. 1)

The second class, referred to as "the Exhibit '3' class" was tentatively defined as (i) all persons who were sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "3," (iii) regarding an alleged debt on a dishonored check or marker written outside the State of California allegedly due Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the one year period before filing this action, i.e. November 26, 2006, through the date of

---

[16] *Id.* at 403. *See also Strausser v. ACB Receivables Mgmt.*, 2007 WL 512789, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. Feb. 12, 2007).

certification. *Id.*

Although Plaintiff requests this Court to follow the reasoning and holding of the Third Circuit in *Weiss* and to strike Defendants' Offer of Judgment, Plaintiff is cognizant of relevant District Court cases that suggest an alternative course may be prudent in order to prevent the possible mooting of his class claims.[17] Therefore, Plaintiff makes this request in the alternative to ensure his and the putative class members' interests and claims in this case are preserved.

Fed. R. Civ. P. 23 requires this Court to determine whether to certify this action as a class action "at an early practicable time." Defendant has forced Plaintiff to request certification at this early stage of the litigation even though it is not yet practicable for this Court to decide the issue. The first Case Management Conference is scheduled for March 28, 2008, but should be continued. Neither party has yet served written discovery or initial disclosures. Therefore, Plaintiff requests that briefing on the issue of class certification be stayed until relevant discovery is completed.

## **CONCLUSION**

Defendants' Offer of Judgment pursuant to Fed. R. Civ. P. 68 seeks to "pick off" the representative plaintiff in this action. Defendants' Offer of Judgment should be stricken and declared to be of no effect in this case. Alternatively, Plaintiff moves this Court certify this case as a class action and to stay the briefing on class certification until discovery reveals information and documents relevant to class certification.

---

[17] *See*, *Western Railway Devices Corp. v. Lusida Rubber Products, Inc.*, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867, *6 (N.D. Ill. June 13, 2006) ("a number of judges in this district have . . . uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim.").

Respectfully submitted,

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA