1  LARRY ROTHMAN & ASSOCIATES
   LARRY ROTHMAN – State Bar No. 72451
2  City Plaza
3  1 City Boulevard West, Suite 850
   Orange, California 92868
4  (714) 363 0220  Telephone
5  (714) 363 0229  Facsimile
6  tocollect@aol.com   E-Mail

7

8  Attorneys for the Defendants:
   INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
9  HENDRICKSON, LUIGI CIOPPA, and FRANKLIN J. LOVE

10

11                    UNITED STATES DISTRICT COURT
12
13       NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

14

15 | CRIS JAO BRETANA, on behalf of himself and all others similarly situated, | Case No: 5:07-cv-05934-JF |
|---|---|
| Plaintiff, | OPPOSITION TO MOTION TO STRIKE F.R.C.P. RULE 68 OFFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, and FRANKLIN JAY LOVE, individually and in his official capacity. | (F.R. C.P. RULE 12) |
| | DATE: May 2, 2008 TIME: 9:00 a.m. |
| Defendants. | COURTROOM: 3 |
| | (reserved) |

1

OPPOSITION TO MOTION TO STRIKE F.R.C.P.
RULE 68 OFFER; MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT THEREOF                    Case No: 5:07-cv-05934-JF

The Defendants submit the following Memorandum of Points and Authorities in Opposition to the Motion to Strike F.R.C.P. Rule 68 Offer.

## STATEMENT OF FACTS

This action was brought under the Fair Debt Collection Act, 15 USC, 1692 et seq. the "Act"

The alleged claim is substantially based upon the fact that a lawsuit was brought against the Plaintiff in the wrong venue. The Motion to Dismiss is based upon the facts that the Defendants can have an absolute defense to the Complaint based upon the fact that they have placed safeguards in their respective procedures to avoid violations of the Act. Unless the Plaintiff can prove to this Court other violations of the Act in addition to the one time claimed violation that a Complaint was filed in an improper venue, the First Amended Complaint must be dismissed.

Obviously, Plaintiff is aware of other instances of this same type violation or he would not have filed a "Class Action" lawsuit.

The Plaintiff borrowed money at a loan center. Per the loan center's requirements, Plaintiff signed a check on his bank account number at the time of

2

OPPOSITION TO MOTION TO STRIKE F.R.C.P.
RULE 68 OFFER; MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT THEREOF                    Case No: 5:07-cv-05934-JF

this loan. Plaintiff's check was returned for non-sufficient funds. Although demands were made, Plaintiff never reimbursed the loan center for the funds he borrowed. The loan center assigned this debt to the collection agency which was sued in this action.

The Defendants Parties in this action are identified as follows:

INTERNATIONAL COLLECTION CORPORATION "ICC", which is the collection agency which filed the State Court law suit against the Plaintiff to recover the funds borrowed.

CHARLES D. HENDRICKSON "Hendrickson" an officer of ICC.
LUIGI CIOPPA, "Cioppa", a collector employed by ICC.
FRANKLIN J LOVE, "Love", the attorney who filed the State Court action on which this Federal Court Action is based.

Although this lawsuit was filed on November 26, 2007, no Motion to Certify the Class has been filed to date.

3

OPPOSITION TO MOTION TO STRIKE F.R.C.P. RULE 68 OFFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case No: 5:07-cv-05934-JF

Case 5:07-cv-05934-JF    Document 19    Filed 04/04/2008    Page 3 of 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## THE MOTION TO STRIKE THE F.R.C.P. RULE 68 OFFER SHOULD BE DENIED

F.R.C.P., Rule 23 requires that a trial court approve any dismissal of a complaint containing class action allegations, even if the case has not been certified. See <u>Phillips v. Allegheny County</u> 869 F.2d 234, 237 (3rd Circ 1989)

While some Federal Court have refused to allow the use of a Rule 68 offer to forestall a pending class action before the plaintiff has moved for certification (see <u>Roper v Consurve, Inc.</u> 578 F.2d 1106, 1110 (5th Cir 1978)), courts look to see if the Plaintiff files for certification within ten (10) days after the Rule 68 offer is made. See <u>Parker v Risk Management Alternatives, Inc.</u> 204 F.R.D. 113 (N.D. Ill 2001); <u>Gibson v. Aman Collection Service Inc.</u> (2001) U S Districts LEXIS 10669 (S.D. Ill July 23, 2001). In <u>Letellier v First Credit Services, Inc.</u> 2001 WL 826873 (N.D. Ill July 20, 2001) and <u>Wiskur v Short Term Loans</u> 94 F. Supp 2d 937 (N.D. Ill 2000), these aforementioned cases were dismissed after plaintiff failed to file a

4

OPPOSITION TO MOTION TO STRIKE F.R.C.P.
RULE 68 OFFER; MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT THEREOF

Case No: 5:07-cv-05934-JF

motion for class action certification prior to the expiration of the ten day period following the defendant's Rule 68 offer.

Since, Plaintiff has filed this as a class action, thus should be able to provide affidavits or declarations to contradict Defendants' Motion to Dismiss which will be heard the same day as this Motion.. The Defendants know of no other instances that they filed in an improper venue. Without clear proof proffered to this Court by the Plaintiff, this action has to be dismissed at this stage.

## II

## THE DEFENDANTS HAVE AN ABSOLUTE DEFENSE IN THIS ACTION.

A debt collector may not be held civilly liable for a Federal FDCPA violation if he or she demonstrates by a preponderance of the evidence that the violation:

- Was unintentional; and

5

OPPOSITION TO MOTION TO STRIKE F.R.C.P. RULE 68 OFFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    Case No: 5:07-cv-05934-JF

- Resulted from a "bona fide error," even though the collector maintains procedures "reasonably adapted" to avoid such error. [15 USC § 1692k (c); Johnson v. Riddle (10th Cir. 2006) 443 F3d 723, 728—violation is unintentional for purposes of "bona fide error" defense where debt collector can establish lack of specific intent to violate]

The Declarations of Hendrickson and Love filed on the Motion to Dismiss heard concurrently with this Motion clearly support this irrefutable defense. Hendrickson is an officer of ICC and did not personally act in any manner in violation of the Act. Hendrickson's Declaration clearly shows that there are no other instances where ICC filed in an improper venue and he has instituted safeguards to prevent filings of lawsuits in improper venue. Hendrickson further states that Cioppa was an employee of ICC and did not personally take any action With respect to the filing of the Complaint in State Court that this Federal Court Action is based upon. In Love's declaration, he states that there are no other instances where ICC filed in an improper venue and he has instituted safeguards to prevent filings of lawsuits in improper venue.

# CONCLUSION

As such, the Motion to Strike the F.R.C.P. Rule 68 Offer should be denied.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:   April 4, 2008

LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON, LUIGI CIOPPA, and FRANKLIN J. LOVE

7

OPPOSITION TO MOTION TO STRIKE F.R.C.P.
RULE 68 OFFER; MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT THEREOF                  Case No: 5:07-cv-05934-JF

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On April 4, 2008, I served the foregoing document described as:

OPPOSITION TO MOTION TO STRIKE F.R.C.P. RULE 68 OFFER;
  MEMORANDUM OF POINTS AND AUTHORITIES IN
  SUPPORT THEREOF

on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

**SEE ATTACHED PROOF OF SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 4, 2008, at Orange, California, California.

_____
WADE KRAUS

## PROOF OF SERVICE LIST

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

O. Randolph Bragg, Esq.
Craig M. Shapiro, Esq.
Horwitz, Horwitz & Associates, LTD
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716