1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
    Craig M. Shapiro (IL Bar No. 6284475)
6   HORWITZ, HORWITZ & ASSOCIATES, LTD.
    25 East Washington Street, Suite 900
7   Chicago, Illinois  60602-1716
    Telephone Number: (312) 372-8822
8   Facsimile Number: (312) 372-1673
    Email Address: rand@horwitzlaw.com

9
    Attorneys for Plaintiff
10  CRIS JAO BRETANA

11

12              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                     SAN JOSE DIVISION

14  CRIS JAO BRETANA, on behalf of himself      Case No.  C07-05934-JF-HRL
    and all others similarly situated,
15
                                                PLAINTIFF'S MEMORANDUM OF
16                          Plaintiff,          POINTS AND AUTHORITIES IN
                                                OPPOSITION TO DEFENDANTS'
17  v.                                          MOTION TO DISMISS FIRST
                                                AMENDED COMPLAINT
18  INTERNATIONAL COLLECTION
    CORPORATION, a California corporation,      Date:        May 2, 2008
19  CHARLES D. HENDRICKSON,                     Time:        9:00 a.m.
    individually and in his official capacity,  Judge:       Honorable Jeremy Fogel
20  LUIGI CIOPPA, individually and in his       Courtroom:   3, 5th Floor
    official capacity, and FRANKLIN JAY         Place:       280 South First Street
21  LOVE, individually and in his official                   San Jose, California
    capacity,
22
                            Defendants.
23

24          COMES NOW the Plaintiff, CRIS JAO BRETANA, by and through counsel, Fred W.

25  Schwinn of the Consumer Law Center, Inc., and O. Randolph Bragg of the firm Horwitz, Horwitz

26  & Associates, LTD, and submits his Memorandum of Points and Authorities in Opposition to

27  Defendants' Motion to Dismiss First Amended Complaint.

28

1

# TABLE OF CONTENTS

2 TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3 TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4 NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6   1. Does the First Amended Complaint state claims against Defendants? . . . . . . . . . 2

7 ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8   A. Standard for Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9   B. Facts Outside the Complaint Are Not Considered on a Motion to Dismiss . . . . . 2

10   C. A Motion for Summary Judgment Is Premature In This Case . . . . . . . . . . . . . . . 3

11   D. The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations
12    of the FDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13   E. Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled
    Numerous Violations of the FDCPA, as Seen from the Perspective of the
14    "Least Sophisticated Consumer." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15     1. The First Amended Complaint Sufficiently Alleges that Defendants
      Improperly Sought to Collect Interest Plus a Check Fee. . . . . . . . . . . . . 7

16     2. The First Amended Complaint Sufficiently Alleges that Defendants
17      Improperly Sought to Apply California Dishonored Check Remedies
      to a Nevada Gambling Debt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18     3. The First Amended Complaint Sufficiently Alleges that Defendants
19      misrepresented the character, amount or legal status of the debt, in
      violation of 15 U.S.C. § 1692e(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20     4. The First Amended Complaint Sufficiently Alleges that Defendants
      misrepresented the compensation which may be lawfully received by
21      Defendants for the collection of the debt, in violation of 15 U.S.C. §
      1692e(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
22
     5. The First Amended Complaint Sufficiently Alleges that Defendants
23      attempted or threatened to collect interest in addition to a check fee
      from Plaintiff, an action that cannot legally be taken or that was not
24      intended to be taken, in violation of 15 U.S.C. § 1692e(5). . . . . . . . . . 11

25     6. The First Amended Complaint Sufficiently Alleges that Defendants
      threatened to communicate credit information regarding the debt,
26      which was known by Defendants to be false, to a consumer reporting
      agency, in violation of 15 U.S.C. § 1692e(8). . . . . . . . . . . . . . . . . . . . . 11
27
     7. The First Amended Complaint Sufficiently Alleges that Defendants
28      used false representations or deceptive means to collect or attempt to

1          collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10). . . . . . 12

2         8.     The First Amended Complaint Sufficiently Alleges that Defendants attempted or threatened to collect interest, fees or other charges from

3               Plaintiff that are not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. §

4               1692f(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5         9.     The First Amended Complaint Sufficiently Alleges that Defendants brought a legal action against Plaintiff to collect a consumer debt in

6               a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff

7               resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

8

9     F.     Because the California RFDCPA Incorporates Most of the Provisions of the Federal FDCPA by Reference, a Determination That Defendants Violated the

10        FDCPA Supports an Additional Award of Statutory Damages Under the RFDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

11   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# TABLE OF AUTHORITIES

## Cases

3   *Anderson v. Angelone*, 86 F.3d 932 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4   *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5   *Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

6   *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . 5, 6, 7

7   *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

8   *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 7

9   *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006) . . . . . . . . . . . . . . . . 7

10  *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

11  *Conley v. Gibson*, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

12  *Epstein v. Washington Energy Co.*, 83 F.3d 1136 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 2

