1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
    Craig M. Shapiro (IL Bar No. 6284475)
6   HORWITZ, HORWITZ & ASSOCIATES, LTD.
    25 East Washington Street, Suite 900
7   Chicago, Illinois  60602-1716
    Telephone Number: (312) 372-8822
8   Facsimile Number: (312) 372-1673
    Email Address: rand@horwitzlaw.com

9
    Attorneys for Plaintiff
10  CRIS JAO BRETANA

11

12                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                           SAN JOSE DIVISION

14  CRIS JAO BRETANA, on behalf of himself        Case No.  C07-05934-JF-HRL
    and all others similarly situated,
15
                                                  REPLY MEMORANDUM OF POINTS
16                          Plaintiff,            AND AUTHORITIES IN SUPPORT OF
                                                  MOTION FOR ORDER STRIKING
17  v.                                            DEFENDANTS' OFFER OF
                                                  JUDGMENT
18  INTERNATIONAL COLLECTION
    CORPORATION, a California corporation,
19  CHARLES D. HENDRICKSON,                        Date:       May 2, 2008
    individually and in his official capacity,     Time:       9:00 a.m.
20  LUIGI CIOPPA, individually and in his          Judge:      Honorable Jeremy Fogel
    official capacity, and FRANKLIN JAY            Courtroom:  3, 5th Floor
21  LOVE, individually and in his official         Place:      280 South First Street
    capacity,                                                  San Jose, California
22
                            Defendants.
23

24          Defendants International Collection Corporation (hereinafter "ICC") , Charles D.

25  Hendrickson, Luigi Cioppa, Franklin Jay Love have filed their Opposition to Motion to Strike

26  F.R.C.P. Rule 68 Offer of Judgment.  (Hereinafter "Opposition") Docket No. 19.  This Reply is

27  limited to respond to the matters raised by Defendants' Opposition.  Plaintiff Cris Jao Bretana also

28  relies on his previously filed Memorandum in Support of Plaintiff's Motion to Strike Offer of

                                           -1-

1  Judgment. Doc. 16.

2  Within a month of Plaintiff's assertion of class claims in the First Amended

3  Complaint, Defendants made an offer of judgment to the individual Plaintiff, but nothing for the

4  class, in an effort to "pick off" Mr. Bretana and moot this putative class action. This is improper.

5  Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless

6  the motion for class certification is unduly delayed. *Weiss v. Regal Collections*, 385 F.3d 337, 340

7  (3d Cir. 2004). Therefore, Defendants' Offer of Judgment should be stricken. *Sampaio v. People*

8  *First Recoveries, LLC*, 2008 WL 509255, 2008 U.S. Dist. LEXIS 17110 (S.D. Fla., Feb. 19, 2008);

9  *Jenkins v. General Collection Co.*, 246 F.R.D. 600 (D. Neb. 2007); *Zeigenfuse v. Apex Asset Mgmt.,*

10  *LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006).

11  **POINTS AND AUTHORITIES**

12  Defendants mischaracterize this case as a claim for "a lawsuit . . . brought against

13  Plaintiff in the wrong venue." Opposition at p. 2. Defendants are wrong. A review of the First

14  Amended Class Complaint (Doc. 5) plainly reveals that it challenges Defendants' practice seeking

15  to collect both a return check fee and interest on dishonored checks or markers written outside the

16  State of California in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

17  (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code

18  § 1788 *et seq.* (hereinafter "RFDCPA"). *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157 (N.D.

19  Cal. 2007).

20  First Defendants argue that some (Illinois) District Courts have accepted a motion

21  for class certification filed within ten (10) days of an offer of judgment in order to overcome an offer

22  of judgment to the individual plaintiff. Opposition at pp. 4-5. This is unnecessary.

23  An offer of judgment to the individual in a purported class action is improper. *Weiss*

24  *v. Regal Collections*, 385 F.3d at 344-45. Therefore, Defendants' Offer of Judgment should be

25  stricken. *Sampaio v. People First Recoveries, LLC*, 2008 WL 509255 at *3; *Jenkins v. General*

26  *Collection Co.*, 246 F.R.D. at 603; *Zeigenfuse v. Apex Asset Mgmt., LLC*, 239 F.R.D. at 403.

27  Defendants' Offer of Judgment was presented to Plaintiff's counsel on March 6,

28  2008. On March 14, 2008, Mr. Bretana in his Motion to Strike, has alternatively moved the Court

-2-

1    to certify this matter as a class action with briefing stayed until completion of class discovery. Doc.

2    16. Thus, Plaintiff has moved for certification of this matter as a class action within the ten (10)

3    days to accept Defendants' Offer of Judgment. Therefore, Mr. Bretana has also complied with the

4    Illinois District Court cases cited by Defendants.

5           Defendants second argument is that they have a bona fide error defense to the claim

6    of improper venue. Opposition at pp. 5-6. Again Defendants are wrong.

7           The purported bona fide error defense is not relevant to Plaintiff's Motion to Strike

8    Offer of Judgment. Whether Defendants intended to violate the FDCPA and RFDCPA or has

9    procedures adapted to prevent such violations has no bearing on the question of whether Defendants

10   Offer of Judgment is proper or not.

11          Evidence outside the pleading, *i.e.* – Defendants' affidavits, may not be consider for

12   the purpose of Defendants' Motion to Dismiss. *Epstein v. Washington Energy Co.*, 83 F.3d 1136,

13   1140 (9th Cir. 1996).

14          Discovery has not yet begun in this litigation, thereby preventing Plaintiff from

15   investigation of Defendants' claims regarding a bona fide error defense.

16          Thus, Defendants' purported bona fide error defense is of no consequence with regard

17   to Plaintiff's Motion to Strike.

18                     **II.   <u>CONCLUSION</u>**

19          Defendants' Offer of Judgment should be stricken as conflicting with the rights and

20   duties of Mr. Bretana and the class members.

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES            Case No. C07-05934-JF-HRL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOC., LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

REPLY MEMORANDUM OF POINTS AND AUTHORITIES                    Case No.  C07-05934-JF-HRL