1
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2
12 South First Street, Suite 1014
San Jose, California 95113-2418
3
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4
Email Address: fred.schwinn@sjconsumerlaw.com

5
O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
Craig M. Shapiro (IL Bar No. 6284475)
6
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
7
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
8
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com
9

10
Attorneys for Plaintiff
CRIS JAO BRETANA
11

12
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13
**SAN JOSE DIVISION**

14
CRIS JAO BRETANA, on behalf of himself          Case No. C07-05934-JF-HRL
and all others similarly situated,
15

16
                                    Plaintiff,   **JOINT CASE MANAGEMENT**
                                                 **STATEMENT AND FEDERAL RULE**
17
v.                                               **OF CIVIL PROCEDURE 26(f)**
                                                 **DISCOVERY PLAN**
18
INTERNATIONAL COLLECTION
CORPORATION, a California corporation,           Date:        May 2, 2008
19
CHARLES D. HENDRICKSON,                          Time:        10:30 a.m.
individually and in his official capacity,       Judge:       Honorable Jeremy Fogel
20
LUIGI CIOPPA, individually and in his            Courtroom:   3, 5th Floor
official capacity, and FRANKLIN JAY              Place:       280 South First Street
21
LOVE, individually and in his official                        San Jose, California
capacity,
22
                                    Defendants.

23

24      The parties in the above-entitled action hereby submit this Joint Case Management Statement

25 and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

26 conference to be conducted in this matter on May 2, 2008, at 10:30 a.m.

27      **1.      Jurisdiction and Service**

28      The basis for the Court's subject matter jurisdiction is federal question jurisdiction. No

-1-

1    parties remain to be served.

2        **2.    Statement of Facts**

3            **a.    Plaintiff's Statement**

4            This is a class action case brought by an individual consumer, on behalf of himself and all

5    others similarly situated, to address Defendants' violations of the Fair Debt Collection Practices Act,

6    15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices

7    Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA").  The violations stem from

8    Defendants' communications attempting to collect a consumer debt from Plaintiff.  Correspondence

9    between the parties has been attached to the Complaint as exhibits.

10           Generally, Plaintiff is alleged to have incurred a financial obligation, namely a casino marker

11   issued by Plaintiff to Harrah's Casino in Reno, Nevada, which was sold, assigned or otherwise

12   transferred to Defendants.  Thereafter, Defendants began a letter writing campaign in an attempt to

13   collect the alleged debt.  Defendants sent a collection letter to Plaintiff (Exhibit "1") which stated:

14           Our attorneys have advised us that under California law 1719 Civil Code, states that
             unless cash or certified funds in the amount of your NSF check(s) plus the cost of
15           $25.00 for each returned item is received by us in 30 days from the date of this letter,
             we are entitled to recover for our client, the amount of the check(s), plus treble
16           damages up to $1500.00 for each bad check.

17           If suit is filed, you will also be responsible for interest, court costs, and service for
             process fees.  The court may also award us attorney fees.
18

19           Thereafter, Defendants sent a second collection letter to Plaintiff (Exhibit "2") which stated:

20           WE WOULD LIKE TO REMIND YOU THAT THIS DEROGATORY
             INFORMATION COULD STAY ON YOUR CREDIT REPORT FOR SEVERAL
21           YEARS.

22           Thereafter Defendants sent a third collection letter to Plaintiff (Exhibit "3") which stated:

23           BEFORE COMMENCING A LAWSUIT THROUGH THE OFFICES OF
             FRANKLIN LOVE, I AM OFFERING YOU THIS FINAL OPPORTUNITY TO
24           PAY THIS ACCOUNT IN FULL OR TO MAKE SATISFACTORY PAYMENT
             ARRANGEMENTS.
25
             IF PAYMENT OR SATISFACTORY ARRANGEMENTS ARE NOT MADE
26           WITHIN 10 DAYS HEREOF, I HAVE BEEN INSTRUCTED TO CONSIDER
             FILING A LAWSUIT THROUGH OUR LAWYER AGAINST YOU.  SHOULD
27           A LAWSUIT BE INITIATED, YOU COULD BE HELD TO PAY NOT ONLY
             THE PRINCIPAL SUM, BUT ALSO INTEREST, ATTORNEY FEES WHERE
28           APPLICABLE AND COSTS OF SUIT.  MR. LOVE HAS STATED THAT

1   SHOULD A LAWSUIT BE FILED A JUDGMENT COULD BE ISSUED, WHICH

2   COULD HAVE THE CONSEQUENCE OF SUBJECTING CERTAIN OF YOUR
    ASSETS TO GARNISHMENT OR SEIZURE.  IN ADDITION, THIS ENTIRE

3   MATTER COULD HAVE A NEGATIVE IMPACT ON YOUR CREDIT RATING.

4      Thereafter, Defendants filed a lawsuit against Plaintiff in the Superior Court of California,

5   County of Sacramento, entitled *International Collection Corporation v. Cris Bretana, et al.*, Case

6   No. 07-AM-04820 (hereinafter the "*International Collection Corporation v. Bretana* complaint"),

7   which sought to collect "$1,500.00 together with interest thereon at the rate of 10 per cent per annum

8   from June 6, 2006," "attorney fees of $180.00" and "treble damages of $1,500.00."  After being

9   served with the *International Collection Corporation v. Bretana* complaint, Plaintiff retained legal

10  counsel, thereby incurring actual pecuniary damages.

