**E-Filed 6/2/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>Defendants. | Case Number C 07-5934<br><br>ORDER[1] DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE |

**I.  BACKGROUND**

Named Plaintiff Cris Jao Bretana ("Bretana") filed the original complaint in this action on November 26, 2007. The original complaint asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

---

[1] This disposition is not designated for publication and may not be cited.

1  against International Collection Corporation ("ICC"), a California corporation engaged in the
2  business of debt collection, as well as two "employee[s], agent[s] officer[s] and/or director[s]" of
3  ICC: "Charles D. Hendrickson ("Hendrickson") and Luigi Cioppa ("Cioppa"). Franklin Jay Love
4  ("Love"), a "debt collector" also was named as a defendant. On February 14, 2008, Bretana
5  amended his complaint to assert class action claims.
6        The First Amended Complaint ("FAC") contains the following allegations. On October
7  17, 2005, Bretana incurred a financial obligation to Harrah's Casino in Reno, Nevada. This debt
8  was incurred primarily for personal, family or household purposes. On December 1, 2006,
9  Defendants sent Bretana a collection letter signed by Cioppa in an attempt to collect the debt
10 owed to Harrah's. This letter contained the following language:

> Our attorneys have advised us that under California law 1719 Civil Code, states
> [sic] that unless cash or certified funds in the amount of your NSF check(s) plus
> the cost of $25.00 for each returned item is received by us in 30 days from the
> date of this letter, we are entitled to recover for our client, the amount of the
> check(s), plus treble damages up to $1500.00 for each bad check.
> If suit is filed, you will also be responsible for interest, court costs and service for
> the process fees. The court may also award us attorney fees.

15 FAC, Exh. 1. Bretana received a second letter dated December 28, 2006, which stated that he
16 owed $1,500.00 in principal and $179.58 in interest. The second letter also stated "WE WOULD
17 LIKE TO REMIND YOU THAT THIS DEROGATORY INFORMATION COULD STAY ON
18 YOUR CREDIT REPORT FOR SEVERAL YEARS." FAC, Exh. 2. A third letter, dated
19 January 9, 2007, offered Bretana a "final opportunity" to satisfy his debt before a lawsuit was
20 filed. The third letter stated that Bretana owed $1,500.00 in principal, $1,500.00 in treble
21 damages and $184.51 in interest. Bretana did not make any payment in response to the third
22 letter, and ICC initiated an action against him in Sacramento Superior Court.
23        Bretana argues that Defendants violated the FDCPA and the RFDCPA by attempting to
24 collect treble damages pursuant to Cal Civil Code § 1719 because Defendants are not entitled to
25 collect such damages in connection with a debt incurred in Nevada. Specifically, he alleges that
26 Defendants misrepresented the character, amount or legal status of the debt; misrepresented the
27 compensation that lawfully may be received; attempted or threatened an action that legally
28 cannot be taken; threatened to communicate credit information regarding the debt that was

known to be false; falsely represented entitlement to interest in addition to a check fee; falsely represented that they were entitled to attorney's fees; and attempted or threatened to collect interest, fees or other charges that are not expressly authorized by the agreement creating the debt or otherwise permitted by law. Bretana seeks to represent two classes: (1) all persons who were sent at an address in California a letter from Defendants in the form of the letter dated December 1, 2006, regarding an alleged debt on a dishonored check or marker written outside the state of California and allegedly due to Harrah's Casino Hotel in Reno, Nevada and incurred for personal, family or household purposes during the one year period prior to November 26, 2006; and (2) all such persons who were mailed a letter in the form of the letter dated January 9, 2007, during the same time period.

On March 6, 2008, Defendants filed a motion to dismiss and also served Bretana with an Offer of Judgment pursuant to Fed. R. Civ. Pro. 68. On March 14, 2008, Bretana filed a motion to strike the offer of judgment or in the alternative to certify the class.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Factual allegations must be enough to raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike

generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id*.

### III.  DISCUSSION

**1.     Motion to Dismiss**

Defendants argue that this action should be dismissed because a debt collector may not be held liable for a FDCPA violation if the violation was unintentional and resulted from a bona fide error.[2] The bona fide error defense is a "narrow exception" to strict liability under the FDCPA. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2005). 15 U.S.C. § 1692k(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

"[T]he bona fide error defense applies almost exclusively to clerical errors which somehow manage to slip through procedures designed to catch them . . . ." *Irwin v. Mascott*, 112 F. Supp. 2d 937, 959 (N.D. Cal. 2000). Defendants assert that Bretana's claims should be dismissed because "[t]he alleged claim is substantially based upon the fact that a lawsuit was brought against the Plaintiff in the wrong venue," Motion to Dismiss at 2, and that filing error was an

---

[2] Bretana argues that the bona fide error defense may not be asserted in a motion to dismiss and that Defendants seek to have the Court treat their motion as one for summary judgment. "[A]ffirmative defenses, even though not appearing on the face of the compliant, may be established upon motion to dismiss . . . when, by affidavits, depositions and admissions, a set of unidputed facts is revealed upon which the moving party is entitled to summary judgment as a matter of law." *Suckow Borax Mines Cosol. v. Borax Consol.*, 185 F.2d 196, 205 (9th Cir. 1950). Defendants have filed the necessary affidavits. Accordingly, the Court will consider Defendants' bona fide error defense.

4

unintentional mistake.  In support, Hendrickson has filed a declaration stating that Bretana's ICC file information inaccurately listed Bretana's residence as located in Sacramento rather than Santa Clara.  Hendrickson also states that the lawsuit instructions in the letter mailed to Bretana are based on the file information.  By separate declaration, Love states that ICC provided him with a Sacramento address and he filed a lawsuit accordingly.  Both Hendrickson and Love state that this type of error is extremely rare.

While Defendants' apparent error in selecting the venue for their collection action may be excusable under the bona fide error exception, Bretana has alleged additional conduct with respect to which the error is immaterial, i.e., that Defendants violated the FDCPA and the RFDCPA by seeking and miscommunicating about the availability of damages pursuant to California law for a debt incurred in Nevada.  Accordingly, Defendants have not shown that their efforts to collect treble damages pursuant to Cal. Civil Code § 1719 are excusable under the bona fide error exception.  Because Bretana's factual allegations otherwise are sufficient Defendants' motion to dismiss will be denied.

### 2.    Motion to Strike

Defendant's Rule 68 offer specifies the following amounts:  Principal: $1,000 ;Costs: $550; Attorney Fees: $2,501.00.  The total amount of this offer is $4,051.  Bretana moves to strike the offer in light of his class action allegations.  He contends that he is not at liberty to accept Defendant's offer because he is the representative plaintiff of a named class, and to enter judgment would encourage a "race to payoff" of named plaintiffs in early litigation.  *See Liles v. American Corrective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001).

While Defendants acknowledge that some courts have refused to allow the use of a Rule 68 offer to forestall a pending class action before the plaintiff has moved for certification, they nonetheless ask the Court to consider whether Bretana filed his amended complaint within ten days of their Rule 68 offer.  The docket reflects that Bretana's motion to strike was filed eight days after Defendants filed their offer. The moving papers specifically request that  class certification with briefing stayed until discovery is completed.  Accordingly, the motion to strike will be granted.

5

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED, and Bretana's motion to strike is GRANTED.

DATED: June 2, 2008.

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

2

3   Fred W. Schwinn        fred.schwinn@sjconsumerlaw.com

    Larry Rothman          tocollect@aol.com
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 07-5934
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE
(JFLC1)