1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   O. Randolph Bragg (IL Bar No. 6221983)
    Craig M. Shapiro (IL Bar No. 6284475)
6   HORWITZ, HORWITZ & ASSOCIATES, LTD.
    25 East Washington Street, Suite 900
7   Chicago, Illinois 60602-1716
    Telephone Number: (312) 372-8822
8   Facsimile Number: (312) 372-1673
    Email Address: rand@horwitzlaw.com

9
    Attorneys for Plaintiff
10  CRIS JAO BRETANA

11
                **IN THE UNITED STATES DISTRICT COURT**
12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSE DIVISION**
13

14  CRIS JAO BRETANA, on behalf of himself        Case No.  C07-05934-JF-HRL
    and all others similarly situated,
15
                            Plaintiff,            **MEMORANDUM OF POINTS AND**
16                                                **AUTHORITIES IN SUPPORT OF**
    v.                                            **MOTION TO COMPEL WRITTEN**
17                                                **DISCOVERY RESPONSES,**
    INTERNATIONAL COLLECTION                      **PRODUCTION OF DOCUMENTS,**
18  CORPORATION, a California corporation,        **AND DEEM ADMISSIONS**
    and CHARLES D. HENDRICKSON,                   **ADMITTED**
19  individually and in his official capacity,
    LUIGI CIOPPA, individually and in his         [Fed. R. Civ .P. 37(a)]
20  official capacity, and FRANKLIN JAY
    LOVE, individually and in his official        Date:         September 23, 2008
21  capacity,                                     Time:         9:00 a.m.
                                                  Judge:        Honorable Howard R.
22                          Defendants.                         Lloyd
                                                  Courtroom:    2, 5th Floor
23                                                Place:        280 South First Street
                                                                San Jose, California
24          COMES NOW the Plaintiff, CRIS JAO BRETANA (hereinafter "Mr. BRETANA"), by and

25  through his attorney Fred W. Schwinn of the Consumer Law Center, Inc., and pursuant to Fed. R.

26  Civ .P. 37(a), hereby submits his Memorandum of Points and Authorities in Support of Motion to

27  Compel Written Discovery Responses and Document Production filed herein.

28

_____
MEMORANDUM IN SUPPORT                                        Case No. C07-05934-JF-HRL

1

**TABLE OF CONTENTS**

2   TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3   TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

4   I.        INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   II.       PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6   III.      POINTS AND AUTHORITIES   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7             A.     DISCOVERY PRINCIPLES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8             B.     DISCOVERY REQUESTS SENT TO ICC, HENDRICKSON and CIOPPA  . . . 3

9             C.     DISCOVERY REQUESTS SENT TO LOVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10                   1.     REQUEST FOR ADMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11                          REQUEST FOR ADMISSION NO. 6 . . . . . . . . . . . . . . . . . . . . . . . 4

12                          REQUEST FOR ADMISSION NO. 7 . . . . . . . . . . . . . . . . . . . . . . . 5

13                          REQUEST FOR ADMISSION NO. 8 . . . . . . . . . . . . . . . . . . . 5, 6

14                          REQUEST FOR ADMISSION NO. 9 . . . . . . . . . . . . . . . . . . . . . . . 6

15                          REQUEST FOR ADMISSION NO. 10 . . . . . . . . . . . . . . . . . . . . . 6

16                          REQUEST FOR ADMISSION NO. 11 . . . . . . . . . . . . . . . . . . . 6, 7

17                          REQUEST FOR ADMISSION NO. 12 . . . . . . . . . . . . . . . . . . . . . 7

18                          REQUEST FOR ADMISSION NO. 13 . . . . . . . . . . . . . . . . . . . . . 7

19                          REQUEST FOR ADMISSION NO. 14 . . . . . . . . . . . . . . . . . . . . . 8

20                          REQUEST FOR ADMISSION NO. 15 . . . . . . . . . . . . . . . . . . . . . 8

21                          REQUEST FOR ADMISSION NO. 16 . . . . . . . . . . . . . . . . . . . 8, 9

22                          REQUEST FOR ADMISSION NOS. 17 - 23 . . . . . . . . . . . . . . . 9

23                   2.     INTERROGATORIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

24                          INTERROGATORY NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

25                          INTERROGATORY NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

26                          INTERROGATORY NO. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27                          INTERROGATORY NO. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

28

INTERROGATORY NO. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

INTERROGATORY NO. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

INTERROGATORY NO. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

INTERROGATORY NO. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

INTERROGATORY NO. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

INTERROGATORY NO. 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

3.      REQUEST FOR PRODUCTION OF DOCUMENTS  . . . . . . . . . . . . . . 16

DOCUMENT REQUEST NO. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DOCUMENT REQUEST NO. 7 . . . . . . . . . . . . . . . . . . . . . . . 16, 17

DOCUMENT REQUEST NO. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DOCUMENT REQUEST NO. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DOCUMENT REQUEST NO. 10 . . . . . . . . . . . . . . . . . . . . . . . 17, 18

