# Exhibit "1"

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>Defendants. | Case No.  C07-05934-JF-HRL<br><br>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS PROPOUNDED TO INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON, AND LUIGI CIOPPA** |

To:     International Collection Corporation
        Charles D. Hendrickson
        Luigi Cioppa
        c/o Larry Rothman
        Larry Rothman & Associates
        1 City Boulevard West, Suite 850
        Orange, CA  92868

**COMES NOW** the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure

-1-

FIRST REQUEST FOR ADMISSIONS                                           Case No. C07-05934-JF-HRL

hereby requests Defendants, INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON, and LUIGI CIOPPA, make the following admissions under oath and within thirty (30) days from the service of this request, for the purpose of this action only, and subject to all objections as to admissibility which may be interposed at the trial, as to the genuineness of the following described documents and/or truth of the following facts, all as hereinafter set out.

Notice is also given that each matter of which an admission is requested is admitted unless within the time specified after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his/her attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter, or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his/her answer to deny only a part of the matter of which an admission is requested, that party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless s/he states that s/he has made reasonable inquiry and that the information known or readily obtainable by him/her is insufficient to enable him/her to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; s/he may, subject to the provision of Rule 37(c) of the Federal Rule of Civil Procedure, deny the matter or set forth reasons why s/he cannot admit or deny it.

Any admission made by a party is for the purpose of this action only and is not an admission by him/her for any other purpose and may not be used against him/her in any other proceeding.

Notice is also given that under the provisions of Rule 37(c)(2) of the Federal Rule of Civil Procedure if a party fails to admit the genuineness of any documents or the truth of any matter, as requested under Rule 36 of the Federal Rules of Civil Procedure, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, that party may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred

1 | in making such proof, including a reasonable attorney fee.

## DEFINITIONS

1. **"PERSON"** means an individual, partnership, firm, corporation or governmental agency.

2. **"YOU"** or **"YOUR"** refers to Defendant, International Collection Corporation, including all past and current employees and agents of this Defendant, and any individual over which this Defendant exercises the power to control and direct.

3. **"DOCUMENT"** shall include but not be limited to, all faxed, microfilmed, oral, recorded, taped, transcribed, typed, written, or by any other means recorded:

affidavits; agreements; appointment books; audio tapes; bills; books; brochures; business accounts; business records; calendars; charts; circulars; communiques; compilations; complaints; computer stored information; contracts; correspondence; data; day books; diagrams; dairies; documents; drafts; faxes; files; graphs; invoices; ledgers; letters; lists; mailing lists; medical records; memorabilia; memorandums; messages; microfiche; microfilms; minutes; missives; motion picturers; notes; notices; pamphlets; papers; personal accounts; personal files; personal records; photographs; proxies; receipts; recordings; records; releases; releases to press, public or other; reports, draft and final; schedules; sketches; statements; statistics; studies; summaries; tape recordings; telegrams; teletypes; transcripts; videotapes; worksheets; and any other same or similar item.

**DOCUMENT** shall further include all copies of any **DOCUMENT** requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such **DOCUMENTS** being produced.

4. **"IDENTIFY"** when used in reference to a **PERSON**, means to state his/her full name, his/her present or last known address, his/her telephone number, his/her present or last known position in business affiliation, his/her title or position held, by whom he/she was employed at the time of each event, transaction or occurrence herein referred to.

5. **"IDENTIFY"** when used in reference to a **DOCUMENT**, means to state the title or name of the **DOCUMENT**, the identity of the person or agency preparing it, the identity of the person who signed it or over whose name it was issued, the identity of each person to whom it was addressed or distributed, the nature or substance of the document with sufficient particularity to enable it to be identified, its date, and if it bears no date, the date when it was prepared, its physical location and the name of its custodian(s).

6. **"EXHIBIT "1""** refers to Exhibit "1" attached to the First Amended Complaint.

