# Exhibit "3"

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>Defendants. | Case No. C07-05934-JF-HRL<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON, AND LUIGI CIOPPA** |

To:    International Collection Corporation
       Charles D. Hendrickson
       Luigi Cioppa
       c/o Larry Rothman
       Larry Rothman & Associates
       1 City Boulevard West, Suite 850
       Orange, CA 92868

**COMES NOW** the Plaintiff, CRIS JAO BRETANA, and pursuant to Rule 34 of the Federal

-1-

FIRST SET OF DOCUMENT PRODUCTION REQUESTS                                    Case No. C07-05934-JF-HRL

Rules of Civil Procedure requests that Defendants, INTERNATIONAL COLLECTION CORPORATION ("ICC"), CHARLES D. HENDRICKSON ("HENDRICKSON"), and LUIGI CIOPPA ("CIOPPA"), allow the Plaintiff to inspect and copy the following documents. Said production to be made at the law offices of the Consumer Law Center, Inc., 12 South First Street, Suite 1014, San Jose, California 95113-2418, within thirty (30) days of the service of this request. In the alternative, copies of these documents may be forwarded to Plaintiff's counsel prior to the expiration of this time period.

This request is intended to cover all documents in possession of ICC, HENDRICKSON or CIOPPA or subject to their custody and control, regardless of location. This request shall be deemed continuing so as to require further and supplemental production if Defendants obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

## DEFINITIONS

For purposes only of this request for production, the following term, when used in this request, shall mean:

1. **"PERSON"** means an individual, partnership, firm, corporation or governmental agency.

2. **"YOU"** or **"YOUR"** refers to Defendant, International Collection Corporation, including all past and current employees and agents of this Defendant, and any individual over which this Defendant exercises the power to control and direct.

3. **"DOCUMENT"** shall include but not be limited to, all faxed, microfilmed, oral, recorded, taped, transcribed, typed, written, or by any other means recorded:

   affidavits: agreements; appointment books; bills; books; brochures; business accounts; business records; calendars; charts; circulars; communique; compilations; complaints; computer stored information; contracts; correspondence; data; day books; diagrams; diaries; documents; drafts; faxes; files; graphs; invoices; ledgers; letters; lists; mailing lists; medical records; memorabilia; memorandums; messages; microfiche; microfilms; minutes; missives; motion pictures; motes; notices; pamphlets; papers; personal accounts; personal files; personal records; photographs; proxies; receipts; recordings; records; releases; releases to press, public or other; reports, draft and final; schedules; sketches; statements; statistics; studies; summaries; tape recordings; telegrams; teletypes; transcripts; videotapes; worksheets; and any other same or similar item. Document shall further include all copies of any document requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such documents being produced.

|   |   |
|---|---|
| 1 | DOCUMENT shall further include all copies of any DOCUMENT requested, including |
| 2 | drafts thereof, unless a copy or draft is identical in every respect to any other copy of such |
| 3 | DOCUMENTS being produced. |

4. **"IDENTIFY"** when used in reference to a **PERSON**, means to state his/her full name, his/her present or last known address, his/her telephone number, his/her present or last known position in business affiliation, his/her title or position held, by whom he/she was employed at the time of each event, transaction or occurrence herein referred to.

5. **"IDENTIFY"** when used in reference to a **DOCUMENT**, means to state the title or name of the **DOCUMENT**, the identity of the person or agency preparing it, the identity of the person who signed it or over whose name it was issued, the identity of each person to whom it was addressed or distributed, the nature or substance of the document with sufficient particularity to enable it to be identified, its date, and if it bears no date, the date when it was prepared, its physical location and the name of its custodian(s).

6. **"EXHIBIT "1""** refers to Exhibit "1" attached to the First Amended Complaint.

7. **"EXHIBIT "3""** refers to Exhibit "3" attached to the First Amended Complaint.

8. **"EXHIBIT "4""** refers to Exhibit "4" attached to the First Amended Complaint.

9. **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

10. **"RFDCPA"** means the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*

11. The term **"COMPLAINT"** or **"FAC"** refers to Plaintiff's First Amended Complaint in the above styled action.

12. The term **"ANSWER"** refers to Defendant's Answer in the above styled action.

13. The terms **"PERSON"** or **"PERSONS"** shall mean all entities, including but not limited to individuals, groups or associations however formed.

14. The term **"THE DEBT"** refers to the obligation which **YOU** were attempting to collect from the Plaintiff.

15. **"BRETANA"** means Plaintiff, Cris Lao Bretana.

16. **"ICC"** means Defendant, International Collection Corporation.

-3-

17. **"HENDRICKSON"** means Defendant, Charles D. Hendrickson.

18. **"CIOPPA"** means Defendant, Luigi Cioppa.

19. **"LOVE"** means Defendant, Franklin Jay Love.

20. **"THE CLASS"** refers to members of the putative classes described at ¶44 and ¶45 of the First Amended Class Action Complaint.

Plaintiff hereby requests that Defendants, **ICC**, **HENDRICKSON**, and **CIOPPA**, produce and permit Plaintiff to inspect and copy each of the following:

1. All **DOCUMENTS** regarding the numbers, names, and addresses of persons in California who were sent communications in the form of **EXHIBIT "1"** or **EXHIBIT "3"** between November 26, 2006, and the present.

2. All contracts between creditors and **ICC**, which resulted in sending **EXHIBIT "1"** or **EXHIBIT "3"**.

3. All contracts between creditors and **ICC** for purchases of dishonored checks by Defendant, which resulted in sending **EXHIBIT "1"** or **EXHIBIT "3"**.

4. All **DOCUMENTS** regarding **BRETANA**.

5. All **DOCUMENTS** regarding **HENDRICKSON**'s job description and duties.

6. All **DOCUMENTS** regarding **CIOPPA**'s job description and duties.

7. All **DOCUMENTS** regarding **LOVE**'s job description and duties.

8. All **DOCUMENTS** regarding monies recovered through use of **EXHIBIT "1"** or **EXHIBIT "3"**.

9. All insurance policies covering **ICC** for violations as alleged in the **FAC**.

10. All **DOCUMENTS** regarding creation, use and modification of letters in the form of **EXHIBIT "1"** or **EXHIBIT "3"**.

11. All **DOCUMENTS** regarding authorization, creation, and proceeding of Defendants' lawsuit against **BRETANA**, i.e. – **EXHIBIT "4"**.

12. All **DOCUMENTS** regarding insurance coverage of Defendants for the claims alleged in this lawsuit.

-4-

FIRST SET OF DOCUMENT PRODUCTION REQUESTS          Case No. C07-05934-JF-HRL

13. All **DOCUMENTS** regarding the calculation of the net worth of **ICC**.

14. All **DOCUMENTS** regarding **HENDRICKSON**'s net worth.

15. All **DOCUMENTS** regarding **CIOPPA**'s net worth.

16. All documents relating to the maintenance of procedures by **ICC** to ensure compliance with, and avoid violations of, the federal Fair Debt Collection Practices Act and California Rosenthal Fair Debt Collection Practices Act alleged in the **FAC**.

CONSUMER LAW CENTER, INC.

By: /s/
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

Larry Rothman
Larry Rothman & Associates
1 City Boulevard West, Suite 850
Orange, CA 92868
    Attorney for Defendants

on this, the 13th day of May, 2008.

/s/
Fred W. Schwinn

FIRST SET OF DOCUMENT PRODUCTION REQUESTS     Case No. C07-05934-JF-HRL