# Exhibit "7"

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
   Craig M. Shapiro (IL Bar No. 6284475)
6  HORWITZ, HORWITZ & ASSOCIATES, LTD.
   25 East Washington Street, Suite 900
7  Chicago, Illinois 60602-1716
   Telephone Number: (312) 372-8822
8  Facsimile Number: (312) 372-1673
   Email Address: rand@horwitzlaw.com
9

10 Attorneys for Plaintiff
   CRIS JAO BRETANA
11

12             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                       SAN JOSE DIVISION

14

15 CRIS JAO BRETANA, on behalf of himself      Case No.  C07-05934-JF-HRL
   and all others similarly situated,
16                                             **PLAINTIFF'S FIRST REQUEST FOR**
                    Plaintiff,                 **ADMISSIONS PROPOUNDED TO**
17                                             **FRANKLIN JAY LOVE**
   v.
18
   INTERNATIONAL COLLECTION
19 CORPORATION, a California corporation,
   CHARLES D. HENDRICKSON,
20 individually and in his official capacity,
   LUIGI CIOPPA, individually and in his
21 official capacity, and FRANKLIN JAY
   LOVE, individually and in his official
22 capacity,

23                  Defendants.

24
   To:   Franklin Jay Love
25         c/o Larry Rothman
           Larry Rothman & Associates
26         1 City Boulevard West, Suite 850
           Orange, CA 92868
27
         **COMES NOW** the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure
28
                                          -1-

FIRST REQUEST FOR ADMISSIONS                                     Case No. C07-05934-JF-HRL

hereby requests Defendant, FRANKLIN JAY LOVE, make the following admissions under oath and within thirty (30) days from the service of this request, for the purpose of this action only, and subject to all objections as to admissibility which may be interposed at the trial, as to the genuineness of the following described documents and/or truth of the following facts, all as hereinafter set out.

Notice is also given that each matter of which an admission is requested is admitted unless within the time specified after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his/her attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter, or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his/her answer to deny only a part of the matter of which an admission is requested, that party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless s/he states that s/he has made reasonable inquiry and that the information known or readily obtainable by him/her is insufficient to enable him/her to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; s/he may, subject to the provision of Rule 37(c) of the Federal Rule of Civil Procedure, deny the matter or set forth reasons why s/he cannot admit or deny it.

Any admission made by a party is for the purpose of this action only and is not an admission by him/her for any other purpose and may not be used against him/her in any other proceeding.

Notice is also given that under the provisions of Rule 37(c)(2) of the Federal Rule of Civil Procedure if a party fails to admit the genuineness of any documents or the truth of any matter, as requested under Rule 36 of the Federal Rules of Civil Procedure, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, that party may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred

-2-

1 | in making such proof, including a reasonable attorney fee.

## DEFINITIONS

1. **"PERSON"** means an individual, partnership, firm, corporation or governmental agency.

2. **"YOU"** or **"YOUR"** refers to Defendant, International Collection Corporation, including all past and current employees and agents of this Defendant, and any individual over which this Defendant exercises the power to control and direct.

3. **"DOCUMENT"** shall include but not be limited to, all faxed, microfilmed, oral, recorded, taped, transcribed, typed, written, or by any other means recorded:

   affidavits; agreements; appointment books; audio tapes; bills; books; brochures; business accounts; business records; calendars; charts; circulars; communiques; compilations; complaints; computer stored information; contracts; correspondence; data; day books; diagrams; dairies; documents; drafts; faxes; files; graphs; invoices; ledgers; letters; lists; mailing lists; medical records; memorabilia; memorandums; messages; microfiche; microfilms; minutes; missives; motion picturers; notes; notices; pamphlets; papers; personal accounts; personal files; personal records; photographs; proxies; receipts; recordings; records; releases; releases to press, public or other; reports, draft and final; schedules; sketches; statements; statistics; studies; summaries; tape recordings; telegrams; teletypes; transcripts; videotapes; worksheets; and any other same or similar item.

   **DOCUMENT** shall further include all copies of any **DOCUMENT** requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such **DOCUMENTS** being produced.

4. **"IDENTIFY"** when used in reference to a **PERSON**, means to state his/her full name, his/her present or last known address, his/her telephone number, his/her present or last known position in business affiliation, his/her title or position held, by whom he/she was employed at the time of each event, transaction or occurrence herein referred to.

