# Exhibit "8"

```
 1  Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
 2  12 South First Street, Suite 1014
    San Jose, California 95113-2418
 3  Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
 4  Email Address: fred.schwinn@sjconsumerlaw.com

 5  O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
    Craig M. Shapiro (IL Bar No. 6284475)
 6  HORWITZ, HORWITZ & ASSOCIATES, LTD.
    25 East Washington Street, Suite 900
 7  Chicago, Illinois 60602-1716
    Telephone Number: (312) 372-8822
 8  Facsimile Number: (312) 372-1673
    Email Address: rand@horwitzlaw.com
 9
10  Attorneys for Plaintiff
    CRIS JAO BRETANA
11
```

12            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                       SAN JOSE DIVISION

14

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>            Defendants. | Case No. C07-05934-JF-HRL<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO FRANKLIN JAY LOVE** |

To:     Franklin Jay Love
        c/o Larry Rothman
        Larry Rothman & Associates
        1 City Boulevard West, Suite 850
        Orange, CA 92868

        **COMES NOW** the Plaintiff, CRIS JAO BRETANA ("BRETANA"), and pursuant to Rule

-1-

33 of the Federal Rules of Civil Procedure propounds the following interrogatories to Defendant, FRANKLIN JAY LOVE ("LOVE"), to be answered fully and under oath within thirty (30) days of service hereof.

## DEFINITIONS

1. **"PERSON"** means an individual, partnership, firm, corporation or governmental agency.

2. **"YOU"** or **"YOUR"** means the party answering these Interrogatories and all persons acting on behalf of such party, including but not limited to all past or present employees, agents, servants, investigators, attorneys or other representatives.

3. **"DOCUMENT"** shall include but not be limited to, all faxed, microfilmed, oral, recorded, taped, transcribed, typed, written, or by any other means recorded:

    affidavits; agreements; appointment books; audio tapes; bills; books; brochures; business accounts; business records; calendars; charts; circulars; communiques; compilations; complaints; computer stored information; contracts; correspondence; data; day books; diagrams; dairies; documents; drafts; faxes; files; graphs; invoices; ledgers; letters; lists; mailing lists; medical records; memorabilia; memorandums; messages; microfiche; microfilms; minutes; missives; motion picturers; notes; notices; pamphlets; papers; personal accounts; personal files; personal records; photographs; proxies; receipts; recordings; records; releases; releases to press, public or other; reports, draft and final; schedules; sketches; statements; statistics; studies; summaries; tape recordings; telegrams; teletypes; transcripts; videotapes; worksheets; and any other same or similar item.

    **DOCUMENT** shall further include all copies of any **DOCUMENT** requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such **DOCUMENTS** being produced.

4. **"IDENTIFY"** when used in reference to a **PERSON**, means to state his/her full name, his/her present or last known address, his/her telephone number, his/her present or last known position in business affiliation, his/her title or position held, by whom he/she was employed at the time of each event, transaction or occurrence herein referred to.

5. **"IDENTIFY"** when used in reference to a **DOCUMENT**, means to state the title or name of the **DOCUMENT**, the identity of the person or agency preparing it, the identity of the person who signed it or over whose name it was issued, the identity of each person to whom it was addressed or distributed, the nature or substance of the document with sufficient particularity to enable it to be identified, its date, and if it bears no date, the date when it was

-2-

|   |   |   |
|---|---|---|
| 1 |   | prepared, its physical location and the name of its custodian(s). |
| 2 | 6. | **"EXHIBIT "1""** refers to Exhibit "1" attached to the First Amended Complaint. |
| 3 | 7. | **"EXHIBIT "2""** refers to Exhibit "2" attached to the First Amended Complaint. |
| 4 | 8. | **"EXHIBIT "3""** refers to Exhibit "3" attached to the First Amended Complaint. |
| 5 | 9. | **"EXHIBIT "4""** refers to Exhibit "4" attached to the First Amended Complaint. |
| 6 | 10. | **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* |
| 7 | 11. | **"RFDCPA"** means the Rosenthal Fair Debt Collection Practices Act, California Civil Code |
| 8 |   | § 1788 *et seq.* |
| 9 | 12. | The term **"COMPLAINT"** or **"FAC"** refers to Plaintiff's First Amended Complaint in the |
| 10 |   | above styled action. |
| 11 | 13. | The term **"ANSWER"** refers to Defendant's Answer in the above styled action. |
| 12 | 14. | The terms **"PERSON"** or **"PERSONS"** shall mean all entities, including but not limited to |
| 13 |   | individuals, groups or associations however formed. |
| 14 | 15. | The term **"THE DEBT"** refers to the obligation which **YOU** were attempting to collect from |
| 15 |   | the Plaintiff. |
| 16 | 16. | **"BRETANA"** means Plaintiff, Cris Lao Bretana. |
| 17 | 17. | **"ICC"** means Defendant, International Collection Corporation. |
| 18 | 18. | **"HENDRICKSON"** means Defendant, Charles D. Hendrickson. |
| 19 | 19. | **"CIOPPA"** means Defendant, Luigi Cioppa. |
| 20 | 20. | **"LOVE"** means Defendant, Franklin Jay Love. |
| 21 | 21. | **"THE CLASS"** refers to members of the putative classes described at ¶44 and ¶45 of the |
| 22 |   | First Amended Class Action Complaint. |
| 23 |   | **<u>INSTRUCTIONS</u>** |
| 24 | 1. | The plural of any word shall include the singular form of that word and vice versa. |
| 25 | 2. | The masculine form of a word shall include the feminine form of that word and vice versa. |
| 26 | 3. | If the answer to any Interrogatory is "not applicable" or any similar phrase, explain why the |
| 27 |   | Interrogatory is not applicable. |
| 28 | 4. | If the answer to any Interrogatory is "unknown" or any similar phrase, explain in detail |

