# Exhibit "13"

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com
Raeon R. Roulston
raeon.roulston@sjconsumerlaw.com

**CONSUMER LAW CENTER, INC.**
12 South First Street, Suite 1014
San Jose, CA 95113-2418

(408) 294-6100
Fax (408) 294-6190
www.sjconsumerlaw.com

Via Fax to: 714-363-0229

July 11, 2008

Larry Rothman
Larry Rothman & Associates
1 City Boulevard West, Suite 850
Orange, CA 92868

Re:   Bretana v. International Collection Corporation, *et al.*
      Case No. C07-05934-JF-HRL

Dear Mr. Rothman:

We are in receipt of ICC's responses to our client's Requests for Admissions, Interrogatories and Request for Production of Documents that were served on our office June 17, 2008. I have reviewed the responses and determined that they are incomplete and contain objections that are without merit. Please consider this a meet-and-confer letter pursuant to Fed. R. Civ. P. 37(a)(2)(B) and 37(d) and Civil L.R. 37-1(a) for the purpose of determining whether we are able to informally resolve these differences and preclude the need to seek Court's assistance. If you do not agree in writing to provide further responses as requested herein, Plaintiff will be forced to proceed with a motion pursuant to Federal Rules of Civil Procedure.

### Authorities Concerning Scope of Discovery

"Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) *In General*. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of person having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1] At this point in time, there has been no court order to modify this general rule pertaining to the scope of discovery.

---

[1] Fed. R. Civ. P. 26(b) (emphasis in original).

"The 'relevance to the subject matter' and 'reasonably calculated to lead to discovery of admissible evidence' standards are applied *liberally*.[2] Any doubt is generally resolved in favor of *permitting* discovery, particularly where the precise issues in the case are not yet clearly established.

"In the context of discovery, evidence is 'relevant' if it might reasonably assist a party in evaluating its case, preparing for trial, or facilitating a settlement. Admissibility is *not* the test, and it is sufficient if the information sought might reasonably lead to other, admissible evidence."[3]

"Relevance must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action. 'Relevant information includes any matter that is or may become an issue in the case.' 'The concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment.'"[4]

### Separately and Fully

The entirety of Defendants' response to Plaintiff's Interrogatories, Plaintiff's Requests for Admissions and Plaintiff's Request for Production of Documents is a single two paragraph objection:

> Theses [sic] responding parties object . . . on the grounds that they are compound in that they are directed to more than one Defendant who/which may or may not have different responses to each Request.
>
> This [sic] responding parties object . . . in that they are excessive in number and are burdensome and oppressive. They have been sent to harass these Defendants and should be limited to what the particular Defendant may or may not know.

### Interrogatories

Federal Rule of Civil Procedure 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." The requirement set forth in Fed R. Civ P. 33(b)(3) makes it clear that each interrogatory must be responded to separately and blanket objections are improper.

---

[2] *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 196, 199 (N.D.W. Va. 2000).

[3] *See Glover. South Carolina Law Enforcement Division*, 170 F.3d 411 (4th Cir. 1999), *cert dism'd*, 528 U.S. 1146 (2000).

[4] *EEOC v. Electro-Term,* 167 F.R.D. 344, 346 (D. Mass. 1996) (internal citations omitted).

### Requests for Admission

Federal Rule of Civil Procedure 36(a)(4) provides that:

> If a matter is not admitted, the answer ***must specifically deny it*** or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. (emphasis added).

Therefore, it is clear that each matter requested to be admitted must be responded to separately, and Defendants' blanket objection is improper.

### Request for Production of Documents

Federal Rule of Civil Procedure 34(b)(2)(B) provides that:

> (B) Responding to Each Item. ***For each item*** or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. (emphasis added).

Furthermore, to the extent Defendants object to part of the request, the objection "must specify the part and permit inspection of the rest."[5] Therefore, it is clear that each request for production must be responded to separately, and Defendants' blanket objection is improper.

### Generally

To the extent that Defendants believe there may be conflict among them in the answers provided, then Defendants may consider retaining separate counsel. Failing that, if there are different answers to a particular interrogatory depending on the defendant, Defendants may simply provide different responses. However, a blanket objection on the grounds that each defendant may or may not have a different answer is improper. Plaintiff's counsel could have sent duplicate sets of Interrogatories Requests for Admissions and Requests for Production of Documents to each Defendant, however such a course of action, while being unnecessary, would also be an inefficient use of time and resources.

The second part of Defendants' objection is that the discovery requests are somehow "burdensome." However, where a discovery request is objected to as unduly burdensome, the objecting party should be prepared to submit affidavits or other evidence revealing the nature of the burden, to defeat a

---

[5] Fed. R. Civ. P. 34(b)(2)(C).

motion to compel.[6]  Defendant has provided no such evidence or affidavit. Merely stating, without more, that a request is burdensome does not make it so, nor does it give a defendant the right to ignore said request.

This office remains committed to resolving these discovery disputes in good faith without resorting to motion practice before the Court. However, supplemental responses and copies of the requested documents must be received by this office on or before July 18, 2008, or we will have no choice but to file an appropriate motion with the Court.

I look forward to your prompt response.

Very Truly Yours,

Raeon R. Roulston

---

[6] *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 688-89 (D. Kan. 2004) (party resisting discovery has burden to support its objections); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2001) (objections must explain how request or interrogatory is overbroad or unduly burdensome).