# Exhibit "14"

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com
Raeon R. Roulston
raeon.roulston@sjconsumerlaw.com

# CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, CA 95113-2418

(408) 294-6100
Fax (408) 294-6190
www.sjconsumerlaw.com

Via Fax to: 714-363-0229

July 11, 2008

Larry Rothman
Larry Rothman & Associates
1 City Boulevard West, Suite 850
Orange, CA 92868

Re:   Bretana v. International Collection Corporation, *et al.*
      Case No. C07-05934-JF-HRL

Dear Mr. Rothman:

We are in receipt of Franklin J. Love's responses to our client's Request for Admissions, Interrogatories and Request for Production of Documents that were served on our office June 17, 2008. I have reviewed the responses and determined that they are incomplete and contain objections that are without merit. Please consider this a meet-and-confer letter pursuant to Fed. R. Civ. P. 37(a)(2)(B) and 37(d) and Civil L.R. 37-1(a) for the purpose of determining whether we are able to informally resolve these differences and preclude the need to seek Court's assistance. If you do not agree in writing to provide further responses as requested herein, Plaintiff will be forced to proceed with a motion pursuant to Federal Rules of Civil Procedure.

At this point, your boilerplate objections and incomplete responses make it impossible even to identify any documents for which Defendant claims these privileges. Further, Defendant Love has failed to provide a privilege log regarding these matters.

### Authorities Concerning Scope of Discovery

"Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of person having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."[1] At this point in time, there has been no court order to modify this general rule pertaining to the scope of discovery.

"The 'relevance to the subject matter' and 'reasonably calculated to lead to discovery of admissible evidence' standards are applied *liberally*.[2] Any doubt is generally resolved in favor of *permitting* discovery, particularly where the precise issues in the case are not yet clearly established.

"In the context of discovery, evidence is 'relevant' if it might reasonably assist a party in evaluating its case, preparing for trial, or facilitating a settlement. Admissibility is *not* the test, and it is sufficient if the information sought might reasonably lead to other, admissible evidence."[3]

"Relevance must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action. 'Relevant information includes any matter that is or may become an issue in the case.' 'The concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment.'"[4]

## Miscellaneous Objections

In an effort to conserve space and time, and since Defendant has for the most part used cut-and-paste objections, we are responding to the most frequently used objections only once. This is further necessary since it is impossible to tell how the multiple objections apply to the questions asked. This discussion will apply to all uses of the noted objection except where specifically augmented with additional data.

**Attorney-Client Privilege:** The purpose of this privilege is to protect communications for which the dominant purpose is to facilitate "full and frank disclosure by the client to his attorney"[5] The operative concept in claiming this privilege is that a "communication" occurred between lawyer and

---

[1] Fed. R. Civ. P. 26(b) (emphasis in original).

[2] *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 196, 199 (N.D.W. Va. 2000).

[3] *See Glover. South Carolina Law Enforcement Division*, 170 F.3d 411 (4th Cir. 1999), *cert dism'd*, 528 U.S. 1146 (2000).

[4] *EEOC v. Electro-Term,* 167 F.R.D. 344, 346 (D. Mass. 1996) (internal citations omitted).

[5] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:656 (*citing, Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

client in anticipation of or in the course of litigation. Information independently known to a client does not become privileged merely by communicating it to the attorney. Asking for "hard" information such as dates, names or addresses falls well outside any protection the legislature intended for this privilege. "This circuit has held that a privilege log is sufficient to properly assert the privilege, without explicitly holding that it is necessary to meet those requirements. . . . However, in articulating this holding, the court did not authorize general boilerplate objections as a proper method of asserting the privilege; indeed, it named a variety of methods such as in camera review and redactions of privileged material, all of which involve conveying some information about the content of the allegedly privileged material, which a boilerplate objection does not do."[6]

**Overbroad:** Only valid if the breadth of the discovery is burdensome and oppressive.[7] All of the questions propounded are specific and deal with a very narrow subject matter. Courts will consider discovery overbroad and burdensome only if it results in "extreme hardship and confusion."[8] Furthermore, "the responding party should answer whatever part of the question is proper, object to the balance and provide some *meaningful explanation* of the basis for the objection."[9]

**Right to Amend Answers:** Defendant states that the responses given were based only upon information presently known. Fed. R. Civ. P. 26(e)(2) imposes an obligation on the responding party to amend a prior response "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[10] This requirement applies even in the absence of a court order,[11] and the sanction of the exclusion of any evidence not so disclosed is available even in the absence of such an order.[12] Finally, the burden of showing substantial justification for failing to make such amendments is on the responding party.[13]

---

[6] *Burlington Northern & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (*citing Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989)).

