LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220  Telephone
(714) 363 0229  Facsimile
tocollect@aol.com   E-Mail

Attorneys for the Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON, AND FRANKLIN LOVE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| HERMINIA LORENZO CRUZ<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, and FRANKLIN JAY LOVE,<br><br>　　　　Defendants. | Case No: C07-05934 JF(Hrl)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL ALL WRITTEN DISCOVERY<br><br>DATE: September 23, 2008<br>TIME: 9:00 a.m.<br>COURTROOM: 2 |

1

MEMORANDUM OF POINTS AND AUTHORITIES
  IN OPPOSITION TO MOTION TO
  COMPEL ALL WRITTEN DISCOVERY

C07-05934 JF(Hrl)

The Defendants submit the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Dismiss the Complaint.

## STATEMENT OF FACTS

This is a discovery dispute. In this one Motion are three Motions to Compel further responses. The Defendants timely responded to discovery. Plaintiff's counsel sent a purported "Meet and Confer" Letter. Due to the numerous items questioned, Defendant's counsel wanted as *proper protocol* in this District to have a phone conversation concerning the discovery dispute.

Instead to responding to the two requests for a phone conference sent by Defendant's counsel, Plaintiff's counsel responded by filing this Motion.

The Declaration of Larry Rothman indicates his attempt to resolve these Disputes. Plaintiff ignored these requests to meet and confer.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## THE PLAINTIFF NEVER PROPERLY "MET AND CONFERRED" PRIOR TO FILING THIS MOTION

**Conference with opposing counsel requirement:** Counsel are required to "confer" in an effort to resolve disputes regarding discovery or disclosure before bringing motions. (The conference need not be in person; a phone conference will suffice.) The moving papers must include a certification that the movant has "in good faith conferred or attempted to confer" with the other party in an attempt to resolve the dispute without court action. [FRCP 37(a)(1); see *Robinson v. Potter* (8th Cir. 2006) 453 F3d 990, 995—motion to compel properly denied where moving party did not show parties had attempted to confer in good faith to resolve discovery dispute before filing motion; *Soto v. City of Concord* (ND CA 1995) 162 FRD 603, 623—must attempt to have a *live exchange* of ideas and opinions; *Tri-Star Pictures, Inc. v. Unger* (SD NY 1997) 171 FRD 94, 99—movant must detail efforts to confer and explain why they proved useless; *Hoelzel v. First Select Corp.* (D CO 2003) 214 FRD 634, 636—single e-mail message not a meaningful meet and confer]

---

3

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO
COMPEL ALL WRITTEN DISCOVERY

C07-05934 JF(Hrl)

In the California Northern District, **no discovery** motion will be entertained unless counsel "have previously conferred for the purpose of attempting to resolve all disputed issues." A willful failure to confer may result in an order for the payment of reasonable expenses, including attorney fees, to the other side. [ND CA 37–1(a)]

**Resolution by telephone conference:** if during a discovery event, a dispute arises that the parties are unable to resolve after good faith negotiations, counsel may contact the judge's chambers to ask if the judge is available to address the problem through a telephone conference. [ND CA Rule 37–1(b)]

**Burden on moving party:** The burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery. [*In re Sulfuric Acid Antitrust Litig.* (ND IL 2005) 231 FRD 331, 333; see *Packman v. Chicago Tribune Co.* (7th Cir. 2001) 267 F3d 628, 647—denial of motion not an abuse of discretion

4

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO
COMPEL ALL WRITTEN DISCOVERY

C07-05934 JF(Hrl)

"absent a clear showing that the denial of discovery resulted in actual and substantial prejudice" to moving party]

[**Burden on party resisting discovery:** The party opposing the motion to compel must support each ground on which it refused discovery: "Objections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned." [*DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 681, fn. 1]

**Factors considered in ruling on motion to compel:** When a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility and materiality. [*CSC Holdings, Inc. v. Redisi* (7th Cir. 2002) 309 F3d 988, 992]

**Materiality:** Courts may deny motions to compel depositions that would not aid in "the exploration of a material issue." [*Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc.* (7th Cir. 1995) 61 F3d 1250, 1254]

---

5

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO
COMPEL ALL WRITTEN DISCOVERY

C07-05934 JF(Hrl)

**"Undue burden"**: A motion to compel may be denied on the ground that the discovery sought would impose an "undue burden" on the responding party (see FRCP 45(c)(3)(A)(iv)) or that its benefits are outweighed by its burdens (FRCP 26(b)(2)(C)(iii)). [*CSC Holdings, Inc. v. Redisi*, supra, 309 F3d at 993—rejecting "undue burden" claim]

California law sets for the meaning of "meet and confer" with respect to the feeble claim of the Movant that he "met and conferred". Most motions made under California Code of Civil Procedure Section 2024.050 must be accompanied by declarations describing in specific detail the reasonable and good faith efforts that each party has made to confer and resolve informally each issue presented by the Motion. Failure to confer is a discovery abuse. See California Code of Civil Procedure Section 2023.010 (i). According to California Judges Benchbook: Civil Proceedings "Discovery", Thomson West Section 202A page 40 states "Factors that the judge should consider when determining whether each party has made sufficient efforts to confer and resolve the issues presented by the motion

include (see <u>Stewart v Colonial W. Agency. Inc</u>. (2001) 87 CA 4th 1006, 1015-1017, and <u>Obregon v Superior Court</u> (1998) 67 Cal. App 4th 424, 428-433.

Communications. Most judges, when examining the declarations accompanying the motion, look first at the exchange of communications that allegedly satisfy the statutory requirement. The law does not require a face-to-face meeting. See <u>California Code of Civil Procedure</u> 20023.010(i) states that the parties may confer by telephone or by letter.

In Obregon, Supra, the pertinent communications consisted of two letters. The plaintiff's attorney wrote to the defendant's attorney demanding more complete and responsive answers to numerous interrogatories; the defendant's attorney's reply made no concessions but invited the plaintiff's attorney to call him. The plaintiff thereupon filed a motion to compel. In light of the circumstances presented in Obregon, the exchange was insufficient to constitute conferring. It was incumbent on the plaintiff's attorney to contact the defendant's attorney again to try to resolve the issues raised by the motion.

7

MEMORANDUM OF POINTS AND AUTHORITIES
    IN OPPOSITION TO MOTION TO
    COMPEL ALL WRITTEN DISCOVERY

C07-05934 JF(Hrl)

## II

## THERE IS NO RULE THAT ALLOWS ONE MOTION

## TO BE FILED FOR THREE SEPARATE DISCOVERY DISPUTES

Last, while merely a technically, there is no rule that allows a party to file one motion for three separate discovery disputes. As such, this Motion should be summarily denied.

## CONCLUSION

As such, the Motion should be denied.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:   September 2, 2008

_____
LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON,

8

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO
COMPEL ALL WRITTEN DISCOVERY

C07-05934 JF(Hrl)

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On September 2, 2008, I served the foregoing document described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL ALL WRITTEN DISCOVERY
on the parties listed below in this action by placing a true copy thereof or the originals via electronic mail through the ECF system of the United States District Court to the following

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

O, Randolph Bragg, Esq.
Craig M. Shapiro, Esq.
Horwitz, Horwitz & Associates, LTD
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716


[X]     **BY ELECTRONIC MAIL.** I caused the above document to be electronically mailed through the ECF system of the United States District Court. Executed on September 2, 2008, at Orange California.

FEDERAL. I declare that I am employee in office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

_____
LARRY ROTHMAN