**\*E-FILED 9/22/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br>   v.<br><br>INTERNATIONAL COLLECTION CORPORATION; CHARLES D. HENDRICKSON, LUIGI CIOPPA, and FRANKLIN JAY LOVE,<br><br>               Defendants.<br>_____ / | No. C07-05934 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>[Re: Docket No. 36] |

      This is a putative class action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33. Plaintiff now moves for an order deeming certain matters admitted and compelling defendants to answer interrogatories and requests for admission and to produce documents. Defendants oppose the motion. Although they reportedly later agreed to serve supplemental discovery responses by September 15, 2008 (see Schwinn Suppl. Decl., ¶ 4), plaintiff advises that the promised discovery has not been produced. (See id., ¶¶ 6-8).

      Pursuant to Civil Local Rule 7-1(b), this court finds the matter suitable for determination without oral argument, and the September 23, 2008 motion hearing is VACATED. Upon

consideration of the moving and responding papers, this court GRANTS plaintiff's motion.

**1.       Plaintiff's Meet-and-Confer Efforts**

Defendants have failed to oppose the substance of plaintiff's motion in any way. Instead, they simply argue that the instant motion is defective because plaintiff (a) filed a single motion to address three kinds of discovery; and (b) allegedly failed to meet-and-confer about the disputed discovery by telephone. The court rejects these arguments. Defendants have failed to convince that plaintiff's motion should be barred on the ground that "there is no rule that allows a party to file one motion for three separate discovery disputes." (Opp. at 8). Moreover, upon review of the record presented, the court finds that plaintiff satisfied his meet-and-confer obligations. Plaintiff asserts that, although the parties agreed to a telephonic conference prior to the filing of the instant motion, defense counsel failed to place the call on the appointed day and time. Plaintiff's counsel apparently continued his attempts to speak with defense counsel by telephone before filing the instant motion, but defense counsel did not answer or return those calls. (See Schwinn Suppl. Decl., ¶ 3).

**2.       Discovery Requests to Defendants International Collection Corp. ("ICC"), Hendrickson and Cioppa**

Defendants failed to respond to any of the discovery requests served by plaintiff. Instead, they merely asserted a blanket objection as follows:

> Theses [sic] responding parties object to Interrogatories 1 through 26 on the grounds that they are compound in that they are directed to more than one Defendant who/which may or may not have different responses to each Request for Admission.
>
> This [sic] responding parties object to Interrogatories in that they are excessive in number and are burdensome and oppressive. They have been sent to harass these Defendants and should be limited to what the particular Defendant may know or not know.

(Schwinn Decl., Ex. 5). These defendants asserted essentially the same blanket objection in response to plaintiff's requests for admission and document requests. (Id., Exs. 4 and 6).

Answers to discovery (and any grounds for objection) must be stated with specificity as to each request. See FED.R.CIV.P. 33(b)(1)(B) and (b)(3) (parties responding to interrogatories

2

"must furnish the information available to the party" and must answer each interrogatory "separately and fully in writing under oath."); FED.R.CIV.P. 34(b)(2) (as to each item or category, responding parties must state objections or state that the requested information will be produced); Fed.R.Civ.P. 36(a)(4) (as to each request, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."). Defendants' blanket objections are inadequate. Plaintiff's motion as to these requests is granted.[1]

**3.   Requests for Admission to Defendant Love**

  **a.   Request Nos. 6-16**

These requests seek admissions that:

- Defendants ICC, Hendrickson and Cioppa are or were engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another;

- Defendants ICC, Hendrickson and Cioppa are each a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c);

- Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3);

- Defendant Love's principal business is the collection of consumer debts owed or alleged to be owed to another;

- Defendant Love regularly collects or attempts to collect consumer debts on behalf of clients;

- Defendant Love is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and

- The financial obligation allegedly owed by Bretana is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

(Schwinn Decl., Ex. 7).

---

[1] "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED.R.CIV.P. 33(a)(1). There is no indication that this presumptive limit has been modified by stipulation or order. Nevertheless, in view of defendants' failure to respond to the substance of the instant discovery motion, the court will grant plaintiff's motion as to all twenty-six interrogatories. Moreover, there is no numeric limit on requests for admission or requests for the production of documents; and there is no indication that any such limits have been imposed in this case by stipulation or order.

