*E-FILED 11/12/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>INTERNATIONAL COLLECTION CORPORATION; CHARLES D. HENDRICKSON, LUIGI CIOPPA, and FRANKLIN JAY LOVE,<br><br>    Defendants.<br>_____/ | No. C07-05934 JF (HRL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**<br><br>[Re: Docket No. 48] |

    Defendant Franklin Love moves to withdraw admissions. Plaintiff opposes the motion.[1] Pursuant to Civil Local Rule 7-1(b), this court finds the matter suitable for determination without oral argument, and the November 18, 2008 motion hearing is vacated. Upon consideration of the moving and responding papers, this court grants defendant's motion.

## I.   BACKGROUND

    This is a putative class action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices

---

[1] Defendant argues that plaintiff's opposition papers should not be considered because they were not filed by the October 28, 2008 deadline. Generally, the court does not condone the failure to make timely filings and warns against future non-compliance. But it has accepted and considered plaintiff's opposition because defendant was not seriously prejudiced, if at all, by the fact that the papers were filed on the morning of October 29, 2008.

1  Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33.  Briefly stated, plaintiff allegedly incurred
2  a financial obligation – a casino marker – which plaintiff says he issued to Harrah's Casino.
3  The alleged debt reportedly was transferred to defendants, and plaintiff contends that they
4  violated the FDCPA and the RFDCPA in their communications attempting to collect it.

5  On May 13, 2008, plaintiff served several requests for admission ("RFA") on defendant
6  Love.  Love failed to respond at all to RFA Nos. 17-23.  Although plaintiff subsequently agreed
7  to give defendant additional time to July 23, 2008 to serve supplemental responses, and despite
8  defendant's reported promise to serve supplemental responses by September 15, 2008, the
9  record indicates that responses to RFA Nos. 17-23 have never been served.  Under Fed.R.Civ.P.
10 36(a)(3), the failure to timely respond to those RFAs resulted in automatic admission of the
11 matters requested.

12 Plaintiff previously filed a motion to compel in which he addressed the automatic
13 admission of RFA Nos. 17-23 to defendant Love.  Defendants made no effort to respond to that
14 motion on the merits.  It was only after this court issued its order granting that motion that Love
15 brought the instant motion to withdraw the admissions.[2]  Because Love apparently admits,
16 without qualification, the matters in RFA Nos. 17-21, he now challenges only the admission of
17 matters requested in RFA Nos. 22 and 23.  Defense counsel says that he had two separate word
18 processing files of Love's RFA responses.  He claims that he inadvertently served the word
19 processing file that contained only partial responses to plaintiff's RFAs, instead of the file that
20 contained responses to all 23 RFAs.  (See Rothman Decl.,¶ 2).[3]  Defendant maintains that the
21 admissions must be withdrawn in the interests of justice.  Plaintiff contends that there is no
22 good cause to permit withdrawal.

---

[2] Contrary to plaintiff's suggestion, this court did not order the matters admitted as a discovery sanction.  Rather, the matters were automatically deemed admitted by operation of Fed.R.Civ.P. 36 itself.

[3] Defendant has submitted to this court an undated, unsigned document which purports to be the responses to all 23 RFAs that were intended to be served.  Although he apparently faxed the document to plaintiff's counsel during meet-and-confer negotiations in an attempt to resolve the instant discovery dispute (see Rothman Decl., ¶ 5), it is not apparent that defendant's responses to all 23 RFAs have ever been served on plaintiff.

2

## II. DISCUSSION

When a party fails to timely respond to requests for admission, the matters requested are automatically deemed admitted. See FED.R.CIV.P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED.R.CIV.P. 36(b).

Withdrawal or amendment of the admissions may be permitted if withdrawal (1) will promote the presentation of the action on the merits; and (2) will not result in prejudice to the party who obtained the admission in maintaining the action or defense on the merits. FED.R.CIV.P. 36(b). "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007).

"'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" Id. (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). Here, defendant seeks to withdraw admissions concerning damages – i.e., admissions that (a) plaintiff issued the subject marker to Harrah's Casino and that neither defendants nor Harrahs' Casino are entitled to trebled damages under Cal. Civil Code § 1719 (RFA No. 22) and (b) plaintiff retained legal counsel after being served with a complaint in International Collection Corporation v. Bretana, thereby incurring actual pecuniary damages (RFA No. 23).[4] Inasmuch as the deemed admissions would preclude

---

[4] The text of RFA Nos. 22 and 23 is as follows:

RFA 22:  Because BRETANA issued the subject marker to Harrah's Casino in Reno, Nevada, neither Harrah's Casino nor Defendants are entitled to trebled damages under Cal. Civil Code § 1719.