13  *First Nat. Bank of Wellston v. Conway Road Estates Co.*, 94 F.2d 736
    (8th Cir. 1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
14

15  *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 4, 11, 13

    *Gibbs v. Buck*, 307 U.S. 66 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
16

17  *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007) . . . . . . . . . . . . . . 12

18  *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

19  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 944 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . 10

20  *Hamilton v. Abadjian*, 30 Cal. 2d 49 (Cal. 1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21  *Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031
    (W.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

22  *Hosseinzadeh v. M.R.S. Assocs.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . 14

23  *Hunt v. Check Recovery Systems*, 478 F. Supp. 2d 1157
    (N.D. Cal. 2007) (J. Jenkins) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 13
24

25  *Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26  *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288 (9th Cir. 1997),
    *amended on other grounds*, 128 F.3d 1305 (9th Cir. 1997),
27  *rev'd on other grounds*, 525 U.S. 432 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

28  *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1   *Kelly v. First Astri Corp.*, 72 Cal. App. 4th 462 (Cal. App. 4th Dist. 1999) . . . . . . . . . . . . . . 9, 10

2   *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468 (D. N.M. 1990) . . . . . . . . . . . . . . . . 6

3   *Lane & Pyron, Inc. v. Gibbs*, 266 Cal. App. 2d 61 (Cal. App. 3d Dist. 1968) . . . . . . . . . . . . . 10

4   *Lavick v. Nitzberg*, 83 Cal. App. 2d 381 (Cal. App. 1st Dist. 1948) . . . . . . . . . . . . . . . . . . . . . . . 10

5   *Metropolitan Creditors Service of Sacramento v. Sadri*,
    15 Cal. App. 4th 1821 (Cal. App. 1st Dist. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10
6

7   *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8   *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222 (C.D. Cal. 2007) . . . . . . . . . . . . . . 12

9   *Palmer v. Stassinos*, 348 F. Supp. 2d 1070 (N.D. Cal. 2004),
    clarified on reconsideration by *Palmer v. Stassinos*,
    419 F. Supp. 2d 1151 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
10

11  *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12  *Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609
    (D. Nev. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

13  *Polk Co. v. Glover*, 305 U.S. 5 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

14  *Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . 5, 6

15  *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

16  *Scheuer v. Rhodes*, 416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

17  *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 5

18  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . . . 5

19  *Swedberg v. Marotzke*, 339 F.3d 1139 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

20  *Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . . 6, 7

21  *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

22  *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 7

23  *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

24  *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

25  *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204 (N.D. Ga. 1981) . . . . . . . . . . 6

26  *Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

27  *Yudin v. Carroll*, 57 F. Supp. 793 (W.D. Ark. 1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28

1

**Statutes**

2  15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

3  15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4  15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

5  15 U.S.C. § 1692e(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

6  15 U.S.C. § 1692e(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7  15 U.S.C. § 1692e(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

8  15 U.S.C. § 1692e(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9  15 U.S.C. § 1692e(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10  15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11  15 U.S.C. § 1692f(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

12  15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13  15 U.S.C. § 1692i(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

14  Cal. Civil Code § 1788.13(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15  Cal. Civil Code § 1788.13(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

16  Cal. Civil Code § 1788.15(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

17  Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18  Cal. Civil Code § 1719 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

19

**Rules**

20  Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

21  Fed. R. Civ. P. 26(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22  Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

23

**Other**

24  Rose, *Gambling and the Law: Update 1993*, 15 Hastings Comm. & Ent. L.J. 93 (1992) . . . . . 10

25  Wright & Miller, Federal Practice and Procedure, Civil 2d § 1357 . . . . . . . . . . . . . . . . . . . . . . . 2

26

27

28

1

**<u>NATURE OF THE CASE</u>**

2      This case was brought by CRIS JAO BRETANA on behalf of himself and others similarly

3   situated against INTERNATIONAL COLLECTION CORPORATION, a debt collection agency,

4   CHARLES D. HENDRICKSON, the individual who owns, operates and manages the collection

5   agency, LUIGI CIOPPA, an employee of the collection agency who signed the subject collection

6   letters, and FRANKLIN JAY LOVE, an attorney employed by the collection agency to sue Plaintiff.

7   The Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

8   *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil

9   Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in

10  abusive, deceptive and unfair collection practices.  Plaintiff  seeks actual damages and statutory

11  damages on behalf of himself and similarly situated class members together with attorney fees and

12  costs pursuant to the FDCPA and RFDCPA.