11     Plaintiff brings this action on behalf of two classes of all other persons similarly situated.

12  Plaintiff tentatively defines the Exhibit "1" class as (i) all persons who were sent at an address in

13  California, (ii) a letter from Defendants in the form of Exhibit "1," (iii) regarding an alleged debt

14  on a dishonored check or marker written outside the State of California allegedly due Harrah's

15  Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or household purposes (v) which

16  was not returned undelivered by the U.S. Post Office (vi) during the one year period before filing

17  this action, i.e. November 26, 2006, through the date of certification.

18     Plaintiff tentatively defines the Exhibit "3" class as (i) all persons who were sent at an

19  address in California, (ii) a letter from Defendants in the form of Exhibit "3," (iii) regarding an

20  alleged debt on a dishonored check or marker written outside the State of California allegedly due

21  Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or household purposes

22  (v) which was not returned undelivered by the U.S. Post Office (vi) during the one year period

23  before filing this action, i.e. November 26, 2006, through the date of certification.

24     Plaintiff contends that the classes are so numerous that joinder of all members is impractical.

25  On information and belief, collection letters in the form of Exhibit "1" and Exhibit "3" have been

26  sent to hundreds of California class members.

27     **b.    Defendants' Statement**

28     Franklin Love dismissed the lawsuit when informed that it was filed in the proper venue.

-3-

1   Except for this case, Mr. Love has not filed any case in an improper venue. Mr. Love also maintains

2   safeguards in his office to prevent errors in filing in a wrong jurisdiction. The same is true for ICC.

3   There are no facts to support any class action status.

4       **3.      Legal Issues**

5           **a.      Plaintiff's Statement**

6       The common questions to the classes include:

7               a.      Whether Defendants are debt collectors;

8               b.      Whether Defendants misrepresented the character, amount or legal

9                       status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

10              c.      Whether Defendants threatened to take action not intended to be

11                      taken or that could not legally be taken, in violation of 15 U.S.C. §

12                      1692e(5);

13              d.      Whether Defendants used false representations or deceptive means

14                      to collect or attempt to collect a debt, in violation of 15 U.S.C. §§

15                      1692e and 1692e(10); and

16              e.      Whether Defendants attempted to collect an amount not expressly

17                      authorized by contract or law, in violation of 15 U.S.C. § 1692f(1).

18      The principal legal issues which the parties dispute:

19          As to the class claim against Defendants, ICC, HENDRICKSON and CIOPPA:

20              a.      Whether Defendants misrepresented the character, amount or legal

21                      status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), Cal. Civil

22                      Code § 1788.17 and Cal. Civil Code § 1788.13(e);

23              b.      Whether Defendants misrepresented the compensation which may be

24                      lawfully received by Defendants for the collection of the debt, in

25                      violation of 15 U.S.C. § 1692e(2)(B), Cal. Civil Code § 1788.17 and

26                      Cal. Civil Code § 1788.13(e);

27              c.      Whether Defendants attempted or threatened to collect treble

28                      damages from Plaintiff pursuant to Cal. Civil Code § 1719, an action

-4-

1     that cannot legally be taken or that was not intended to be taken, in

2     violation of 15 U.S.C. §1692e(5), Cal. Civil Code § 1788.17 and Cal.

3     Civil Code § 1788.13(e);

4     d.     Whether Defendants attempted or threatened to collect interest in

5            addition to a check fee from Plaintiff, an action that cannot legally be

6            taken or that was not intended to be taken, in violation of 15 U.S.C.

7            § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code §

8            1788.13(e);

9     e.     Whether Defendants attempted or threatened to collect attorney fees

10           from Plaintiff, an action that cannot legally be taken or that was not

11           intended to be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil

12           Code § 1788.17 and Cal. Civil Code § 1788.13(e);

13    f.     Whether Defendants threatened to communicate credit information

14           regarding the debt, which was known by Defendants to be false, to a

15           consumer reporting agency, in violation of 15 U.S.C. § 1692e(8), Cal.