DOCUMENT REQUEST NO. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . 18

DOCUMENT REQUEST NO. 12 . . . . . . . . . . . . . . . . . . . . . . . 18, 19

DOCUMENT REQUEST NO. 15 . . . . . . . . . . . . . . . . . . . . . . . 19, 20

DOCUMENT REQUEST NO. 20 . . . . . . . . . . . . . . . . . . . . . . . . . . 20

IV.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

1

## **TABLE OF AUTHORITIES**

2

### **Cases**

3   *Atlantic Greyhound Corp. v. Lauritzen,* 182 F2d 540 (6th Cir. 1950) . . . . . . . . . . . . . . . . . . . . . 15

4   *Bell v. Swift & Co.,* 283 F2d 407 (5th Cir. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

5   *Burlington Northern & Santa Fe Ry. v. U.S. Dist. Court,*
    408 F.3d 1142 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 20
6
    *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589 (W.D.N.Y. 1966) . . . . . . . . . . . . 3
7
    *Chatman v. American Export Lines, Inc.,* 20 F.R.D. 176, 178 (S.D.N.Y. 1956) . . . . . . . . . . . . 14
8
    *Clark v. Capital Credit & Collection Services, Inc*., 460 F.3d 1162 (9th Cir. 2006) . . . . . . . . . 10
9
    *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127 (9th Cir. 1992) . . . . . . . . . . . . . . . 4, 19
10
    *Compagnie Francaise D'Assurance v. Phillips Petroleum,*
11  105 F.R.D. 16 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

12  *Davidson v Goord,* 215 F.R.D. 73 (W.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13  *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677 (D. Kan. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 13

14  *Dole v. Milonas*, 889 F.2d 885 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 20

15  *Edgar v. Finley,* 312 F2d 533 (8th Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16  *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981) . . . . . . . . . . . . . . . 2

17  *Fox v. Citicorp Cred. Svcs.*, 15 F.3d 1507 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18  *Garland v. Torres*, 259 F.2d 545 (2d Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

19  *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

20  *Kansas City Cable Partners ex rel. Time Warner Entertainment Co., L.P. v. Espy,*
    250 F.Supp.2d 1296 (D. Kan. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
21
    *Magelssen v. Operative Plasterers' & Cement Masons' International Ass'n.,*
22  32 F.R.D. 464 (W.D. Mo. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

23  *Obiajulu v. City of Rochester,* 166 F.R.D. 293 (W.D.N.Y. 1966) . . . . . . . . . . . . . . . . . . . . . . . . 3

24  *Oleson v. Kmart Corp.*, 175 F.R.D. 560 (D. Kan. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26  *Reichert v. National Credit Systems, Inc*., — F.3d. —,
    2008 U.S. App. LEXIS 16573 (N.D. Cal. July 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
27
    *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980) . . . . . . . . . . . . . . . . . . . . . . . 11
28

*St. Paul Reinsurance Co. v. Commer. Fin. Corp*., 198 F.R.D. 508 (N.D. Iowa 2000) . . . . . . . . 11

*Sunday v. Gas Service Co.,* 10 FRD 185 (W.D. Mo. 1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F.Supp.2d 812 (C.D. Cal. 2006) . . . . . . . . . . 9

*U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Grinnell Corp*., 30 F.R.D. 358 (D. RI 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*V.D. Anderson Co. v. Helena Cotton Oil Co.*, 117 F. Supp. 932 (E.D. Ark. 1953) . . . . . . . . . . . 3

*Walsh v. McCain Foods, Ltd.*, 81 F.3d 722 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wing v. Challenge Machinery Co.,* 23 F.R.D. 669 (S.D. Ill. 1959) . . . . . . . . . . . . . . . . . . . . . . . 10

*White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Yancy v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

### **Rules**

Fed R. Civ P. 26(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed R. Civ P. 33(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed R. Civ P 34(b)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ P 36(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

### **Statutes**

15 U.S.C. § 1692k(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

### **Misc.**

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO.
BEFORE TRIAL (The Rutter Group 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19

1

**I. INTRODUCTION**

2       Plaintiff, Mr. BRETANA, requests this Court's assistance in obtaining written discovery

3   responses and documents from Defendants, INTERNATIONAL COLLECTION CORPORATION

4   (hereinafter "ICC"), CHARLES D. HENDRICKSON (hereinafter "HENDRICKSON"), LUIGI

5   CIOPPA (hereinafter "CIOPPA"), and FRANKLIN JAY LOVE (hereinafter "LOVE") (hereinafter

6   collectively referred to as "Defendants").  As is set forth below and in the attached declaration,

7   Defendants have refused to provide supplemental discovery responses and documents despite efforts

8   to meet and confer and to limit the scope of the requests.