-3-

FIRST REQUEST FOR ADMISSIONS                                    Case No. C07-05934-JF-HRL

7. **"EXHIBIT "3""** refers to Exhibit "3" attached to the First Amended Complaint.

8. **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

9. **"RFDCPA"** means the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*

10. The term **"COMPLAINT"** or **"FAC"** refers to Plaintiff's First Amended Complaint in the above styled action.

11. The term **"ANSWER"** refers to Defendant's Answer in the above styled action.

12. The terms **"PERSON"** or **"PERSONS"** shall mean all entities, including but not limited to individuals, groups or associations however formed.

13. The term **"THE DEBT"** refers to the obligation which **YOU** were attempting to collect from the Plaintiff.

14. **"BRETANA"** means Plaintiff, Cris Lao Bretana.

15. **"ICC"** means Defendant, International Collection Corporation.

16. **"HENDRICKSON"** means Defendant, Charles D. Hendrickson.

17. **"CIOPPA"** means Defendant, Luigi Cioppa.

18. **"LOVE"** means Defendant, Franklin Jay Love.

19. **"THE CLASS"** refers to members of the putative classes described at ¶44 and ¶45 of the First Amended Class Action Complaint.

Unless otherwise specified in a particular paragraph, provide the admissions requested for the time period November 26, 2006, through the present.

## ADMISSIONS REQUESTED

1. Plaintiff, CRIS JAO BRETANA ("BRETANA"), is a natural person residing in Santa Clara County, California.

2. BRETANA is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

3. BRETANA is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

4. At all relevant times, BRETANA has resided in Santa Clara County, California.

5. Defendant, INTERNATIONAL COLLECTION CORPORATION ("ICC"), is a California corporation with its principal place of business located at: 1930 Wilshire Boulevard, Suite

-4-

|   |   |   |
|---|---|---|
| 1 |  | 908, Los Angeles, California 90057-3619. |
| 2 | 6. | Defendants, ICC, CHARLES D. HENDRICKSON ("HENDRICKSON") and LUIGI CIOPPA ("CIOPPA") are or were engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. |
| 6 | 7. | Defendant, ICC, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). |
| 7 | 8. | Defendant, ICC, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). |
| 8 | 9. | Defendant, HENDRICKSON, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). |
| 10 | 10. | Defendant, HENDRICKSON, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). |
| 12 | 11. | Defendant, CIOPPA, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). |
| 13 | 12. | Defendant, CIOPPA, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). |
| 14 | 13. | Defendant, LOVE, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). |
| 15 | 14. | Defendant, LOVE, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). |
| 16 | 15. | On or about December 1, 2006, Defendants sent or caused to be sent a dunning notice (attached to the First Amended Complaint as Exhibit "1") to Plaintiff seeking to collect the debt. |
| 19 | 16. | On or about January 9, 2007, Defendants sent or caused to be sent a dunning notice (attached to the First Amended Complaint as Exhibit "3") to Plaintiff seeking to collect the debt. |
| 21 | 17. | On or about October 17, 2005, BRETANA incurred a financial obligation, namely a casino marker issued by BRETANA to Harrah's Casino in Reno, Nevada (hereinafter "the debt"). |
| 23 | 18. | The debt was incurred by BRETANA for personal, family or household purposes. |
| 24 | 19. | The financial obligation owed by BRETANA is a "debt" as that term is defined by 15 U.S.C. § 1692a(5). |
| 26 | 20. | The financial obligation owed by BRETANA is a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f). |
| 28 | 21. | Exhibit "1" states the amount of the alleged debt is "$1,693.49." |

-5-

FIRST REQUEST FOR ADMISSIONS　　　　　　　　　　　　　　　　　　Case No. C07-05934-JF-HRL

22. Exhibit "3" states the amount of the alleged debt is "$3,184.51."

23. Exhibits "1" and "3" are written on the letterhead:



24. Exhibit "1" contains the following closing:

*Yours truly,*

*L Cio[...]*
*Debt Collector*

25. Exhibit "1" states that:

Our attorneys have advised us that under California law 1719 Civil Code, states that unless cash or certified funds in the amount of your NSF check(s) plus the cost of $25.00 for each returned item is received by us in 30 days from the date of this letter, we are entitled to recover for our clients, the amount of the check(s), plus treble damages up to $1500.00 for each bad check.