5. **"IDENTIFY"** when used in reference to a **DOCUMENT**, means to state the title or name of the **DOCUMENT**, the identity of the person or agency preparing it, the identity of the person who signed it or over whose name it was issued, the identity of each person to whom it was addressed or distributed, the nature or substance of the document with sufficient particularity to enable it to be identified, its date, and if it bears no date, the date when it was prepared, its physical location and the name of its custodian(s).

6. **"EXHIBIT "1""** refers to Exhibit "1" attached to the First Amended Complaint.

-3-

7. **"EXHIBIT "3""** refers to Exhibit "3" attached to the First Amended Complaint.

8. **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

9. **"RFDCPA"** means the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.

10. The term **"COMPLAINT"** or **"FAC"** refers to Plaintiff's First Amended Complaint in the above styled action.

11. The term **"ANSWER"** refers to Defendant's Answer in the above styled action.

12. The terms **"PERSON"** or **"PERSONS"** shall mean all entities, including but not limited to individuals, groups or associations however formed.

13. The term **"THE DEBT"** refers to the obligation which **YOU** were attempting to collect from the Plaintiff.

14. **"BRETANA"** means Plaintiff, Cris Lao Bretana.

15. **"ICC"** means Defendant, International Collection Corporation.

16. **"HENDRICKSON"** means Defendant, Charles D. Hendrickson.

17. **"CIOPPA"** means Defendant, Luigi Cioppa.

18. **"LOVE"** means Defendant, Franklin Jay Love.

19. **"THE CLASS"** refers to members of the putative classes described at ¶44 and ¶45 of the First Amended Class Action Complaint.

Unless otherwise specified in a particular paragraph, provide the admissions requested for the time period November 26, 2006, through the present.

## ADMISSIONS REQUESTED

1. Plaintiff, CRIS JAO BRETANA ("BRETANA"), is a natural person residing in Santa Clara County, California.

2. BRETANA is a "consumer" within the meaning of 15 U.S.C. § 1692a(3)

3. BRETANA is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

4. At all relevant times, BRETANA has resided in Santa Clara County, California.

5. Defendant, ICC, is a California corporation with its principal place of business located at: 1930 Wilshire Boulevard, Suite 908, Los Angeles, California 90057-3619.

6. Defendants, ICC, HENDRICKSON and CIOPPA, are or were engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

7. Defendant, ICC, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant, ICC, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

9. Defendant, HENDRICKSON, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant, HENDRICKSON, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

11. Defendant, CIOPPA, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. Defendant, CIOPPA, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). Plaintiff, BRETANA, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

13. The principal business of Defendant, LOVE, is the collection of consumer debts owed or alleged to be owed to another.

14. Defendant, LOVE, regularly collects or attempts to collect consumer debts on behalf of its clients.

15. Defendant, LOVE, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16. The financial obligation allegedly owed by BRETANA is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Defendant, LOVE, was attempting to collect a financial obligation allegedly owed by Plaintiff on May 14, 2007.

18. On or about May 14, 2007, Defendants filed a lawsuit against BRETANA in the Superior Court of California, County of Sacramento, entitled *International Collection Corporation v. Cris Bretana, et al.*, Case No. 07-AM-04820 (hereinafter the "*International Collection Corporation v. Bretana* complaint"), which sought to collect "$1,500.00 together with interest thereon at the rate of 10 per cent per annum from June 6, 2006," "attorney fees of $180.00" and "treble damages of $1,500.00." Attached to the FAC as Exhibit "4."

19. The *International Collection Corporation v. Bretana* complaint (Exhibit "4") was signed by

Defendant, LOVE.

20. Verification of the *International Collection Corporation v. Bretana* complaint (Exhibit "4") was signed by Defendant, HENDRICKSON.

21. Defendants attempted or threatened to collect treble damages pursuant to Cal. Civil Code § 1719 in the *International Collection Corporation v. Bretana* complaint (Exhibit "4").

22. Because BRETANA issued the subject marker to Harrah's Casino in Reno, Nevada, neither Harrah's Casino nor Defendants are entitled to treble damages under Cal. Civil Code § 1719.

23. After being served with the *International Collection Corporation v. Bretana* complaint (Exhibit "4"), BRETANA retained legal counsel, thereby incurring actual pecuniary damages.

CONSUMER LAW CENTER, INC.

By: _____
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

> Larry Rothman
> Larry Rothman & Associates
> 1 City Boulevard West, Suite 850
> Orange, CA 92868
>     Attorney for Defendants

on this, the 13th day of May, 2008.

_____
Fred W. Schwinn