-3-

efforts you have made to obtain or discover the requested information.

5.  These interrogatories are continuing in nature and answers shall be promptly supplemented by the said Defendant at such time in the future as the facts and information discovered hereafter shall have been ascertained, and said supplemental answers shall be filed and served upon counsel for Plaintiff reasonably after such discovery as required by law.

6.  Please sign the verification and mailing certificate attached to your Answers.

7.  Unless otherwise specified in a particular paragraph, provide the information and documents requested for the time period November 26, 2006, through the present.

Plaintiff hereby requests that Defendant, LOVE, respond to the following interrogatories:

**INTERROGATORY NO. 1:** Please **IDENTIFY** the individual verifying the responses to these interrogatories by providing all of the following:

a)  full name;

b)  business address and phone number;

c)  the position held with Defendant;

d)  education and training;

e)  state how long you have been employed by Defendant;

f)  state how long you have held your current position with Defendant.

**INTERROGATORY NO. 2:** Please **IDENTIFY** and describe any **DOCUMENTS** used to describe or record **YOUR** methods and techniques used in the collection of consumer accounts. Said **DOCUMENTS** would include, but would not be limited to, collection activity logs.

**INTERROGATORY NO. 3:** Please list and explain all abbreviations and codes, letters, numerals or symbols regularly used by **YOU** in **YOUR** records or collection activities. **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 4:** Describe the process which resulted in Exhibit "4" being filed in the County of Sacramento.

**INTERROGATORY NO. 5:** Describe the process which resulted in Exhibit "4" being filed and how the amounts claimed were determined.

**INTERROGATORY NO. 6:** Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a). **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 7:** Please **IDENTIFY** all **DOCUMENTS** which would show **YOUR** compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

**INTERROGATORY NO. 8:** Please state the caption of each case **YOU** have filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to Harrah's Casino.

**INTERROGATORY NO. 9:** Please state the caption of each case **YOU** have filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to ICC.

**INTERROGATORY NO. 10:** Please **IDENTIFY** by caption, court, and civil action number, all litigation filed against **YOU** in the past 3 years alleging violations of the federal Fair Debt Collection practices Act, 15 U.S.C. § 1692 *et seq*.

**INTERROGATORY NO. 11:** Please state in complete detail the facts upon which **YOU** rely for each affirmative defense listed in **YOUR** Answer. **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

-5-

FIRST SET OF INTERROGATORIES                                    Case No. C07-05934-JF-HRL

1  **INTERROGATORY NO. 12:** Please **IDENTIFY** each **PERSON** you expect to call as a
2  witness at trial in this matter, and state as to each such **PERSON**:
3      a)    name and address;
4      b)    the general subject matter on which such person is expected to testify;
5      c)    the substance of the facts or opinions to which such person is expected to testify;
6      and
7      d)    a summary of the expected testimony.

**INTERROGATORY NO. 13:** Please **IDENTIFY** each **PERSON** who you believe has any knowledge of any of the relevant or material facts in this matter and is not listed in the previous interrogatory, and state as to each such person:
    a)    name and address;
    b)    the subject matter on which such person has knowledge; and
    c)    the substance of the facts to which such person has such knowledge.

CONSUMER LAW CENTER, INC.

By: /s/
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
CRIS JAO BRETANA

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

> Larry Rothman
> Larry Rothman & Associates
> 1 City Boulevard West, Suite 850
> Orange, CA  92868
>     Attorney for Defendants

on this, the 13th day of May, 2008.

_____
Fred W. Schwinn