[7] *Wing v. Challenge Machinery Co.*, 23 F.R.D. 669, 673 (S.D. Ill. 1959).

[8] *See U.S. v. Renault*, 27 F.R.D. 23, 27 (S.D.N.Y. 1960).

[9] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:1734 (*citing, Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458 (D. D.C. 2002) (emphasis in original).

[10] Fed. R. Civ. P. 26(e)(2).

[11] Fed. R. Civ. P. 26(e)

[12] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:1258 (*citing*, Fed. R. Civ. P. 37(c)(1)).

[13] *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 578 (D. N.J. 1997).

**Request for Admissions**

Plaintiff initially notes that Plaintiff served Defendant, Love, with 23 requests for admission to which said Defendant has served only 15 responses, without acknowledgment of the remaining requests. Pursuant to Federal Rule of Civil Procedure 36(a)(3), failure to respond in a timely fashion is deemed an admission.[14] If the missing responses were simply an inadvertent omission, please provide further responses to the requested admissions or they will be deemed admitted.

1. Request for Admission number 6 asks Defendant to admit that Defendants, ICC, Hendrickson and Cioppa, are or were engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendant objected citing attorney client-privilege and that the request called for a legal conclusion.

   As discussed above, any assertion of privilege must be accompanied by a privilege log. Furthermore, Defendant's objection that the request "calls for a legal conclusion" is improper. The request seeks an "application of law to fact" pursuant to Fed. R. Civ. P. 36(a)(1)(A). The request seeks information that is relevant and non-privileged, therefore Defendant has no grounds to refuse to answer.

2. Requests for Admission numbers 7 through 10 ask Defendant to admit that Defendants, ICC, and Hendrickson respectively are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c) respectively. Defendant objected citing attorney client-privilege and that the request called for a legal conclusion.

   As discussed above, any assertion of privilege must be accompanied by a privilege log. Furthermore, Defendant's objections that the requests "[call] for a legal conclusion" are improper. The request seeks an "application of law to fact" pursuant to Fed. R. Civ. P. 36(a)(1)(A). The requests seek information that is relevant and non-privileged, therefore Defendant has no grounds to refuse to answer.

3. Requests for Admission numbers 11 and 12 ask Defendant to admit that Defendant, Cioppa is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c) respectively. Defendant objected that the requests called for a legal conclusion. As discussed above, Defendant's objections that the requests "[call] for a legal conclusion" are improper. The requests seek an "application of law to fact" pursuant to Fed. R. Civ. P. 36(a)(1)(A). The requests seek information that is relevant and non-privileged, therefore Defendant has no grounds to refuse to answer.

---

[14] *Walsh v. McCain Foods, Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996); *Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F.Supp.2d 812, 817 (C.D. Cal. 2006) (no motion is necessary – unanswered requests are automatically deemed admitted); *Kansas City Cable Partners ex rel. Time Warner Entertainment Co., L.P. v. Espy*, 250 F.Supp.2d 1296, 1297 (D. Kan. 2003).

4.  Requests for Admissions numbers 13 through 15 ask Defendant, Love, to admit that Defendant's principal business is the collection of consumer debts owed or alleged to be owed to another, that Defendant regularly collects or attempts to collect consumer debts on behalf of Defendant's clients, and that Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) respectively. Defendant objected that the requests called for a legal conclusion.

    As discussed above, Defendant's objections that the requests "[call] for a legal conclusion" are improper. The requests seek an "application of law to fact" pursuant to Fed. R. Civ. P. 36(a)(1)(A). The requests seek information that is relevant and non-privileged, therefore Defendant has no grounds to refuse to answer.

### Interrogatories

5.  Interrogatory number 2 requests that Defendant identify and describe any documents used to describe or record your methods and techniques used in the collection of consumer accounts. Said documents would include, but would not be limited to, collection activity logs. Defendant's response was: "Various documents received from various clients"

    This interrogatory is intended to discover collection logs for the Plaintiff's account, and other similar materials. The materials sought are relevant in determining whether Defendants can show that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"[15] Defendants raised an affirmative defense of bona fide error in Defendants' Answer. Defendants have the burden of proof and the burden of production as to this affirmative defense.[16] Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense.