3

1    Defendant objected to these requests on the ground that they call for legal conclusions or
2 information protected by the attorney-client privilege (or both). He apparently has not produced
3 a privilege log as required by Fed.R.Civ.P. 26(b)(5). Nor does the court find justification for
4 his "legal conclusion" objections.

5    Rule 36 of the Federal Rules of Civil Procedure permits a party to seek admissions
6 about, among other things, "facts, the application of law to fact, or opinions about either."
7 FED.R.CIV.P. 36(a)(1)(A). In responding to a request for admission, a party must either admit
8 the matter, specifically deny it, or "state in detail why the answering party cannot truthfully
9 admit or deny it." Fed.R.Civ.P. 36(a)(4). "A denial must fairly respond to the substance of the
10 matter; and when good faith requires that a party qualify an answer or deny only a part of a
11 matter, the answer must specify the part admitted and qualify or deny the rest." Id. Lack of
12 knowledge or information may only be asserted as a reason for failing to admit or deny "only if
13 the party states that it has made reasonable inquiry and that the information it knows or can
14 readily obtain is insufficient to enable it to admit or deny." Id.

15    Defendant's responses are deficient. Accordingly, plaintiff's motion as to Request for
16 Admission Nos. 6-16 is GRANTED.

17    **b.    Requests 17-23**

18    The record shows that defendant Love did not respond at all to Requests for Admission
19 Nos. 17-23. (Schwinn Decl. ¶¶ 9, 12, Exs. 7 and 10). Although plaintiff subsequently agreed to
20 give defendants additional time to July 23, 2008 to serve supplemental responses, and despite
21 defendants' reported promise to serve supplemental responses by September 15, 2008,
22 plaintiff's counsel attests that Love has not served responses to these requests for admission.
23 (Id., ¶¶ 18, 20; Schwinn Suppl. Decl., ¶ 8). Accordingly, the matters requested are
24 automatically deemed admitted. See FED.R.CIV.P. 36(a)(3) ("A matter is admitted unless,
25 within 30 days after being served, the party to whom the request is directed serves on the

4

1  requesting party a written answer or objection addressed to the matter and signed by the party or
2  its attorney.").[2]

### 4. Interrogatories 2-9, 11 and 13 to defendant Love

#### a. Interrogatory No. 2

This interrogatory asks Love to "identify and describe any documents used to describe or record your methods and techniques used in the collection of consumer accounts. Said documents would include, but would not be limited to, collection activity logs." (Schwinn Decl., Ex. 8). Plaintiff contends that the requested information is relevant to determining whether defendant have a viable "bona fide error" defense. Love responded only, "Various documents received from various clients." (Id., Ex. 11). This interrogatory legitimately seeks identification of documents Love will use to support his affirmative defense, and Love's response is insufficient to identify them. See Fed.R.Civ.P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Plaintiff's motion as to this interrogatory is granted.

#### b. Interrogatory No. 3

This interrogatory asks Love to "list and explain all abbreviations and codes, letters, numerals or symbols regularly used by you in your records or collection activities. Your answer should include references to any and all documents which support your answer." (See Schwinn Decl., Ex. 8). Defendant responded, "Objection, overbroad, I do not understand the question." (Id., Ex. 11). The court does not find this interrogatory to be overbroad; and, in meet-and-confer negotiations, plaintiff explained that he seeks codes and abbreviations to decipher collection logs. (Roulston Decl., Ex. 14 at 5). This is a legitimate request. Plaintiff's motion as to this interrogatory is granted.

---

[2] "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED.R.CIV.P. 36(b). Love has made no such motion; and, as discussed above, he has not even bothered to address the substance of plaintiff's motion to compel.

United States District Court
For the Northern District of California

### c. **Interrogatory Nos. 4 and 5**

Interrogatory No. 4 asks Love to "[d]escribe the process which resulted in Exhibit "4" being filed in the County of Sacramento." (Schwinn Decl., Ex. 8).[3] Interrogatory No. 5 asks him to "[d]escribe the process which resulted in Exhibit "4" being filed and how the amounts claimed were determined." (Id.). Plaintiff says that these interrogatories essentially seek information about procedures maintained by defendant to avoid violating the FDCPA. Love responded, "Processed information received from client" and objected that the interrogatories call for information protected by the attorney-client privilege. Defendant apparently has not produced a privilege log as he is required to do under Fed.R.Civ.P. 26(b)(5). In any event, it is not apparent that the privilege would extend to requested facts about defendant's procedures. Defendant's response is insufficient. Plaintiff's motion as to these interrogatories is granted.