RFA 23:  After being served with the *International Collection Corporation v. Bretana* complaint (Exhibit "4"), BRETANA retained legal counsel, thereby incurring actual pecuniary damages.

(See Docket No. 36, Schwinn Decl., Ex. 7).

3

1  defendants from refuting aspects of plaintiff's claims, this court finds that the first prong under
2  Fed.R.Civ.P. 36(b) is satisfied.

3  The second prong of Fed.R.Civ.P. 36(b) is also satisfied because plaintiff has not met
4  his burden of establishing that he will be prejudiced if the admissions are withdrawn. See
5  Conlon, 474 F.3d at 622 ("The party relying on the deemed admission has the burden of
6  proving prejudice."). In this context, prejudice is not established by reliance on a deemed
7  admission in preparing a summary judgment motion. Id. at 624. Nor does "a lack of discovery,
8  without more, constitute prejudice." Id. Instead, "[w]hen undertaking a prejudice inquiry under
9  Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer
10 at trial." Id. (citing Sonoda v. Cabrera, 255 F.3d 1035, 1039-40 (9th Cir. 2001)). Thus, "[t]he
11 prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission
12 will now have to convince the factfinder of its truth.'" Hadley, 45 F.3d at 1348 (quoting Brook
13 Village North Associates v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)). "'Rather, it relates
14 to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key
15 witnesses, because of the sudden need to obtain evidence' with respect to the questions
16 previously deemed admitted." Id. "Courts are more likely to find prejudice when the motion
17 for withdrawal is made in the middle of trial." Id.; see also Sonoda, 255 F.3d at 1040 (affirming
18 the district court's decision to permit withdrawal where the motion to withdraw was made
19 before trial and plaintiff would not be hindered in presenting evidence to the factfinder).

20 In this case, plaintiff argues that defendants and their counsel have been exceedingly
21 careless and that they should not now be rewarded for their lack of diligence. The record before
22 the court indicates that defendants have been rather cavalier with respect to their discovery
23 obligations. If there is a good explanation for their inattention, they have not provided it.
24 Nevertheless, while the court may consider other factors, such as whether the moving party can
25 show good cause for the delayed responses, consideration of the two factors under Fed.R.Civ.P.
26 36 is mandatory. Conlon, 474 F.3d at 625. Here, the court finds no prejudice as defined by the
27 Ninth Circuit. There are no motions pending which require consideration of the deemed
28

4

1  admissions; and, plaintiff has not pointed to any resolved motions which required consideration

2  of the same. Discovery remains open and no discovery deadlines or trial dates have been set.

3        This court is mindful that "Rule 36(b) is permissive, not mandatory, with respect to the

4  withdrawal of admissions." <u>Conlon</u>, 474 F.3d at 621. Thus, a district court is not required to

5  grant relief even when the two-pronged test is satisfied. <u>Id</u>. at 624. Even so, "'a court should

6  not go beyond the necessities of the situation to foreclose the merits of controversies as

7  punishment.'" <u>Hadley</u>, 45 F.3d at 1350 (quoting <u>Rubin v. Belo Broadcasting Corp.</u>, 769 F.2d

8  611, 619 (9th Cir. 1985)). Finding no detriment to plaintiff's ability to maintain this action on

9  the merits, the court will grant the motion to withdraw the deemed admissions to RFA Nos. 22

10  and 23. If defendant Love has still not served his answers to all 23 RFAs, he shall do so

11  <u>immediately</u>, and in any event, no later than ten days from the date of this order.[5]

12        SO ORDERED.

13  Dated:  November 12, 2008

15        HOWARD R. LLOYD
      UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants previously objected to plaintiff's RFAs on the ground that they reportedly seek legal conclusions. Insofar as defendant Love now attempts to resurrect those arguments here in an effort to challenge the propriety of the RFAs in question, those arguments are rejected. Indeed, as stated in the court's order granting plaintiff's motion to compel (which, as noted above, defendants made no effort to address on the merits), Rule 36 of the Federal Rules of Civil Procedure permits a party to seek admissions about, among other things, "facts, the application of law to fact, or opinions about either." FED.R.CIV.P. 36(a)(1)(A). The RFAs at issue are legitimate, and Love shall answer them.

5

**5:07-cv-5934 Notice has been electronically mailed to:**

Fred W. Schwinn fred.schwinn@sjconsumerlaw.com, cand_cmecf@sjconsumerlaw.com, fschwinn@gmail.com

Larry Rothman tocollect@aol.com

O. Randolph Bragg rand@horwitzlaw.com, shannon@horwitzlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.