13      This case arises out of several debt collection letters that were sent to Plaintiff by the

14  Defendants, and a state court collection complaint filed against Plaintiff by Defendants.  The alleged

15  debt being collected stemmed from a casino marker issued by Plaintiff to Harrah's Casino in Reno,

16  Nevada—the borrowed monies being used by Plaintiff for personal, family or household purposes.

17  Plaintiff alleges that the debt collection letters violate the FDCPA and RFDCPA by misrepresenting

18  the compensation which Defendants may lawfully receive for collection of the debt.  Plaintiff also

19  alleges that Defendants attempted or threatened to collect treble damages pursuant to Cal. Civil Code

20  § 1719, interest in addition to a returned check fee and attorney fees—all actions that cannot legally

21  be taken or that were not intended to be taken.  Plaintiff further alleges that Defendants

22  communicated or threatened to communicate credit information regarding the debt, which was

23  known by Defendants to be false, to a consumer reporting agency.  Finally, Plaintiff alleges that

24  Defendants used false representations or deceptive means to collect or attempt to collect the debt,

25  and Defendants attempted to collect or threatened to collect interest, fees or other charges from

26  Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise

27  permitted by law.

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**QUESTIONS PRESENTED**

1.    Does the First Amended Complaint state claims against Defendants?

**ARGUMENTS AND AUTHORITIES**

**A.    Standard for Motion to Dismiss**

Defendants have filed a motion to dismiss this action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In deciding a motion to dismiss, a district court must accept the facts alleged in the Complaint as true.[1]  When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of the complaint are to be taken as true and construed in the light most favorable to the nonmoving party.[2]  Generally, the Complaint should not be dismissed unless it appears that Plaintiff can prove no set of facts that would entitle him to relief.[3]

**B.    Facts Outside the Complaint Are Not Considered on a Motion to Dismiss**

Extraneous evidence should not be considered on a motion to dismiss.  "Where the enumerated sixth defense 'failure to state a claim upon which relief can be granted' is relied upon the court should determine the motion upon the allegations of the complaint and undisputed facts as they appear from the pleadings, orders and records of the case."[4]  "[A] court's role at the 12(b)(6) stage is not to decide winners and losers or evaluate the strength or weakness of claims.  Nor can a court resolve factual questions at the 12(b)(6) stage. We must accept as true the allegations in the complaint and decide only whether plaintiff has advanced potentially viable claims."[5]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

[2] *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

[3] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  *Also, see*: Wright & Miller, Federal Practice and Procedure, Civil 2d § 1357.

[4] *Yudin v. Carroll*, 57 F. Supp. 793, 794, (W.D. Ark. 1944), *citing, First Nat. Bank of Wellston v. Conway Road Estates Co.*, 94 F.2d 736 (8th Cir. 1938), *see also, Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. (1939), *Polk Co. v. Glover*, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6 (1938).

[5] *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir. 1997), *amended on other grounds*, 128 F.3d 1305 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) (internal citations omitted), *see also, Scheuer v. Rhodes*, 416 U.S. 232,236, 94

1    When a party submits extraneous evidence in support of a motion to dismiss, the court must

2    convert the motion into one for summary judgment **if** it chooses to consider this evidence.[6]

3    However, the motion is not automatically transformed into a motion for summary judgment by the

4    submission of extraneous evidence to the court.  "A Rule 12(b)(6) motion to dismiss supported by

5    extraneous materials cannot be regarded as one for summary judgment until the district court acts

6    to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those

7    materials from its consideration."[7]

8    ### C.    A Motion for Summary Judgment Is Premature In This Case

9    Defendants encourage this Court to treat their motion to dismiss as a motion for summary

10   judgment under Fed. R. Civ. P. 56 because declarations on matters outside the pleadings have been

11   filed with their motion.[8]  Defendants insist that:

12   > The Declarations that have been filed concurrently with this Motion clearly indicate
     > an absolute defense to this case.  In addition, Plaintiff has filed this as a class action,
13   > thus should be able to provide affidavits or declarations to contradict Defendants, if
     > they do exist.  The Defendants know of no other instances that they filed in an
14   > improper venue.  Without clear proof proffered to this Court by the Plaintiff, this
     > action has to be dismissed at this stage.[9]
15

16   Defendants' argument in support of turning their motion into one for summary judgment is

17   flawed for several reasons.  First, the assertion that, "Plaintiff has filed this as a class action, thus

18   should be able to provide affidavits or declarations to contradict Defendants . . . Defendants know

19   of no other instances that they filed in an improper venue" is specious because Plaintiff's claims

20   regarding this issue are <u>not</u> class claims, but individual claims of the named Plaintiff.[10]

21

22   S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail
23   but whether the claimant is entitled to offer evidence to support the claims.").

24   [6] *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

25   [7] *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003).

26   [8] <u>Memorandum of Points and Authorities in Support of Motion to Dismiss</u> (Doc. 11) at 4.

27   [9] *Id.*

28   [10] <u>First Amended Class Complaint</u> (Doc. 5) ¶ 78.