16           Civil Code § 1788.17 and Cal. Civil Code § 1788.13(f);

17    g.     Whether Defendants falsely represented that Defendants were

18           lawfully entitled to interest in addition to a check fee, in violation of

19           15 U.S.C. §§ 1692e and 1692e(10), Cal. Civil Code § 1788.17 and

20           Cal. Civil Code § 1788.13(e);

21    h.     Whether Defendants falsely represented that Defendants were

22           lawfully entitled to attorney's fees, in violation of 15 U.S.C. §§

23           1692e and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code

24           § 1788.13(e);

25    i.     Whether Defendants falsely represented that Defendants were entitled

26           to collect treble damages from Plaintiff pursuant to Cal. Civil Code

27           § 1719, in violation of 15 U.S.C. §§ 1692e and 1692e(10), Cal. Civil

28           Code § 1788.17 and Cal. Civil Code § 1788.13(e);

-5-

1              j.    Whether Defendants used false representations or deceptive means

2    to collect or attempt to collect a debt, in violation of 15 U.S.C. §§

3    1692e and 1692e(10) and Cal. Civil Code § 1788.17; and

4              k.    Whether Defendants attempted or threatened to collect interest, fees

5    or other charges from Plaintiff that are not expressly authorized by

6    the agreement creating the debt or otherwise permitted by law, in

7    violation of 15 U.S.C. § 1692f(1), Cal. Civil Code § 1788.17 and Cal.

8    Civil Code § 1788.13(e).

9    As to Plaintiff's individual claim against Defendants, ICC, HENDRICKSON and

10    LOVE:

11              a.    Whether Defendants brought a legal action against Plaintiff to collect

12    a consumer debt in a county other than the county in which Plaintiff

13    signed the contract sued on, the county where the debt was incurred

14    or in the county in which Plaintiff resided at the commencement of

15    the action, in violation of 15 U.S.C. § 1692i(a).

16    As to Plaintiff's individual claim against Defendants, ICC and HENDRICKSON:

17              a.    Whether Defendants brought a legal action against Plaintiff to collect

18    a consumer debt in a county other than the county in which Plaintiff

19    signed the contract sued on, the county where the debt was incurred

20    or in the county in which Plaintiff resided at the commencement of

21    the action, in violation of Cal. Civil Code § 1788.17 and Cal. Civil

22    Code § 1788.15(b).

23        **b.**    **Defendants' Statement**

24    Whether the proper safeguards against filing in improper jurisdictions are a complete defense

25    to this action.

26        **4.**    **Motions**

27    Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to which

28    Plaintiff has filed an Opposition.  Plaintiff has filed a Motion to Strike Defendant's Offer of

1    Judgment, Defendant has filed an Opposition, and Plaintiff has filed a Reply to the Opposition. Both

2    motions are set for hearing on May 2, 2008.

3        **5.    Amendment of Pleadings**

4        Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should

5    Plaintiff discover additional facts or claims. Defendants have not filed any answer to date.

6        **6.    Evidence Preservation**

7        Plaintiff will propose a protective order to govern production of confidential material in the

8    litigation.

9        Defendants have directed their relevant employees to preserve all documents, in paper or

10   electronic form, related to the subject matter if this case.

11       **7.    Disclosures**

12           **a.    Plaintiff's Statement**

13       Plaintiff served formal written disclosures on April 23, 2008, as required by Fed. R. Civ. P.

14   26(a)(1).

15           **b.    Defendants' Statement**

16       Defendants will comply with Fed. R. Civ. P. with respect to any disclosures.

17       **8.    Discovery**

18       **Plaintiff's Discovery:**  Plaintiff will serve Requests for Admissions, Interrogatories and

19   Requests for Production of Documents shortly. At this time and without the benefit of Defendants'

20   initial disclosures, Plaintiff anticipates that he may require up to 10 depositions in this matter.

21       **Defendants' Discovery:**

22       Defendants will serve Requests for Admissions, Interrogatories, Requests for the Production

23   of Documents. Defendants intend on taking 3 or 4 depositions.

24       **9.    Class Actions**

25       This case is a class action. Plaintiff brings this action on behalf of two classes of all other

26   persons similarly situated. Plaintiff tentatively defines the Exhibit "1" class as (i) all persons who

27   were sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "1," (iii)

28   regarding an alleged debt on a dishonored check or marker written outside the State of California

-7-

1    allegedly due Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or

2    household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the

3    one year period before filing this action, i.e. November 26, 2006, through the date of certification.

4          Plaintiff tentatively defines the Exhibit "3" class as (i) all persons who were sent at an

5    address in California, (ii) a letter from Defendants in the form of Exhibit "3," (iii) regarding an

6    alleged debt on a dishonored check or marker written outside the State of California allegedly due

7    Harrah's Casino Hotel in Reno, Nevada, (iv) incurred for personal, family or household purposes

8    (v) which was not returned undelivered by the U.S. Post Office (vi) during the one year period

9    before filing this action, i.e. November 26, 2006, through the date of certification.