9       Accordingly, Mr. BRETANA respectfully requests the Court to issue an order compelling

10  Defendants to produce supplemental written discovery responses, documents responsive to Mr.

11  BRETANA's document requests, and deeming unanswered Requests for Admission to be admitted.

12

**II. PROCEDURAL HISTORY**

13      Mr. BRETANA served his first set of written discovery on defendants ICC,

14  HENDRICKSON, and CIOPPA on May 13, 2008.[1]  ICC, HENDRICKSON, and CIOPPA served

15  their responses and objections on June 16, 2008.[2]  No substantive responses or documents were

16  provided, only blanket objections which were without merit.  In an attempt to resolve these

17  discovery disputes informally, Mr. BRETANA sent a meet and confer letter to ICC,

18  HENDRICKSON, and CIOPPA on July 11, 2008.[3]  This meet and confer letter explained Mr.

19  BRETANA's position on ICC, HENDRICKSON, and CIOPPA's objections.

20      Mr. BRETANA served his first set of written discovery on defendant LOVE on May 13,

21

22

23

24

25      [1] Declaration of Fred W. Schwinn in Support of Motion to Compel (hereinafter "Schwinn Declaration") ¶¶ 3, 4 and 5; Exhibit "1"; Exhibit "2;" Exhibit "3."

26      [2] Schwinn Declaration ¶¶ 6, 7 and 8; Exhibit "4"; Exhibit "5;" Exhibit "6."

27      [3] Declaration of Raeon R. Roulston in Support of Motion to Compel (hereinafter "Roulston Declaration") ¶ 3; Exhibit "13."

28

2008.[4]  LOVE served his responses and objections on June 16, 2008.[5]  No substantive responses or documents were provided, and LOVE's objections were without merit.  In an attempt to resolve these discovery disputes informally, Mr. BRETANA sent a meet and confer letter to LOVE on July 11, 2008.[6]  This meet and confer letter explained the purpose and scope of the requests and Mr. BRETANA's position on LOVE's objections.

On July 16, 2008, Defendants' counsel requested an extension of time to provide supplemental responses to Mr. BRETANA's discovery requests.[7]  Mr. BRETANA granted this extension.[8]  However, despite this extension no additional responses or documents have been provided by Defendants at the time this motion was filed.[9]

## III. POINTS AND AUTHORITIES

## A.    DISCOVERY PRINCIPLES

Mr. BRETANA is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits."[10]

It is Defendants' burden to persuade the Court that the information and documents it has refused to provide are outside the broad scope of discovery.[11]   Boilerplate objections are

---

[4]  Schwinn Declaration ¶¶ 9, 10 and 11; Exhibit "7"; Exhibit "8;" Exhibit "9."

[5]  Schwinn Declaration ¶¶ 12, 13 and 14; Exhibit "10"; Exhibit "11;" Exhibit "12."

[6]  Roulston Declaration ¶ 4; Exhibit "14."

[7]  Schwinn Declaration ¶ 17; Exhibit "15."

[8]  Roulston Declaration ¶ 6; Exhibit "16."

[9]  Schwinn Declaration ¶¶ 19 and 20; and Roulston Declaration ¶ 7.

[10]  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[11]  *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971);  *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981);  *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975).

1   ineffectual.[12]  The Court may not consider the merits of the action in ruling on discovery disputes.[13]

2   **B.    DISCOVERY REQUESTS SENT TO ICC, HENDRICKSON and CIOPPA**

3          Mr. BRETANA served 26 Interrogatories, 45 Requests for Admission, and 16 Requests for

4   Production of Documents on ICC, HENDRICKSON and CIOPPA on May 13, 2008.[14]  A copy of

5   these discovery requests may be found attached as exhibits to the Declaration of Fred Schwinn.[15]

6   Defendants ICC, HENDRICKSON and CIOPPA did not respond to these discovery requests, but

7   instead served a blanket objection, which stated:

8          Theses [sic] responding parties object to Interrogatories 1 to 26 on the grounds that
           they are compound in that they are directed to more than on Defendant who/which
9          may or may not have different responses to each Request for Admission.

10         This [sic] responding parties object to Interrogatories in that they are excessive in
           number and are burdensome and oppressive.  They have been sent to harass these
11         Defendants and should be limited to what the particular Defendant may know or not
           know.
12

13         Defendants' objections are without merit.  The requirements set forth in the Federal Rules

14  of Civil Procedure make it clear that each interrogatory,[16] document production request,[17] and

15  request for admission[18] must be responded to separately and blanket objections are improper.

16  Despite Mr. BRETANA's request that Defendants simply provide different responses if there were

17  ────────────────────

18         [12] *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982);  *Obiajulu v. City of Rochester*,
    166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus*
19  *v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections
    are insufficient).
20
           [13] *Garland v. Torres*, 259 F.2d 545, 550-51 (2d Cir. 1958).  *See also V.D. Anderson Co. v.*
21  *Helena Cotton Oil Co.*, 117 F. Supp. 932, 945 n.9 (E.D. Ark. 1953) ("[I]t is no objection to an
    interrogatory that it relates to a defense or claim which is insufficient in law.  It is not ordinarily the
22  function of the court in passing upon objections to interrogatories to decide ultimate questions").

23         [14] Schwinn Declaration ¶¶ 3, 4 and 5; Exhibit "1"; Exhibit "2;" Exhibit "3."