If suit is filed, you will also be responsible for interest, court costs, and service for process fees. The court may also award us attorney fees.

26. BRETANA has not paid the amount alleged owed in Exhibits "1" and "3."

27. HENDRICKSON created, approved and/or approved the use of collection letters in the form of Exhibits "1" and "3."

28. Defendants regularly sent or caused to be sent communications in the form of Exhibit "1" to California residents in an effort to collect consumer debts seeking to collect both a return check fee and interest on dishonored checks or markers written outside the State of California in violation of the FDCPA and the RFDCPA.

29. Defendants regularly sent or caused to be sent communications in the form of Exhibit "3" to California residents in an effort to collect consumer debts seeking to collect both treble

-6-

damages and interest on dishonored checks or markers written outside the State of California in violation of the FDCPA and the RFDCPA.

30. Letters in the form of Exhibit "1" were sent to at least 100 persons with addresses within the State of California between November 26, 2006, and the present.

31. Letters in the form of Exhibit "1" were sent to at least 1,000 persons with addresses within the State of California between November 26, 2006, and the present.

32. Letters in the form of Exhibit "1" were sent to at least 5,000 persons with addresses within the State of California between November 26, 2006, and the present.

33. Letters in the form of Exhibit "1" were sent to at least 10,000 persons with addresses within the State of California between November 26, 2006, and the present.

34. Letters in the form of Exhibit "1" were sent to at least 100,000 persons with addresses within the State of California between November 26, 2006, and the present.

35. Letters in the form of Exhibit "3" were sent to at least 100 persons with addresses within the State of California between November 26, 2006, and the present.

36. Letters in the form of Exhibit "3" were sent to at least 1,000 persons with addresses within the State of California between November 26, 2006, and the present.

37. Letters in the form of Exhibit "3" were sent to at least 5,000 persons with addresses within the State of California between November 26, 2006, and the present.

38. Letters in the form of Exhibit "3" were sent to at least 10,000 persons with addresses within the State of California between November 26, 2006, and the present.

39. Letters in the form of Exhibit "3" were sent to at least 100,000 persons with addresses within the State of California between November 26, 2006, and the present.

40. On or about May 14, 2007, Defendants filed a lawsuit against BRETANA in the Superior Court of California, County of Sacramento, entitled *International Collection Corporation v. Cris Bretana, et al.*, Case No. 07-AM-04820 (hereinafter the "*International Collection Corporation v. Bretana* complaint"), which sought to collect "$1,500.00 together with interest thereon at the rate of 10 per cent per annum from June 6, 2006," "attorney fees of $180.00" and "treble damages of $1,500.00."

41. The *International Collection Corporation v. Bretana* complaint (Exhibit "4") was signed by Defendant, LOVE.

42. Verification of the *International Collection Corporation v. Bretana* complaint (Exhibit "4") was signed by Defendant, HENDRICKSON.

43. Defendants attempted or threatened to collect treble damages pursuant to Cal. Civil Code § 1719 in the *International Collection Corporation v. Bretana* complaint (Exhibit "4").

44. Because BRETANA issued the subject marker to Harrah's Casino in Reno, Nevada, neither Harrah's Casino nor Defendants are entitled to treble damages under Cal. Civil Code § 1719.

45. After being served with the *International Collection Corporation v. Bretana* complaint (Exhibit "4"), BRETANA retained legal counsel, thereby incurring actual pecuniary damages.

CONSUMER LAW CENTER, INC.

By: _____
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

Larry Rothman
Larry Rothman & Associates
1 City Boulevard West, Suite 850
Orange, CA 92868
    Attorney for Defendants

on this, the 13th day of May, 2008.

Fred W. Schwinn