6.  Interrogatory number 3 seeks a list of the codes and abbreviations used by Defendants in their collection records. Defendant objected that the Interrogatory was overbroad and further indicated that he "[did] not understand the question."

    Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. Interrogatory number 2 seeks collection logs relevant to proving or disproving the bona fide error defense, but the discovery of the collection logs is rendered meaningless without the codes and abbreviations to decipher them. Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense.

---

[15] 15 U.S.C. § 1692k(c).

[16] *Fox v. Citicorp Cred. Svcs.*, 15 F.3d 1507 (9th Cir. 1994).

7. Interrogatories number 4, and 5 request Defendant to describe the process which resulted in Exhibit "4" being filed in Sacramento, and how the amounts claimed were determined, respectively. Defendant responded to each interrogatory identically: "Processed information received from client and objection – attorney-client privilege"

These interrogatories seek information of the type requested in Interrogatory number 3; the procedures maintained by Defendants to avoid violating the FDCPA. Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. These interrogatories are even more directly on point than Interrogatory number 3. Therefore, Defendant must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense.

8. Interrogatory number 6 requests Defendant to describe in complete detail the maintenance of all procedures utilized by Defendant to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a). Defendant responded: "Analysis and review of all documents by me to insure that errors are not made."

This interrogatory seeks information regarding the effectiveness of the procedures maintained by Defendants in order to avoid noncompliance with the relevant statutes. If it appears that noncompliance occurs despite the procedures that Defendants maintain, then clearly such procedures are not "reasonably adapted" to avoid such noncompliance and Defendants would be unable to meet their burden under the bona fide error defense. To this end, this interrogatory seeks information pertaining to documents on the subject of whether the procedures maintained by Defendants are resulting in compliance or noncompliance. If Defendants do not intend to abandon the bona fide error defense, Defendant should produce a concrete and detailed response to this interrogatory.

9. Interrogatory number 7 requests that Defendant identify all documents which would show Defendant's compliance or noncompliance with the federal fair debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Defendant objected that the Interrogatory was overbroad and further indicated that he "[did] not understand the question."

This interrogatory seeks information regarding the effectiveness of the procedures maintained by Defendants in order to avoid noncompliance with the relevant statutes. If it appears that noncompliance occurs despite the procedures that Defendants maintain, then clearly such procedures are not "reasonably adapted" to avoid such noncompliance and Defendants would be unable to meet their burden under the bona fide error defense. To this end, this interrogatory seeks information pertaining to documents on the subject of whether the procedures maintained by Defendants are resulting in compliance or noncompliance. If Defendant does not intend to abandon the bona fide error defense, Defendant should produce a concrete and detailed response to this interrogatory.

10. Interrogatories number 8 and 9 request that Defendant state the caption of each case Defendant has filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to Harrah's Casino, and ICC respectively. Defendant objected that the information is in "public records available to all parties."

Defendant's response implies that since Defendant asserts that the requested documents are "public records," Plaintiff should obtain them without the help of Defendant. However, a party may not refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party.[17] Nor may a party object that information is more readily available to the requesting party.[18] Taken together, it is clear that Defendant's objection to this request is improper. While Plaintiff could conceivably make a painstaking search to obtain the information, Defendant is in the best position to provide information on cases that Defendant has filed. The requested information is relevant and non-privileged, therefore Defendant has no grounds to deny Plaintiff's request.

11. Interrogatory number 11 requests Defendant to state, in complete detail, the facts on which Defendant relies for each affirmative defense, including reference to all documents supporting the answer. Defendant objected that the Interrogatory was overbroad and compound.

Although an interrogatory seeking every relevant fact and piece of evidence within Defendant's knowledge could be overbroad, it is entirely permissible to seek the discovery of the factual basis of a claim or defense.[19] Furthermore, an answer that discovery or investigation is still continuing does not relieve a party from the obligation of providing an answer based on the information that is currently available to it.[20] Therefore, it would be appropriate for Defendant to provide an answer based on the information currently available to Defendant, and to supplement the answer in the event that further investigation warrants it.

### Requests for Production of Documents

12. Document Request number 6 seeks all documents relating to the alleged debt of Plaintiff and the collection thereof. Defendant responded that "I am still reviewing documents and will provide these to you."