### d. **Interrogatory No. 6**

Interrogatory No. 6 asks Love to "describe in complete detail the maintenance of all procedures utilized by you to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a). Your answer should include references to any and all documents which support your answer." (Schwinn Decl., Ex. 8). Love responded, "Analysis and review of all documents by me to insure that errors are not made." (Id., Ex. 11). Plaintiff says that this interrogatory seeks information pertaining to defendant's bona fide error defense – i.e., whether the procedures maintained by defendant are resulting in compliance or non-compliance with the FDCPA. He contends that Love's response is "so devoid of information as to be no response at all." (Mot. at 12). This court agrees. FED.R.CIV.P. 33(b). Plaintiff's motion as to this interrogatory is granted.

### e. **Interrogatory No. 7**

Interrogatory No. 7 asks Love to "identify all documents which would show your compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §

---

[3] Plaintiff's interrogatories defined the referenced "Exhibit 4" to mean Exhibit 4 to his First Amended Complaint – i.e., a purported copy of a complaint filed by defendant International Collection Corporation against plaintiff in the Sacramento County Superior Court. (See Schwinn Decl., Ex. 8; see also First Amended Class Complaint, Docket #5).

6

1692, *et seq*." (Schwinn Decl., Ex. 8).  Love responded, "Objection, overbroad and I do not understand the question."  (Id., Ex. 11).  This interrogatory is not overbroad; and, plaintiff explained in meet-and-confer negotiations what information he sought – i.e., information pertaining to the procedures maintained by defendants to avoid violating the FDCPA.  (Roulston Decl., Ex. 14).  This is a legitimate request.  Plaintiff's motion as to this interrogatory is granted.

### f. Interrogatory Nos. 8 and 9

Interrogatory No. 8 asks Love to "state the caption of each case you have filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to Harrah's Casino."  (Schwinn Decl., Ex. 8).  Interrogatory No. 9 seeks "the caption of each case you have filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to ICC."  (Id.).  Love responded, "Objection – public records available to all parties."  (Id., Ex. 11).  A party answering interrogatories must "furnish the information available to the party" and answer each interrogatory "separately and fully in writing under oath."  FED.R.CIV.P. 33(b)(1)(B)and (b)(3).  "A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party."  Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).  Moreover, defendant has not bothered to address the merits of plaintiff's arguments, much less provided any authority for the proposition that a response that information can be gleaned from the public record is an adequate response.  Plaintiff's motion as to these interrogatories is granted.

### g. Interrogatory No. 11

Interrogatory No. 11 asks Love to "state in complete detail the facts upon which you rely for each affirmative defense listed in your answer.  Your answer should include references to any and all documents which support your answer."  (Schwinn Decl., Ex. 8).  Defendant responded, "Objection – compound and overbroad."  This interrogatory, as drafted, is a legitimate query.  It is not compound or overbroad.  Plaintiff's motion as to this interrogatory is granted.

7

### h. **Interrogatory No. 13**

Interrogatory No. 13 asks Love to "identify each person who you believe has any knowledge of any of the relevant or material facts in this matter and is not listed in the previous interrogatory, and state as to each person: a) name and address; b) the subject matter on which such person has knowledge; and c) the substance of the facts to which such person has such knowledge." (Schwinn Decl., Ex. 8). Defendant responded only, "I do not know yet." (Id., Ex. 11). As discussed above, a responding party must "furnish the information available to the party" and to answer each interrogatory "separately and fully in writing under oath." FED.R.CIV.P. 33(b)(1)(B)and (b)(3). To the extent defendant is withholding information he knows now, plaintiff's motion as to this interrogatory is granted, and defendant must provide the information. He is also under a continuing duty to supplement his discovery responses as additional information becomes known. FED.R.CIV.P. 26(e).