MEMORANDUM OF POINTS AND AUTHORITIES   -3-        Case No. C07-05934-JF-HRL

1     Second, even though Defendants have filed declarations regarding Plaintiff's class claims,

2  it is too early in the case to justify a motion for summary judgment on Defendants' affirmative

3  defense of bona fide error.  The FDCPA's bona fide error defense is an affirmative defense for

4  which Defendants bear the burden of proof,[11] and on which Plaintiff is entitled to seek discovery.[12]

5  Plaintiff has not had any opportunity to seek discovery regarding Defendants' bona fide error

6  defense, and therefore would not be in a position to offer any evidence in opposition to a motion for

7  summary judgment at this time.  Requiring Plaintiff to defend a motion for summary judgment

8  without the benefit of discovery is prejudicial, and goes against the purpose and intent of the Federal

9  Rules of Civil Procedure.  Should the Court consider matters outside the pleadings and convert this

10  Motion into one for summary judgment, Plaintiff requests the opportunity to engage in discovery

11  of Defendants before being required to respond.

12     For these reasons, it is premature for the Court to entertain a motion for summary judgment

13  regarding Defendants' bona fide error affirmative defense.  The Court should consider this as a

14  motion to dismiss under Fed. R. Civ. P. 12(b)(6).

15  **D.     The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations
       of the FDCPA.**

16

17     The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

18  by debt collectors."[13]  The statute is designed to protect consumers from unscrupulous collectors,

19  whether or not there is a valid debt.[14]  The FDCPA broadly prohibits unfair or unconscionable

20  collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

21  deceptive or misleading statements, in connection with the collection of a debt.[15]  The FDCPA also

22

23     [11]  See *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1517 (9th Cir. 1994).

24     [12]  Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter

25  that is relevant to any party's claim or defense . . .").

26     [13]  15 U.S.C. § 1692(e).

27     [14]  *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

28     [15]  15 U.S.C. §§ 1692d, 1692e, and 1692f.

requires the debt collector to provide the consumer with a notice of his or her validation rights.[16]

The United States Court of Appeals for the Ninth Circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated consumer."[17] The "least sophisticated consumer" standard is objective—not subjective.[18] Courts determine whether the "least sophisticated consumer" would be misled or deceived by the statements made in a collection letter as a matter of law.[19]

"The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[20] "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."[21]

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff."[22] "Because the Act imposes strict liability, a consumer need

---

[16] 15 U.S.C. § 1692g.

[17] *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

[18] *Swanson*, 869 F.2d at 1227.

[19] *Wade*, 87 F.3d at 1100; *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977); *Swanson*, 896 F.2d at 1225-26.

[20] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

[21] *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted); *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991); *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

[22] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

---

1  not show intentional conduct by the debt collector to be entitled to damages."[23]  Furthermore, the

2  question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

3  to the FDCPA.[24]

4     It is important to note that by protecting consumers from abusive, deceptive and unfair

5  collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

6  debt collection practices are not competitively disadvantaged.[25]  Moreover, the FDCPA further

7  insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable

8  and civil manner.[26]

9     Accordingly, Plaintiff asserts that whether or not Defendants violated the FDCPA must be

10  evaluated from the standpoint of the "least sophisticated consumer."

11     **E.    Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous
12       Violations of the FDCPA, as Seen from the Perspective of the "Least
       Sophisticated Consumer."**

13     To establish a violation of the FDCPA, one need only show that: (1) the plaintiff has been

14  the object of collection activity arising from a consumer debt, (2) the defendant collecting the "debt"

15  is a "debt collector" as defined in the Act, and (3) the defendant has engaged in any act or omission

16  in violation of the prohibitions or requirements of the Act.[27]  Plaintiff has pleaded each of these

17  elements: (1) Plaintiff is a consumer,[28] (2) Defendants are debt collectors,[29] and (3) Defendants

18

19     [23] *Russell*, 74 F.3d at 33;  *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

20
21     [24] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992);  *Baker*, 677 F.2d at 777.

22     [25] 15 U.S.C. § 1692(e).

23     [26] *Baker*, 677 F.2d at 777.

24     [27] *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990);  *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988);  *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997);  *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

25
26     [28] First Amended Class Complaint (Doc. 5) ¶¶ 6, 57 and 73.

27     [29] First Amended Class Complaint (Doc. 5) ¶¶ 7-10, 58-60 and 74-76.  The alleged debt
28  arises from a marker Mr. Bretana made to Harrah's Casino in Reno, Nevada.  A marker serves the

violated various sections of the FDCPA.[30]

The FDCPA is a strict liability statute.[31]  Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat a motion to dismiss and support summary judgment for a Plaintiff.[32]  In light of this strict liability standard, a consumer need not show intentional conduct by the debt collector in order to be entitled to damages,[33] and there are no unimportant violations.[34]  Further, no proof of deception or actual damages is required to obtain statutory remedies.[35]

> **1.     The First Amended Complaint Sufficiently Alleges that Defendants Improperly Sought to Collect Interest Plus a Check Fee.**

The allegations in the First Amended Complaint, which must be taken as true for purposes of this motion, are that "Defendants attempted or threatened to collect interest in addition to a check fee from Plaintiff."[36]  The First Amended Complaint also alleges that "Defendants falsely represented that Defendants were lawfully entitled to interest in addition to a check fee,"[37] and that

---

same purpose as a personal check.  Thus, Mr. Bretana's marker is a debt covered by the FDCPA and RFDCPA.  *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997).