10          Plaintiff contends that the classes are so numerous that joinder of all members is impractical.

11    On information and belief, collection letters in the form of Exhibit "1" and Exhibit "3" have been

12    sent to hundreds of California class members.

13    **10.    Related Cases**

14          The parties are not aware of any related cases at this time.

15    **11.    Relief**

16          **a.    Plaintiff's Statement**

17    Plaintiff requests that this Court:

18        i.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15

19            U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10),

20            1692f(1) and 1692i(a);

21        ii.    Declare that Defendants violated the Rosenthal Fair Debt Collection

22            Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(f), 1788.15(b) and

23            1788.17;

24        iii.    Award Plaintiff and the class members actual damages pursuant to 15 U.S.C.

25            § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

26        iv.    Award Plaintiff and the class members statutory damages in pursuant to 15

27            U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

28        v.    Award Plaintiff a statutory penalty in an amount not less than $100 nor

-8-

1    greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

2    vi.    Award Plaintiff the costs of this action and reasonable attorneys fees

3    pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and

4    1788.30(c); and

5    vii.    Award Plaintiff such other and further relief as may be just and proper.

6    **b.    Defendants' Statement**

7    Defendants will request that the Court determined that no violation of either the State of

8    Federal Fair Debt Collection Act occurred and that Plaintiff be awarded nothing.

9    **12.    Settlement and ADR**

10    There are no issues at this time

11    **13.    Consent to Magistrate Judge for All Purposes**

12    The Parties have not consented to a Magistrate Judge for all purposes.

13    **14.    Other References**

14    None at this time.

15    **15.    Narrowing of Issues**

16    The Parties anticipate that resolution of motions may narrow the issues for determination.

17    **16.    Expedited Schedule**

18    The parties do not believe that an expedited schedule is necessary.

19    **17.    Scheduling**

20    Initial Case Management Conference        May 2, 2008

21    Close of Fact Discovery        November 30, 2008

22    Fed. R. Civ. P. 26(a)(3) Disclosures        December 15, 2008

23    Last Day to File Dispositive Motions        January 9, 2009

24    Opposition to Dispositive Motions        January 23, 2009

25    Replies to Dispositive Motions        January 30, 2009

26    Hearing on Dispositive Motions        February 13, 2009, at 9:00 a.m.

27    Final Pre-Trial Conference        April 24, 2009, at 11:00 a.m.

28    Jury Trial        May 15, 2009, at 1:30 p.m.

-9-

1    **18.    Trial**

2    The parties anticipate that the action can be ready for trial in May 2009.

3    Estimated length of trial is 5-7 days.

4    **19.    Disclosure of Non-Party Interested Entities or Persons**

5        **a.    Plaintiff's Statement**

6    Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following

7    listed persons, associations of persons, firms, partnerships, corporations (including parent

8    corporations) or other entities (i) have a financial interest in the subject matter in controversy or in

9    a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

10    could be substantially affected by the outcome of this proceeding:

11                    i.    Cris Jao Bretana, an individual residing in Sunnyvale, California.

12        **b.    Defendants' Statement**

13    Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following

14    listed persons, associations of persons, firms, partnerships, corporations (including parent

15    corporations) or other entities (i) have a financial interest in the subject matter in controversy or in

16    a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

17    could be substantially affected by the outcome of this proceeding:

18                    i.    Defendant's counsel, Larry Rothman, represents International

19                        Collection Corporation, Charles D. Hendrickson, Luigi Cioppa, and

20                        Franklin Jay Love.

21    **20.    Other Matters**

22    Plaintiff's motion for class certification will be filed after the completion of preliminary

23    discover on or about August 1, 2008.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN          Case No. C07-05934-JF-HRL

1

Dated: __April 28, 2008__

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

2

3

4

5

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

6

7

8

9

10

Attorneys for Plaintiff
CRIS JAO BRETANA

11

12

Dated: __April 28, 2008__

By: /s/ Larry Rothman
Larry Rothman (SBN 72451)
LARRY ROTHMAN & ASSOCIATES
1 City Boulevard West, Suite 850
Orange, California 92868
Telephone Number: (714) 363 0200
Facsimile Number: (714) 363 0229
Email Address: tocollect@aol.com

13

14

15

16

Attorney for Defendants
INTERNATIONAL COLLECTION
CORPORATION, CHARLES D.
HENDRICKSON, LUIGI CIOPPA and
FRANKLIN JAY LOVE

17

18

19

20

21

22

23

24

25

26

27

28

-11-