24         [15] Schwinn Declaration Exhibit "1"; Exhibit "2;" Exhibit "3."
25
           [16] Fed. R. Civ P. 33(b)(3).
26
           [17] Fed. R. Civ P 34(b)(2)(B).
27
           [18] Fed. R. Civ P 36(a)(4).
28

────────────────────

different answers to a particular interrogatory, no responses have been provided.  Mr. BRETANA's counsel could have sent duplicate sets of Interrogatories, Requests for Production of Documents, and Request for Admission to each Defendant, however such a course of action, while being unnecessary, would also be an inefficient use of time and resources.[19]  Therefore, the Court should compel Defendants to provide answers to the Interrogatories and Document Production Requests, and the Court should deem the Requests for Admission to be admitted.

**C.    DISCOVERY REQUESTS SENT TO LOVE**

      **1.    REQUEST FOR ADMISSIONS**

<u>REQUEST FOR ADMISSION NO. 6</u>

<u>REQUEST:</u>

      Defendants, ICC, HENDRICKSON and CIOPPA, are or were engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

<u>RESPONSE:</u>

      Objection - Attorney client privilege.  Calls for legal conclusion.

<u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR ADMISSION NO. 6</u>:

      LOVE's objections are meritless.  The purpose of the attorney-client privilege is to protect communications for which the dominant purpose is to facilitate "full and frank disclosure by the client to his attorney"[20]  The operative concept in claiming this privilege is that a "communication" occurred between lawyer and client in anticipation of or in the course of litigation.  Information independently known to a client does not become privileged merely by communicating it to the

---

[19]  *United States v. Grinnell Corp*., 30 F.R.D. 358, 361 (D. RI 1962) (The court found that it was burdensome to serve identical interrogatories on multiple defendants separately, instead of keeping the common questions together and numbered identically.).

[20]  Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:656 (*citing, Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

---

1  attorney.  Asking for "hard" information such as dates, names or addresses falls well outside any

2  protection the legislature intended for this privilege.  "This circuit has held that a privilege log is

3  sufficient to properly assert the privilege, without explicitly holding that it is necessary to meet those

4  requirements. . . .  However, in articulating this holding, the court did not authorize general

5  boilerplate objections as a proper method of asserting the privilege; indeed, it named a variety of

6  methods such as in camera review and redactions of privileged material, all of which involve

7  conveying some information about the content of the allegedly privileged material, which a

8  boilerplate objection does not do."[21]

9       LOVE's objection that this request "calls for a legal conclusion" is also improper.  The

10  request seeks an "application of law to fact" pursuant to Fed. R. Civ. P. 36(a)(1)(A).  The request

11  seeks information that is relevant and non-privileged, therefore, Defendant has no grounds to refuse

12  to answer.  Therefore, the Court should compel LOVE to respond to this request, or submit a

13  privilege log.

14                    REQUEST FOR ADMISSION NO. 7

15  REQUEST:

16       Defendant, ICC, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17  RESPONSE:

18       Objection - Attorney client privilege.  Calls for a legal conclusion.

19  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

20  ADMISSION NO. 7:  Please refer to the argument made above for compelling further response to

21  Request for Admission No. 6.

22                    REQUEST FOR ADMISSION NO. 8

23  REQUEST:

24       Defendant, ICC, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

25  / / /

26

27       [21]  *Burlington Northern & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir.

28  2005) (*citing Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989)).

1  RESPONSE:

2      Objection - Attorney client privilege.  Calls for a legal conclusion.

3  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

4  ADMISSION NO. :   Please refer to the argument made above for compelling further response to

5  Request for Admission No. 6.

6  REQUEST FOR ADMISSION NO. 9

7  REQUEST:

8      Defendant, HENDRICKSON, is a "debt collector" within the meaning of 15 U.S.C. §

9  1692a(6).

10  RESPONSE:

11      Objection - Attorney client privilege.  Calls for a legal conclusion.

12  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

13  ADMISSION NO. 9:  Please refer to the argument made above for compelling further response to

14  Request for Admission No. 6.

15  REQUEST FOR ADMISSION NO. 10

16  REQUEST:

17      Defendant, HENDRICKSON, is a "debt collector" within the meaning of Cal. Civil Code

18  § 1788.2(c).

19  RESPONSE:

20      Objection - Attorney client privilege.  Calls for a legal conclusion.

21  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

22  ADMISSION NO. 10:      Please refer to the argument made above for compelling further

23  response to Request for Admission No. 6.

24  REQUEST FOR ADMISSION NO. 11

25  REQUEST:

26      Defendant, CIOPPA, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

27  / / /

28

---

MEMORANDUM IN SUPPORT     -6-     Case No. C07-05934-JF-HRL

1    RESPONSE:

2        Objection - Calls for a legal conclusion.

3    FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

4    ADMISSION NO. 11:

5        As explained above, LOVE's objection that this request "calls for a legal conclusion" is

6    improper.  The request seeks an "application of law to fact" pursuant to Fed. R. Civ. P. 36(a)(1)(A).

7    The request seeks information that is relevant and non-privileged, therefore Defendant has no

8    grounds to refuse to answer.  Therefore, the Court should compel LOVE to respond to this request.