---

[17] See *Davidson v Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

[18] See *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004).

[19] See, e.g. *Chatman v. American Export Lines, Inc.*, 20 F.R.D. 176, 178 (S.D.N.Y. 1956).

[20] *Barker v. Bledsoe*, 85 F.R.D. 545, 548 (W.D. Ok. 1979).

Pursuant to the instructions in Plaintiff's Request for Production of Documents, all responsive documents should have be made available to Plaintiff's counsel within thirty-five days of service of the document request. As of the date of this letter, Plaintiff has received no requests for an extension of time, no proposal for reasonable alternative production, which is definite in scope, time, place or manner and no motion for a protective order. The requested documents should have been made available for Plaintiff's counsel's inspection within the thirty-five day period.[21]

13. Document Request number 7 seeks copies of all the documents relating to the litigation identified in Exhibit "4." Defendant's response was, "Other than public records that Plaintiff has, none that are not subject to attorney client privilege."

As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log. As further discussed above, Defendant may not object on the basis that the information sought is a "public record." Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.

14. Document Request number 8 seeks copies of all the documents regarding the amounts claimed in Exhibit "4." Defendant's response was, "Other than public records that Plaintiff has, none that are not subject to attorney client privilege."

As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log. As further discussed above, Defendant may not object on the basis that the information sought is a "public record." Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.

15. Document Request number 9 seeks copies of all the documents regarding the determination to file Exhibit "4" in Sacramento. Defendant's response was, "Other than public records that Plaintiff has, none that are not subject to attorney client privilege."

As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log. As further discussed above, Defendant may not object on the basis that the information sought is a "public record." Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.

---

[21] *Id.*

16. Document Request number 10 seeks copies of all the documents regarding regarding the relationship between or among ICC, Hendrickson, Cioppa, and Love. Defendant's response was, "Other than public records that Plaintiff has, none that are not subject to attorney client privilege."

    As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log. As further discussed above, Defendant may not object on the basis that the information sought is a "public record." Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.

17. Document Request number 11 seeks copies of the Complaint for all lawsuits Defendant has filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to Harrah's Casino between November 26, 2004, and November 26, 2007. Defendant objected that the information is in "public records available to all parties."

    As discussed above, such an objection, without a response, is improper. The requested information is relevant and non-privileged, therefore Defendant has no grounds to deny Plaintiff's request.

18. Document Request number 12 seeks copies of the Complaint for all lawsuits Defendant has filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to be owed to ICC between November 26, 2004 and the present. Defendant objected that the information is in "public records available to all parties."

    As discussed above, such an objection, without a response, is improper. The requested information is relevant and non-privileged, therefore Defendant has no grounds to deny Plaintiff's request.

19. Document Request number 15 seeks copies of all documents in Defendant's possession sent to or received from anyone which in any way relate to the debt owed by Plaintiff. Defendant's response was, "Other than public records that Plaintiff has, none that are not subject to attorney client privilege."

    As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log. As further discussed above, Defendant may not object on the basis that the information sought is a "public record." Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.

20. Document Request number 20 seeks a copy of the entire contents of the collection file

maintained by Defendant, Franklin J. Love, pertaining to the collection of the debt allegedly owed by Plaintiff. Defendant offered no response to, nor even an acknowledgment of, this request

The requested document is relevant in evaluating the Defendants' claimed bona fide error defense. The entire file that pertains to Plaintiff and the debt Defendant attempted to collect is both relevant and reasonably likely to lead to the discovery of admissible evidence. If Defendants intend to proceed with their bona fide error defense, these documents must be produced. As noted above, all claims of privilege must be accompanied with a privilege log.

Defendant has also replied "I do not know yet" to various Interrogatories and Requests for Production of Documents. Within thirty (30) days of service of the discovery, Defendant is required to respond to the extent of his knowledge, and not withhold information until he has a complete and/or exhaustive answer to the request. Defendant also has a duty to supplement his responses whenever new information responsive to a request becomes available.

This office remains committed to resolving these discovery disputes in good faith without resorting to motion practice before the Court. However, supplemental responses and copies of the requested documents must be received by this office on or before July 18, 2008, or we will have no choice but to file an appropriate motion with the Court.

I look forward to your prompt response.

Very Truly Yours,

Raeon R. Roulston