### 5. **Document Requests to Defendant Love**

### a. **Request No. 6**

This request seeks "[a]ll documents relating in any way to the alleged debt of Plaintiff and the collection thereof." (Schwinn Decl., Ex. 9). Defendant responded, "I am still reviewing documents and will provide these to you." (Id., Ex. 12). Although plaintiff's requests were served months ago, and despite defendant's promise that documents would be produced, plaintiff's counsel avers that no documents have been produced by Love. (Id., ¶ 20; Schwinn Suppl. Decl., ¶ 8). Accordingly, plaintiff's motion as to this request is granted.

### b. **Request Nos. 7-10, 15 and 20**

These requests seek copies of:

- "all documents relating to the litigation identified in Exhibit "4";[4]
- "all documents regarding the amounts claimed in Exhibit "4";

---

[4] Plaintiff's document requests defined the referenced "Exhibit 4" to mean Exhibit 4 to his First Amended Complaint – i.e., a purported copy of a complaint filed by defendant International Collection Corporation against plaintiff in the Sacramento County Superior Court. (See Schwinn Decl., Ex. 9; see also First Amended Class Complaint, Docket #5).

8

1
2
3
4
5
6
- "all documents regarding the determination to file Exhibit "4" in the County of Sacramento";
- "all documents regarding the relationship between or amoung [sic] ICC, Hendrickson, Cioppa, and Love."
- "[a]ll documents in defendant Love's possession sent to or received from anyone which in any way related to the debt owed by Bretana";
- "the entire contents of the collection file maintained by Defendant Love pertaining to the collection of the debt allegedly owed by Bretana."

7 (Schwinn Decl., Ex. 9). Defendant responded, "Other than public records that Plaintiff has,

8 none that are not subject to the attorney client privilege." (Id., Ex. 12). Defendant failed to

9 provide a privilege log as he is obliged to do under Fed.R.Civ.P. 26(b)(5). Additionally, it is

10 generally not a ground for objection that requested documents are equally available from the

11 requesting party's own records. See St. Paul Reinsurance Co., Ltd. v. Commerical Fin. Corp.,

12 198 F.R.D. 508, 514 (N.D. Iowa 2000) (citing cases). Plaintiff's motion as to these requests is

13 granted.

14 **c.   Request Nos. 11 and 12**

15 These requests seek copies of:

16
17
- "the Complaint for all lawsuits you have filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to Harrah's Casino between November 26, 2004 and November 26, 2007"; and

18
19
- "the Complaint for all lawsuits you have filed in the state of California on behalf of ICC to recover debts owed or alleged to be owed to ICC between November 26, 2004 and the present."

20 (Schwinn Decl., Ex. 9). Defendant responded only, "Objection – public records available to all

21 parties." (Id., Ex. 12). As discussed above, Love cannot validly object to production on this

22 basis. See St. Paul Reinsurance Co., Ltd., 198 F.R.D. at 514. Plaintiff's motion as to these

23 requests is granted.

24 Based on the foregoing, IT IS ORDERED THAT:

25 1.   Plaintiff's motion to compel is GRANTED in its entirety.

26 2.   Request for Admission Nos. 17-23 to defendant Love are automatically deemed

27 admitted by operation of Fed.R.Civ.P. 37(a)(3).

28

9

1        3.     Defendants shall otherwise produce all responsive, non-privileged information
2  and documents in response to plaintiff's discovery requests and in accordance with this order **no**
3  **later than October 3, 2008**. To the extent defendants contend that any requested information
4  legitimately is shielded from discovery by virtue of the attorney-client privilege (or any other
5  ground for protection), they shall produce to plaintiff a privilege log **no later than October 3,**
6  **2008**. The privilege log shall (a) describe the nature of the documents, communications or
7  tangible things being withheld; and (b) shall do so in a manner that, without revealing
8  information itself privileged or protected, will enable other parties to assess the claimed
9  privilege or protection. Fed.R.Civ.P. 26(b)(5)(A)(ii).

10 Dated:    September 22, 2008

                                    HOWARD R. LLOYD
                                    UNITED STATES MAGISTRATE JUDGE

**5:07-cv-5934 Notice has been electronically mailed to:**

Fred W. Schwinn fred.schwinn@sjconsumerlaw.com, cand_cmecf@sjconsumerlaw.com, fschwinn@gmail.com

Larry Rothman tocollect@aol.com

O. Randolph Bragg rand@horwitzlaw.com, shannon@horwitzlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.