[30]  First Amended Class Complaint (Doc. 5) ¶¶ 62 and 78.

[31]  *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006).

[32]  *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation"); *See also Cacace v. Luca*s, 775 F. Supp. 502, 505 (D. Conn. 1990); *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993).

[33]  *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997).  *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

[34]  *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to comply with any provision of the FDCPA" leads to liability).

[35]  *Baker*, 677 F.2d at 780.

[36]  First Amended Class Complaint (Doc. 5) ¶¶ 62(d) and 70(d).

[37]  First Amended Class Complaint (Doc. 5) ¶¶ 62(g), 62(j), 70(g) and 70(j).

---

MEMORANDUM OF POINTS AND AUTHORITIES   -7-                          Case No. C07-05934-JF-HRL

1   "Defendants attempted or threatened to collect interest, fees or other charges from Plaintiff that are

2   not expressly authorized by the agreement creating the debt or otherwise permitted by law."[38]

3   Therefore, the Complaint alleges that Defendants improperly sought to collect interest plus a check

4   fee from Plaintiff and members of the class he seeks to represent.

5       This Court has already held that the collection of interest plus a check fee constitutes a

6   violation of the FDCPA in the case *Hunt v. Check Recovery Systems*.[39]  There, the Court explained

7   that "the central issue for purposes of the pending motions is whether a debt collector, like

8   Defendant, may demand statutory charges pursuant to California Civil Code § 1719, in addition to

9   the debt amount and interest."[40]

10      Cal. Civil Code § 1719, the statute which provides California's procedures for collecting

11  dishonored checks "permits a creditor to collect (1) a service charge of $25, and (2) treble the

12  amount of the bounced check if the creditor sends the debtor a certified letter giving him or her thirty

13  days to pay the amount due."[41]  "In dictum, the Ninth Circuit stated, '[t]hese are the only remedies

14  available to a creditor when a California resident bounces a check.'"[42]  Therefore, collecting interest

15  would be outside of the exclusive remedies provided by Cal. Civil Code § 1719, and therefore be

16  an action which cannot legally be taken.

17      After a careful review of the language and history of Cal. Civil Code § 1719, the Court

18  agreed with the decision in *Palmer v. Stassinos,*[43] a case which was nearly identical to the issues and

19  arguments raised in *Hunt*,[44] and determined that "§ 1719 created a mandatory and exclusive recovery

20

21      [38]  First Amended Class Complaint (Doc. 5) ¶¶ 62(k) and 70(k).

22      [39]  478 F. Supp. 2d 1157 (N.D. Cal. 2007) (J. Jenkins).

23      [40]  *Hunt*, 478 F. Supp. 2d at 1161.

24      [41]  *Hunt*, 478 F. Supp. 2d at 1162.

25      [42]  *Hunt*, 478 F. Supp. 2d at 1162, *citing, Irwin v. Mascott*, 370 F.3d 924, 927 (9th Cir. 2004).

26      [43]  348 F. Supp. 2d 1070 (N.D. Cal. 2004), clarified on reconsideration by *Palmer v.*

27  *Stassinos*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005).

28      [44]  *Hunt*, 478 F. Supp. 2d at 1161.

1   scheme that did not provide for additional collection of interest on a dishonored check."[45]  The court

2   therefore held that the defendant debt collector had violated 15 U.S.C. §§ 1692e(2)(A) and

3   1692f(1).[46]

4               **2.    The First Amended Complaint Sufficiently Alleges that Defendants
                        Improperly Sought to Apply California Dishonored Check Remedies to**
5                       **a Nevada Gambling Debt**.

6           The allegations in the First Amended Complaint, which must be taken as true for purposes

7   of this motion, are that "Defendants attempted or threatened to collect treble damages from Plaintiff

8   pursuant to Cal. Civil Code § 1719."[47]  The First Amended Complaint also alleges that, "Defendants

9   attempted or threatened to collect attorney fees from Plaintiff."[48]  The basis of the illegality in both

10  of these allegations is that Defendants attempted to apply California dishonored check law to

11  gambling debts which arose from a transactions in the state of Nevada.   Attempting to apply

12  California dishonored check remedies to a gambling debt which arose in the state of Nevada is

13  unlawful under California law.  Gambling debts have **never** been legally enforceable in the state of

14  California.[49]

15          The owner of a gambling house who honors a check for the purpose of providing a
            prospective customer with funds with which to gamble and who then participates in
16

17      [45]  *Hunt*, 478 F. Supp. 2d at 1161, 1167 ("This Court agrees with the court's analysis in
18  *Stassinos* regarding § 1719's legislative history.  After examining the legislative history, the Court
    finds that 'except as otherwise provided in subsections (a) and (k), the section 1719 remedies are
19  both mandatory and exclusive.'").