9                              REQUEST FOR ADMISSION NO. 12

10   REQUEST:

11       Defendant, CIOPPA, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

12   RESPONSE:

13       Objection - Calls for a legal conclusion.

14   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

15   ADMISSION NO. 12:

16       Please refer to the argument made above for compelling further response to Request for

17   Admission No. 11.

18                              REQUEST FOR ADMISSION NO. 13

19   REQUEST:

20       The principal business of Defendant, LOVE, is the collection of consumer debts owed or

21   alleged to be owed to another.

22   RESPONSE:

23       Objection - Calls for a legal conclusion.

24   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR

25   ADMISSION NO. 13:

26       Please refer to the argument made above for compelling further response to Request for

27   Admission No. 11.

28

1

<u>REQUEST FOR ADMISSION NO. 14</u>

2

REQUEST:

3    Defendant, LOVE, regularly collects or attempts to collect consumer debts on behalf of its

4    clients.

5

<u>RESPONSE:</u>

6    Objection - Calls for a legal conclusion.

7

<u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR</u>

8    <u>ADMISSION NO. 14</u>:

9    Please refer to the argument made above for compelling further response to Request for

10   Admission No. 11.

11

<u>REQUEST FOR ADMISSION NO. 15</u>

12

REQUEST:

13   Defendant, LOVE, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14

<u>RESPONSE:</u>

15   Objection - Calls for a legal conclusion.

16

<u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR</u>

17   <u>ADMISSION NO. 15</u>:

18   Please refer to the argument made above for compelling further response to Request for

19   Admission No. 11.

20

<u>REQUEST FOR ADMISSION NO. 16</u>

21

REQUEST:

22   The financial obligation allegedly owed by BRETANA is a "debt" as that term is defined by

23   15 U.S.C. § 1692a(5).

24

<u>RESPONSE:</u>

25   Objection - Calls for a legal conclusion.

26   / / /

27   / / /

28

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO REQUEST FOR
ADMISSION NO. 16:

Please refer to the argument made above for compelling further response to Request for
Admission No. 11.

REQUEST FOR ADMISSION NOS. 17 - 23

LOVE failed to respond to Request for Admission Nos. 17, 18, 19, 20, 21, 22 and 23 in his
June 16, 2008, responses, and has not amended his responses to include these Requests.  Therefore,
the Court should deem these responses admitted pursuant to Federal Rule of Civil Procedure
36(a)(3).[22]

## 2.    INTERROGATORIES

### INTERROGATORY NO. 2

REQUEST:

Please **IDENTIFY** and describe any **DOCUMENTS** used to describe or record **YOUR**
methods and techniques used in the collection of consumer accounts.  Said **DOCUMENTS** would
include, but would not be limited to, collection activity logs.

RESPONSE:

Various documents received from various clients

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY
NO. 2:

This interrogatory is intended to discover collection logs for Plaintiff's account, and other
similar materials.  The materials sought are relevant in determining whether Defendant can show
that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the
maintenance of procedures reasonably adapted to avoid any such error."[23]  Defendant raised an

---

[22] *Walsh v. McCain Foods, Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996);  *Switchmusic.com, Inc.
v. U.S. Music Corp.*, 416 F.Supp.2d 812, 817 (C.D. Cal. 2006) (no motion is necessary – unanswered
requests are automatically deemed admitted);  *Kansas City Cable Partners ex rel. Time Warner
Entertainment Co., L.P. v. Espy*, 250 F.Supp.2d 1296, 1297 (D. Kan. 2003).

[23] 15 U.S.C. § 1692k(c).

1  affirmative defense of bona fide error in Defendant's Answer.  Defendant has the burden of proof

2  and the burden of production as to this affirmative defense.[24]  Therefore, the Court must order the

3  Defendant to disclose the evidence that will be used to support this affirmative defense, or the

4  Defendant should abandon this affirmative defense.

5  INTERROGATORY NO. 3

6  REQUEST:

7          Please list and explain all abbreviations and codes, letters, numerals or symbols regularly

8  used by **YOU** in **YOUR** records or collection activities.  **YOUR** answer should include references

9  to any and all **DOCUMENTS** which support **YOUR** answer.

10  RESPONSE:

11          Objection, overbroad, I do not understand the question.

12  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

13  NO. 3:

14          Defendant has raised the bona fide error defense in the Answer, and Defendant has the

15  burden of proof and the burden of production as to this defense.  Interrogatory number 2 seeks

16  collection logs relevant to proving or disproving the bona fide error defense, but the discovery of

17  the collection logs is rendered meaningless without the codes and abbreviations to decipher them.

18  Therefore, Defendant must either abandon this affirmative defense or disclose the evidence that will

19  be used to support this affirmative defense.

20          Defendant's objection of "overbroad" is misplaced.  An "overbroad" objection is valid only

21  when the breadth of the discovery is burdensome and oppressive.[25]  This interrogatory deals with

22  a specific and narrow subject matter.  Furthermore, the Defendant's mere insistence that this

23  interrogatory is "overbroad" is insufficient to state an objection.  "[T]he party resisting discovery

24

25          [24] *Fox v. Citicorp Cred. Svcs.,* 15 F.3d 1507 (9th Cir. 1994);  *Clark v. Capital Credit &*

26  *Collection Services, Inc.*, 460 F.3d 1162, 1176-1177 (9th Cir. 2006);  *Reichert v. National Credit*
*Systems, Inc.*, — F.3d —, 2008 U.S. App. LEXIS 16573 *2 (N.D. Cal. July 7, 2008).