20      [46]  *Hunt*, 478 F. Supp. 2d at 1169.

21      [47]  First Amended Class Complaint (Doc. 5) ¶¶ 20, 31, 38, 62(c) and 70(c).

22
        [48]  First Amended Class Complaint (Doc. 5) ¶¶ 62(e) and 70(e).
23

24      [49]  *Metropolitan Creditors Service of Sacramento v. Sadri*, 15 Cal. App. 4th 1821, 1824 (Cal.
    App. 1st Dist. 1993) ("California has always had a strong public policy against judicial enforcement
25  of gambling debts, going back virtually to the inception of statehood.  This prohibition is deeply
    rooted in Anglo-American jurisprudence, originating in England in 1710 in the Statute of Anne,
26  which made gambling debts 'utterly void, frustrate, and of none effect, to all intents and purposes
    whatsoever . . . .' (9 Anne, ch. 14, § 1.)");  *See also, Kelly v. First Astri Corp.*, 72 Cal. App. 4th 462,
27  490 (Cal. App. 4th Dist. 1999) ("California's public policy against judicial resolution of civil claims
    arising out of gambling contracts or transactions absent a statutory right to bring such claims, applies
28  to all forms of gambling, whether legal or illegal.").

1    the transaction thus promoted by his act cannot recover on the check.[50]

2    Therefore, Defendants violated the FDCPA by attempting to apply dishonored check California law

3    to a Nevada gambling debt.

4            **3.    The First Amended Complaint Sufficiently Alleges that Defendants misrepresented the character, amount or legal status of the debt, in**
5            **violation of 15 U.S.C. § 1692e(2)(A).**

6         The allegations in the First Amended Complaint, which must be taken as true for purposes

7    of this motion, are that "Defendants misrepresented the character, amount, or legal status of the

8    alleged debt in the collection letter."[51]    These allegations parallel the language of 15 U.S.C. §

9    1692e(2)(A), and therefore must be sufficient to state a claim for which relief could be granted by

10   this Court.[52]    As explained above, Defendants misrepresented the right to collect interest plus a

11   check fee.    Therefore Defendants' motion to dismiss must fail as to this issue.

12           **4.    The First Amended Complaint Sufficiently Alleges that Defendants misrepresented the compensation which may be lawfully received by**
13           **Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B).**
14

15        The allegations in the First Amended Complaint, which must be taken as true for purposes

16   of this motion, are that "Defendants misrepresented the compensation which may be lawfully

17   received by Defendants for the collection of the debt."[53]    These allegations parallel the language of

18   15 U.S.C. § 1692e(2)(B), and therefore must be sufficient to state a claim for which relief could be

19   _____

20       [50]  *Hamilton v. Abadjian*, 30 Cal. 2d 49, 52 (Cal. 1947), *see also* Cal. Civil Code § 1667;
     *Lavick v. Nitzberg*, 188 P.2d 758, 83 Cal. App. 2d 381 (Cal. App. 1st Dist. 1948);  *Lane & Pyron,*
21   *Inc. v. Gibbs*, 266 Cal. App. 2d 61 (Cal. App. 3d Dist. 1968);  *Metropolitan Creditors Service of*
     *Sacramento v. Sadri*, 15 Cal. App. 4th 1821, 1832 (Cal. App. 1st Dist. 1993);  *Kelly v. First Astri*
22   *Corp.*, 72 Cal. App. 4th 462, 477 (Cal. App. 4th Dist. 1999) ("California has a strong, broad, and
     long-standing public policy against judicial resolution of civil disputes arising out of gambling
23   contracts or transactions."); Rose, *Gambling and the Law: Update 1993*, 15 Hastings Comm. & Ent.
     L.J. 93, 95 (1992) ("Even while legal gambling spreads throughout the country, the public policy
24   of virtually every state makes legal gambling debts unenforceable, treating a casino marker the same
     as a contract for prostitution.").
25

26       [51]  First Amended Class Complaint (Doc. 5) ¶¶ 62(a) and 70(a).

27       [52]  See *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 944 (9th Cir. 2007).

28       [53]  First Amended Class Complaint (Doc. 5) ¶¶ 62(b) and 70(b).