27

28          [25] *Wing v. Challenge Machinery Co.,* 23 F.R.D. 669, 673 (S.D. Ill. 1959).

1  'must show specifically how . . . each interrogatory [or request for production] is not relevant or how

2  each question is overly broad, burdensome or oppressive.'"[26] Defendant has not met this burden,

3  therefore the information requested should be compelled.

4  INTERROGATORY NO. 4

5  REQUEST:

6      Describe the process which resulted in Exhibit "4" being filed in the County of Sacramento.

7  RESPONSE:

8      Processed information received from client and objection – attorney-client privilege.

9  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

10  NO. 4:

11      As explained above, the objection of attorney client privilege is inappropriate here, and if

12  it is believed to apply, a privilege log must be produced.

13      This interrogatory seeks information of the type requested in Interrogatory number 3; the

14  procedures maintained by Defendant to avoid violating the FDCPA.  Defendant has raised the bona

15  fide error defense in their Answer, and Defendant has the burden of proof and the burden of

16  production as to this defense.  Defendant's response failed to answer any part of the detailed request

17  posed.  Therefore, the Court should compel the Defendant to disclose the evidence that will be used

18  to support this affirmative defense, or the Defendant must abandon the affirmative defense.

19  INTERROGATORY NO. 5

20  REQUEST:

21      Describe the process which resulted in Exhibit "4" being filed and how the amounts claimed

22  were determined.

23  RESPONSE:

24      Processed information received from client. Objection attorney-client privilege.

25  / / /

26

27  [26] *St. Paul Reinsurance Co. v. Commer. Fin. Corp*., 198 F.R.D. 508, 512 (N.D. Iowa 2000); *citing, Josephs*, 677 F.2d at 992; *see also, Roesberg v. Johns-Manville Corp*., 85 F.R.D. 292, 296-97

28  (E.D. Pa.1980); *and, Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY NO. 5:

Please refer to the argument made above for compelling further response to Interrogatory No. 4.

INTERROGATORY NO. 6

REQUEST:

Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a). **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

RESPONSE:

Analysis and review of all documents by me to insure that errors are not made.

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY NO. 6:

The bona fide error defense requires a debt collector show that it maintains procedures to avoid errors.[27] This interrogatory seeks information regarding the effectiveness of the procedures maintained by Defendant in order to avoid noncompliance with the relevant statutes. If it appears that noncompliance occurs despite the procedures that Defendant maintain, then clearly such procedures are not "reasonably adapted" to avoid such noncompliance and Defendant would be unable to meet their burden under the bona fide error defense. To this end, this interrogatory seeks information pertaining to documents on the subject of whether the procedures maintained by Defendant are resulting in compliance or noncompliance. Defendant's response is so devoid of information as to be no response at all. Therefore, the Court should compel the Defendant to produce a concrete and detailed response to this interrogatory, or the Defendant should abandon the affirmative defense.

/ / /

/ / /

---

[27] *Clark*, 460 F.3d at 1176-1177; *Reichert*, — F.3d —, 2008 U.S. App. LEXIS 16573 *2.

1

<u>INTERROGATORY NO. 7</u>

2

<u>REQUEST:</u>

3

Please **IDENTIFY** all **DOCUMENTS** which would show **YOUR** compliance or

4

noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

5

<u>RESPONSE:</u>

6

Objection, overbroad and I do not understand the question.

7

<u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY</u>

8

<u>NO. 7</u>:

9

Please refer to the argument made above for compelling further response to Interrogatory No.

10

6.

11

<u>INTERROGATORY NO. 8</u>

12

<u>REQUEST:</u>

13

Please state the caption of each case **YOU** have filed in the state of California on behalf of

14

ICC to recover debts owed or alleged to be owed to Harrah's Casino.

15

<u>RESPONSE:</u>

16

Objection - public records available to all parties.

17

<u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY</u>

18

<u>NO. 8</u>:

19

Defendant's response implies that since Defendant asserts that the requested documents are

20

"public records," Plaintiff should obtain them without the help of Defendant. However, a party may

21

not refuse to respond to a discovery request on the ground that the requested information is in the

22

possession of the requesting party.[28]  Nor may a party object that information is more readily

23

available to the requesting party.[29]  Taken together, it is clear that Defendant's objection to this

24

request is improper.  While Plaintiff could conceivably make a painstaking search to obtain the

25

information, Defendant is in the best position to provide information on cases that Defendant has

26

27

[28] *See Davidson v Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

28

[29] *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004).

1  filed.  The requested information is relevant, non-privileged and similar requests have been

2  compelled by courts in the past,[30] therefore Defendant has no grounds to deny Plaintiff's request.

3  Therefore, the Court should compel Defendant to respond to Plaintiff's request.

4  **INTERROGATORY NO. 9**

5  REQUEST:

6        Please state the caption of each case **YOU** have filed in the state of California on behalf of

7  ICC to recover debts owed or alleged to be owed to ICC.

8  RESPONSE:

9        Objection - public records available to all parties.

10  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

11  NO. 9:

12        Please refer to the argument made above for compelling further response to Interrogatory No.

13  8.