1   granted by this Court.  As explained above, Defendants attempted to seek attorney fees under

2   California dishonored check law, a remedy which is not available for a Nevada gambling debt.

3   Therefore, Defendants' motion to dismiss must fail as to this issue.

4           **5.    The First Amended Complaint Sufficiently Alleges that Defendants attempted or threatened to collect interest in addition to a check fee from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).**

5

6

7           The allegations in the First Amended Complaint, which must be taken as true for purposes

    of this motion, are that "Defendants attempted or threatened to collect interest in addition to a check
8
    fee from Plaintiff, an action that cannot legally be taken or that was not intended to be taken"[54] and
9
    that "Defendants attempted or threatened to collect treble damages from Plaintiff pursuant to Cal.
10
    Civil Code § 1719."[55]  These allegations parallel the language of 15 U.S.C. § 1692e(5), and therefore
11
    must be sufficient to state a claim for which relief could be granted by this Court.[56]  As explained
12
    above, Defendants attempted the to collect interest plus a check fee from Plaintiff, an action which
13
    cannot legally be taken under Cal. Civil Code § 1719.  Defendants also attempted to collect treble
14
    damages under California dishonored check law, a remedy which is not available to a Nevada
15
    gambling debt and could not be legally taken.  Therefore Defendants' motion to dismiss must fail
16
    as to this issue.
17
            **6.    The First Amended Complaint Sufficiently Alleges that Defendants threatened to communicate credit information regarding the debt, which was known by Defendants to be false, to a consumer reporting agency, in violation of 15 U.S.C. § 1692e(8).**
18

19

20          The allegations in the First Amended Complaint, which must be taken as true for purposes

21  of this motion, are that "Defendants threatened to communicate credit information regarding the

22  debt, which was known by Defendants to be false, to a consumer reporting agency."[57]  These

23  allegations parallel the language of 15 U.S.C. § 1692e(8), and therefore must be sufficient to state

24  _____

25      [54]  First Amended Class Complaint (Doc. 5) ¶¶ 62(d) and 70(d).

26      [55]  First Amended Class Complaint (Doc. 5) ¶¶ 20, 31, 38, 62(c) and 70(c).

27      [56]  See *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994).

28      [57]  First Amended Class Complaint (Doc. 5) ¶¶ 62(f) and 70(f).

_____

MEMORANDUM OF POINTS AND AUTHORITIES -11-                    Case No. C07-05934-JF-HRL

1   a claim for which relief could be granted by this Court.[58]  Therefore Defendants' motion to dismiss

2   must fail as to this issue.

3       **7.    The First Amended Complaint Sufficiently Alleges that Defendants used
            false representations or deceptive means to collect or attempt to collect
            a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).**

4

5       The allegations in the First Amended Complaint, which must be taken as true for purposes

6   of this motion, are that "Defendants used false representations or deceptive means to collect or

7   attempt to collect a debt"[59] and that "Defendants falsely represented that Defendants were entitled

8   to collect treble damages from Plaintiff pursuant to Cal. Civil Code § 1719."[60]  These allegations

9   parallel the language of 15 U.S.C. §§ 1692e and 1692e(10), and therefore must be sufficient to state

10  a claim for which relief could be granted by this Court.[61]  As explained above, Defendants falsely

11  represented that they were lawfully entitled to collect interest plus a check fee from Plaintiff, an

12  action which cannot legally be taken under Cal. Civil Code § 1719.  Defendants also falsely

13  represented the ability to collect treble damages under California dishonored check law, a remedy

14  which is not legally available for a Nevada gambling debt. Therefore, Defendants' motion to dismiss

15  must fail as to this issue.

16      **8.    The First Amended Complaint Sufficiently Alleges that Defendants
            attempted or threatened to collect interest, fees or other charges from
            Plaintiff that are not expressly authorized by the agreement creating the
            debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).**

17

18

19      The allegations in the First Amended Complaint, which must be taken as true for purposes

20  of this motion, are that "Defendants attempted or threatened to collect interest, fees or other charges

21  from Plaintiff that are not expressly authorized by the agreement creating the debt or otherwise

    permitted by law."[62]  These allegations parallel the language of 15 U.S.C. § 1692f(1), and therefore

22

23

24      [58]  See *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1233 (C.D. Cal. 2007).

25      [59]  First Amended Class Complaint (Doc. 5) ¶¶ 62(j) and 70(j).

26      [60]  First Amended Class Complaint (Doc. 5) ¶¶ 62(i) and 70(i).

27      [61]  See *Gonzales v. Arrow Fin. Servs. LLC*, 489 F.Supp.2d 1140, 1152-53 (S.D. Cal. 2007).

28      [62]  First Amended Class Complaint (Doc. 5) ¶¶ 62(k) and 70(k).

1    must be sufficient to state a claim for which relief could be granted by this Court.[63]   As explained

2    above, Defendants attempted to collect interest plus a check fee from Plaintiff, an action that is not

3    permitted under Cal. Civil Code § 1719.  *Id.*  Therefore, Defendants' motion to dismiss must fail as

4    to this issue.