14  **INTERROGATORY NO. 11**

15  REQUEST:

16        Please state in complete detail the facts upon which **YOU** rely for each affirmative defense

17  listed in **YOUR** Answer.  **YOUR** answer should include references to any and all **DOCUMENTS**

18  which support **YOUR** answer.

19  RESPONSE:

20        Objection - compound and overbroad.

21  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

22  NO. 11:

23        Defendant's objection is unfounded.  Although an interrogatory seeking every relevant fact

24  and piece of evidence within Defendant's knowledge could be overbroad, it is entirely permissible

25  to seek the discovery of the factual basis of a claim or defense.[31]  Therefore, the Court should compel

26

27        [30] *Yancy v. Hooten*, 180 F.R.D. 203, 211 (D. Conn. 1998).

28        [31] *See, e.g. Chatman v. American Export Lines, Inc.,* 20 F.R.D. 176, 178 (S.D.N.Y. 1956).

1   Defendant to respond to Plaintiff's request.

2                              INTERROGATORY NO. 13

3   REQUEST:

4        Please **IDENTIFY** each **PERSON** who you believe has any knowledge of any of the

5   relevant or material facts in this matter and is not listed in the previous interrogatory, and state as

6   to each such person:

7        a)      name and address;

8        b)      the subject matter on which such person has knowledge; and

9        c)      the substance of the facts to which such person has such knowledge.

10  RESPONSE:

11       I do not know yet.

12  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

13  NO. 13:

14       Defendant's response is inappropriate, as Defendant has a duty to respond to the extent of

15  his current knowledge, and cannot withhold information until he has a complete and/or exhaustive

16  answer to this request.  Further, Defendant has a duty to supplement his responses when new

17  information responsive to this request becomes available.[32]  This information is relevant, and within

18  the scope of information discoverable by Plaintiff.[33]  Therefore, the Court should compel Defendant

19  to respond to this Interrogatory to the extent of his knowledge, and to supplement his response when

20  further information is available.

21  / / /

22  / / /

23  _____

24       [32]  Fed R. Civ P. 26(e)(2).

25       [33]  A party may obtain discovery of identity and location of persons having knowledge of
    relevant facts or any discoverable matter, *see* Fed. R. Civ. P. 26(b)(1);  *Atlantic Greyhound Corp.*
26  *v. Lauritzen,* 182 F2d 540 (6th Cir. 1950);  *Edgar v. Finley,* 312 F2d 533 (8th Cir. 1963);  *Sunday v.*
    *Gas Service Co.,* 10 FRD 185 (W.D. Mo. 1950);  *Magelssen v. Operative Plasterers' & Cement*
27  *Masons' International Asso.,* 32 FRD 464 (W.D. Mo. 1963);  *Bell v. Swift & Co.,* 283 F2d 407 (5th
    Cir. 1960).

28

**3.     REQUEST FOR PRODUCTION OF DOCUMENTS**

DOCUMENT REQUEST NO. 6

DOCUMENT REQUEST:

All **DOCUMENTS** relating in any way to the alleged debt of Plaintiff and the collection thereof.

RESPONSE TO DOCUMENT REQUEST:

I am still reviewing documents and will provide these to you.

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT REQUEST NO. 6:

Despite the promise to provide responsive documents, no documents have been produced by LOVE.  Therefore, the Court should compel LOVE to produce the responsive documents.

DOCUMENT REQUEST NO. 7

DOCUMENT REQUEST:

Copies of the all **DOCUMENTS** relating to the litigation identified in **EXHIBIT "4."**

RESPONSE TO DOCUMENT REQUEST:

Other than public records that Plaintiff has, none that are not subject to attorney client privilege.

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT REQUEST NO. 7:

As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log.  As further discussed above, Defendant may not object on the basis that the information sought is a "public record."  Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should be compelled to respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.  Courts have compelled this type of request in the past in situations where an unsupported claim of attorney client privilege has been asserted.[34]  Therefore, the Court should compel Defendant

---

[34] *Yancy*, 180 F.R.D. at 212.

1  to produce a further response to Plaintiff's request.

2  DOCUMENT REQUEST NO. 8

3  DOCUMENT REQUEST:

4  Copies of the all **DOCUMENTS** regarding the amounts claimed in **EXHIBIT "4."**

5  RESPONSE TO DOCUMENT REQUEST:

6  Other than public records that Plaintiff has, none that are not subject to the attorney client

7  privilege.

8  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

9  REQUEST NO. 8:

10  Please refer to the argument made above for compelling documents responsive to Document

11  Request No. 7.

12  DOCUMENT REQUEST NO. 9

13  DOCUMENT REQUEST:

14  Copies of the all **DOCUMENTS** regarding the determination to file **EXHIBIT "4"** in the

15  County of Sacramento.

16  RESPONSE TO DOCUMENT REQUEST:

17  Other than public records that Plaintiff has, none that are not subject to the attorney client

18  privilege.