5              **9.        The First Amended Complaint Sufficiently Alleges that Defendants
                        brought a legal action against Plaintiff to collect a consumer debt in a
6                       judicial district other than the judicial district in which Plaintiff signed
                        the contract sued on or in the judicial district in which Plaintiff resided
7                       at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).**

8              Defendants argue that, "The alleged claim is substantially based upon the fact that a lawsuit

9    was brought against the Plaintiff in the wrong venue.  The Motion to Dismiss is based upon the facts

10   that the Defendants can have an absolute defense to the Complaint based upon the fact that they have

11   placed safeguards in their respective procedures to avoid violations of the [FDCPA]."[64]

12             The allegations of the First Amended Complaint which must be taken as true for the purposes

13   of this motion are that "Defendants brought a legal action against Plaintiff to collect a consumer debt

14   in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or

15   in the judicial district in which Plaintiff resided at the commencement of the action."[65]   These

16   allegations parallel the language of 15 U.S.C. § 1692i(a), and therefore must be sufficient to state

17   a claim for which relief could be granted by this Court.[66]   Further, as explained above, the proffered

18   "facts" which purport to show that "Defendants can have an absolute defense" to the First Amended

19   Complaint cannot be considered for a motion under Fed. R. Civ. P. 12(b)(6) which tests only the

20   legal sufficiency of the allegations in the First Amended Complaint, additional evidence may not

21

22

23

24         [63]  See *Hunt v. Check Recovery Sys.*, 478 F. Supp. 2d 1157.

25         [64]  Memorandum of Points and Authorities in Support of Motion to Dismiss (Doc. 11) at 2:9-
26   13.

27         [65]   First Amended Class Complaint (Doc. 5) ¶¶ 78(a) and 87(a).

28         [66]  See *Fox v. Citicorp Credit Servs.*, 15 F.3d at 1511.

1    be considered.[67]

2        Even if the Court were to entertain the declarations submitted by Defendants on this issue,

3    the facts alleged in the First Amended Complaint state a claim against these Defendants.  Plaintiff

4    resided in Santa Clara County at the time Defendants filed the collection lawsuit against him.

5    However, Defendants filed the collection lawsuit in Sacramento County, a judicial district other than

6    the one which Plaintiff resided at the commencement of the action.  This clearly states a violation

7    of 15 U.S.C. § 1692i(a).

8        **F.    Because the California RFDCPA Incorporates Most of the Provisions of the
              Federal FDCPA by Reference, a Determination That Defendants Violated the
9             FDCPA Supports an Additional Award of Statutory Damages Under the
              RFDCPA.**
10

11       Where a debt collector has violated the FDCPA, the debt collector likewise violates the

12   RFDCPA.[68]  The provisions of the FDCPA are incorporated into the RFDCPA California Civil Code

13   Sec.1788 *et. seq.*[69]  Therefore, properly alleging a violation of the FDCPA also properly alleges a

14   violation of the RFDCPA.[70]  Additionally, Plaintiff has alleged valid claims against Defendants for

15   violating Cal. Civil Code §§ 1788.13(e), 1788.13(f) and 1788.15(b).

16                                    <u>**CONCLUSION**</u>

17       The First Amended Complaint filed in this case properly alleges a number of violations of

18   the FDCPA and RFDCPA, any one of which exposes all named Defendants to liability.  Therefore,

19   Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety and

20   find that Plaintiff's First Amended Complaint states claims upon which relief can be granted by this

21

22
          [67]  *Scheuer v. Rhodes*, 416 U.S. 232,236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ("The
23   issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer
     evidence to support the claims."); *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir.
24   1997), *amended on other grounds*, 128 F.3d 1305 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S.
     432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999).
25

26        [68]  *Hosseinzadeh v. M.R.S. Assocs.*, 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005).

27        [69]  Cal. Civ. Code § 1788.17.

28        [70]  Cal. Civ. Code § 1788.17.

1   Honorable Court.

2

3                     Respectfully submitted,

4

5                     By: /s/ Fred W. Schwinn
                    Fred W. Schwinn (SBN 225575)

6                     CONSUMER LAW CENTER, INC.
                    12 South First Street, Suite 1014

7                     San Jose, California  95113-2418
                    Telephone Number: (408) 294-6100

8                     Facsimile Number: (408) 294-6190
                    Email Address: fred.schwinn@sjconsumerlaw.com

9

10                   O. Randolph Bragg (IL Bar No. 6221983)
                    Craig M. Shapiro (IL Bar No. 6284475)

11                   HORWITZ, HORWITZ & ASSOCIATES, LTD.
                    25 East Washington Street, Suite 900

12                     Chicago, Illinois  60602-1716
                    Telephone Number: (312) 372-8822

13                   Facsimile Number: (312) 372-1673
                    Email Address: rand@horwitzlaw.com

14                   Attorneys for Plaintiff
                    CRIS JAO BRETANA

15

16

17

18

19

20

21

22

23

24

25

26

27

28