19  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

20  REQUEST NO. 9:

21  Please refer to the argument made above for compelling documents responsive to Document

22  Request No. 7.

23  DOCUMENT REQUEST NO. 10

24  DOCUMENT REQUEST:

25  Copies of the all **DOCUMENTS** regarding the relationship between or among **ICC**,

26  **HENDRICKSON**, **CIOPPA**, and **LOVE**.

27  / / /

28

1   RESPONSE TO DOCUMENT REQUEST:

2       Other than public records that Plaintiff has, none that are not subject to the attorney client

3   privilege.

4   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

5   REQUEST NO. 10:

6       Please refer to the argument made above for compelling documents responsive to Document

7   Request No. 7.

8                           DOCUMENT REQUEST NO. 11

9   DOCUMENT REQUEST:

10      Copies of the Complaint for all lawsuits **YOU** have filed in the state of California on behalf

11  of **ICC** to recover debts owed or alleged to be owed to Harrah's Casino between November 26,

12  2004, and November 26, 2007.

13  RESPONSE TO DOCUMENT REQUEST:

14      Objection - public records available to all parties.

15  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

16  REQUEST NO. 11:

17      As discussed above, such an objection, without a response, is improper.  The requested

18  information is relevant and non-privileged, therefore Defendant has no grounds to deny Plaintiff's

19  request.  Therefore, the Court should compel Defendant to produce the requested documents.

20                          DOCUMENT REQUEST NO. 12

21  DOCUMENT REQUEST:

22      Copies of the Complaint for all lawsuits you have filed in the state of California on behalf

23  of **ICC** to recover debts owed or alleged to be owed to **ICC** between November 26, 2004 and the

24  present.

25  RESPONSE TO DOCUMENT REQUEST:

26      Objection - public records available to all parties.

27  / / /

28

---

1  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

2  REQUEST NO. 12:

3       Please refer to the argument made above for compelling documents responsive to Document

4  Request No. 11.

5  DOCUMENT REQUEST NO. 15

6  DOCUMENT REQUEST:

7       All **DOCUMENTS** in Defendant, **LOVE**'s, possession sent to or received from anyone

8  which in any way relate to the debt owed by **BRETANA**.

9  RESPONSE TO DOCUMENT REQUEST:

10      Other than public records that Plaintiff has, none that are not subject to the attorney client

11 privilege.

12 FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

13 REQUEST NO. 15:

14      The purpose of the attorney client privilege is to protect communications for which the

15 dominant purpose is to facilitate "full and frank disclosure by the client to his attorney"[35]  The

16 operative concept in claiming this privilege is that a "communication" occurred between lawyer and

17 client in anticipation of or in the course of litigation.  Information independently known to a client

18 does not become privileged merely by communicating it to the attorney.  Asking for "hard"

19 information such as dates, names or addresses falls well outside any protection the legislature

20 intended for this privilege.  "This circuit has held that a privilege log is sufficient to properly assert

21 the privilege, without explicitly holding that it is necessary to meet those requirements. . . .

22 However, in articulating this holding, the court did not authorize general boilerplate objections as

23 a proper method of asserting the privilege; indeed, it named a variety of methods such as in camera

24 review and redactions of privileged material, all of which involve conveying some information about

25

26

27     [35]  Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE
28 TRIAL (The Rutter Group 2008) 11:656 (*citing, Clarke*, 974 F.2d at 129.

1   the content of the allegedly privileged material, which a boilerplate objection does not do."[36]

2       Therefore, Defendant should be compelled to produce any information which is non-

3   privileged, as well as a privilege log for that information which is considered privileged.

4                                  DOCUMENT REQUEST NO. 20

5   DOCUMENT REQUEST:

6       A copy of the entire contents of the collection file maintained by Defendant, **LOVE**,

7   pertaining to the collection of the debt allegedly owed by **BRETANA**.

8   RESPONSE TO DOCUMENT REQUEST:

9       Other than public records that Plaintiff has, none that are not subject to the attorney client

10  privilege.

11  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

12  REQUEST NO. 20:

13      Please refer to the argument made above for compelling documents responsive to Document

14  Request No. 15.  Also note that the Federal Court for the District of Connecticut has noted that there

15  was no reason to invoke the attorney-client privilege on a similar request compelled in that court.[37]

16                                  **IV.  CONCLUSION**

17      For the reasons stated above, Mr. BRETANA requests that the Court enter and Order

18  deeming the Defendants' Requests for Admission to be deemed admitted, and compelling

19  Defendants to supplement their discovery responses and to produce the documents requested.

20

21                                  CONSUMER LAW CENTER, INC.

22

23  Dated:  August 19, 2008                    By: /s/ Fred W. Schwinn
                                                    Fred W. Schwinn, Esq.
24                                                  Attorney for Plaintiff
                                                    CRIS JAO BRETANA
25

26  _____

27      [36] *Burlington*, 408 F.3d at 1149 (*citing Dole*, 889 F.2d at 890).

28      [37] *Yancy*, 180 F.R.D. at 213.

MEMORANDUM IN SUPPORT                -20-                Case No. C07-05934-JF-HRL