LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220 Telephone
(714) 363 0229 Facsimile
tocollect@aol.com E-Mail

Attorneys for the Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
HENDRICKSON, and FRANKLIN J. LOVE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI CIOPPA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, and FRANKLIN JAY LOVE, individually and in his official capacity.<br><br>Defendants. | Case No: 5:07-cv-05934-JF<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION THEIR OF**<br><br>(F.R. C.P. RULE 56)<br><br>DATE: September 4, 2009<br>TIME: 9:00 a.m.<br>COURTROOM: 3<br>(reserved) |

1

The Defendants submit the following Memorandum of Points and Authorities in opposition to the Plaintiff's Motion For Summary Judgment.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:    August 14, 2009

LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
HENDRICKSON, FRANKLIN LOVE

2

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION THEREOF**

Case No: 5:07-cv-05934-JF

# TABLE OF CONTENTS

DESCRIPTION                                                      PAGE

MEMORANDUM OF POINTS AND                                          1
AUTHORITIES WITH ARGUMENTS

I    CHARLES D. HENDRICKSON IS NOT A
"DEBT COLLECTOR" AS 'DEFINED BY
15 USC Sections 1692a (6) AND CALIFORNIA                          1
CIVIL CODE SECTION 1788.2(c)

II  DEFENDANT, LOVE, DID NOT RATIFY
THE ACTIONS OF DEFENDANTS ICC &
HENDRICKSON, THEREBY NOT VIOLATING                                8
THE FAIR DEBT COLLECTION PRACTICES ACT

III  DEFENDANTS DID NOT VIOLATE THE
ACTION BY ATTEMPTING TO COLLECT
TREBLE DAMAGES FROM PLAINTIFF                                     8
IN ADDITION TO INTEREST

IV  THE HUNT CASE RELATING TO
ACTIONABLE CHARGES UNDER THE
FAIR DEBT COLLECTION ACT
HAS BEEN OVERRULED BY EXXON                                      17

V  THE DEFENDANTS HAVE AN ABSOLUTE
DEFENSE IN THIS ACTION AND SUCH DEFENSE
WAS NOT MENTIONED OR ARGUED IN THE
MOVING PAPERS                                                    20

VI  PLAINTIFF CANNOT BENEFIT FROM HIS OWN                        21
WRONGFUL ACT

CONCLUSION                                                       23

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION THEREOF                    Case No: 5:07-cv-05934-JF

# TABLE OF AUTHORITIES

**Cases**

Beattie v. D.M. Collections, Inc (1991) 754 F. Supp 383, 392 ..........................................22

Clark v. Capital Credit & Collection Service (9th circuit) 460 F. 3rd 1161, 1174...........22

Daniels v. McPhail (1949, Cal App) 93 Cal App 2d 479, ..............................................23

Hillyer v The Overman Silver Mining Co (1870) 6 Nev 51 ............................................10

Hogan v. Anthony (1919, Cal App) 40 Cal App 679, " ................................................23

Hunt v Check Recovery Systems, Inc.  (2007) 478 F Supp 2d 1157 ....................,17,19

Imperial Merchant Services, Inc. v Hunt  (2009) ..........................................................20

Imperial Merchant Services, Inc. v Hunt (2008) 528 F.3d 1129 ...................................19

In Re the Exxon Valdez (2007), 484 F.3d 1098 .............................................................19

Johnson v. Riddle (10th Cir. 2006) 443 F3d 723, 728 ..................................................22

Moss v. Superior Court (1998) 17 Cal. 4th 396, 429 ....................................................20

Mughrabi v Suzuki (1988) 197 Cal. App 3d 1212.....................................................16, 17

Nguyen v State of Nevada (2000) 116 Nev 1171 ..........................................................10

Phillips Petroleum Company v. Shutts (1985) 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d
   628...........................................................................................................................12

Shapoff v Scull (1990) 222 ..............................................................................................7

Shapoff v Scull (1990) 222 al. App 3d 1457 ...................................................................8

Tutt v. Van Voast (1939, Cal App) 36 Cal App 2d 282, ................................................23

West v. Costen (1983) 558 F. Supp 584 ..........................................................................7

**Statutes**

15 U.S.C.  Section 1692.....................................................................,13,14, 15, 20,

15 U.S.C. Section 1692f...................................................................................................15

15 USC , Section 1692a.....................................................................................................6

15 USC Sections 1692 e...................................................................................................15

15 USC § 1692f..................................................................................................................6

15 USC § 1692k................................................................................................................22

California Civil Code Section 1719...........................................................................15, 19

California Civil Code Section 1914................................................................................16

California Civil Code Section 1915................................................................................16

California Civil Code Section 3287                                                                           19

California Civil Code Section 3290................................................................................16

California Civil Code Section 3517................................................................................22

California Civil Code Section 3523................................................................................23

California Penal Code 476a............................................................................................16

NRS 205.130.....................................................................................................................10

**Thesis**

9 Witkin, California Law 10th Ed, pages 785 to790 ........................................................7

4

# MEMORANDUM OF POINTS AND AUTHORITIES
# WITH ARGUMENTS

## I

## CHARLES D. HENDRICKSON

## IS NOT A "DEBT COLLECTOR" AS 'DEFINED BY 15 USC Sections 1692a

## (6) AND CALIFORNIA CIVIL CODE SECTION 1788.2(c)

Plaintiff claims that Charles D. Hendrickson, **personally** is a "Debt Collector"

According to 15 USC , Section 1692a (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 USCS § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security

interests. **The term does not include--**

**(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; (emphasis added)...**

There are no allegations of alter-ego in the Second Amended Complaint, claiming that Mr. Hendrickson is the alter-ego of International Collection Corporation.   Although the Moving Papers state certain functions of the corporation that Mr. Hendrickson performs for the corporation,  there is no proof that supports the piercing of the corporation to hold Mr. Hendrickson liable (even if alter ego was proved.   To prove alter ego, the Movant must prove the elements set forth in 9 Witkin, California Law 10th Ed, pages 785 to790.   See also Shapoff v Scull (1990) 222 Cal. App 3d 1457.    Hendrickson is merely an officer of ICC.  There are no facts holding him personally liable for any alleged wrongful acts under any theory of alter-ego since he is merely an employee of  International Collection Corporation. In West v. Costen (1983) 558 F. Supp 584, cited by the Movant in support of  his claim to pierce the corporate veil, that Court stated:

"Courts have considered the following factors in determining whether to disregard the corporate entity: inadequacy of corporate capitalization for the venture undertaken; failure to observe corporate formalities; non-payment of

6

dividends; insolvency of the debtor corporation at the relevant time; siphoning of funds of the corporation by the dominant shareholder, non-functioning of other officers or directors; absence of corporate records; and the fact that the corporation is a mere facade for the dominant shareholder. Of course, the conclusion to disregard the corporate entity must involve a number of these factors; no single factor is sufficient.

But undercapitalization, coupled with disregard of corporate formalities, lack of participation on the part of the other stockholders and the failure to pay dividends while paying substantial sums, whether by way of salary or otherwise, to the dominant stockholder, all fitting into a picture of basic unfairness, has been regarded fairly uniformly to constitute a basis for imposition of individual liability under the doctrine." Unlike the cited case, ICC did not intermingle funds, pay Charles Hendrickson a high salary, and kept proper corporate records. The Movant has not submitted any evidence to support his claims.

**II**

7

## DEFENDANT, LOVE,  DID NOT RATIFY THE ACTIONS OF

## DEFENDANTS ICC & HENDRICKSON, THEREBY NOT VIOLATING

## THE FAIR DEBT COLLECTION PRACTICES ACT

The Movant did not proffer any admissible evidence that Defendant, LOVE, ratified the collection letter to ICC.   The Movant does not submit any law that supports Plaintiff's claim that :

Being on retainer by ICC and allowing the use of his name being referred to in a letter sent out by ICC does not ratify the approval of the letter and cause Love to "violate the FDCA" on the basis of the letter being sent.   The Movant does not cite any cases which support his conclusion of the Movant that Love is jointly responsible and liable for the FDCA "claimed violations" in the collection letters and that ICC and Hendrickson are liable for any violations of Love.

## III

## DEFENDANTS DID NOT VIOLATE THE ACTION BY ATTEMPTING TO

## COLLECT TREBLE DAMAGES FROM PLAINTIFF

## IN ADDITION TO INTEREST

The Debt was not a gambling debt.   The Plaintiff was merely loaned money.

---

**8**

(See Declaration of Mark Spreitzer filed concurrently).   The Plaintiff was free to use the money in any way he chose.

In addition, all alleged wrongful acts were done in California.  Plaintiff's check bounced in California.    In <u>Nguyen v State of Nevada</u> (2000) 116 Nev 1171 The casino was actually deterring cashing the check.  The casino sent him a letter that he had an outstanding debt before they submitted the check for payment.  In the case before this court,  no such notice was given.  Harrahs simply submitted the check for payment without any notice.  Even under the Nguyen scenario, the Court found that this was not a credit transaction.   "<u>Nguyen</u> contends that the markers are better characterized as credit instruments outside the scope of NRS 205.130.  According to Nguyen, the practice of delaying payment of the mark renders the instrument a loan document, whereby the signer agrees to pay the debt before the agreed-upon but unwritten disposition date.  The Nguyen Court disagreed and indicated that whether an obligee chooses to cash a check immediately or at a later date does not alter the character of the instrument.  Further, there was no evidence that Nguyen and the casinos understood the marker to affect a contract for a loan.  See also <u>Hillyer v The Overman Silver Mining Co</u> (1870) 6 Nev 51 which held that the parties to a contract must mutually assent to its terms.  The Nguyen Court determined that the markers issued at that time did not compensate the casino for

9

preexisting debts. Nguyen executed the markers to purchase gaming tokens, which he could exchange for currency. In that manner, Nguyen deprived the casinos of property.

In the case before this Court, the date of the note dated 10/17/05 is the date of the transaction. There was no preexisting debt of any kind. The instruments states "For value received, I represent that the above amount is on deposit in said bank subject of this check and is hereby assigned to the payee". The instrument unmistakably is a contemporaneous transaction with more force than an ordinary check with this language. The instrument makes it absolutely clear that there is no type of post dating or that it is a credit transaction of any kind. Furthermore, as is the case with any patron, there is no restriction on the use of the money. They can use it for a host of hotel activities, i.e., food, beverage, entertainment shopping or simply put the money in their pocket. The patron can gamble if he so desires, and since the persons has no debt at the time, it could have left the casino and used the money at a different casino for any purpose.

In fact, Bretana's deposition Page 15 lines 14 to 22, does not demonstrate gambling on credit. All that he states from his own admission of a fuzzy recall that he asked for cash. He states that Harrah checked their computer and he could obtain up to $5,000.00 or $8,000.00 which means that he could "cash" a check up

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION THEREOF                          Case No: 5:07-cv-05934-JF

to that amount.  There is nothing indicating that there was any type of agreement that the cashing of the check was anything other than what it says it was, to wit, a contemporaneous exchange of a check with the specific representation that he had the amount in his account that date.  He presents no evidence whatsoever of any agreement to defer payment on the check.

The Movant claims that the debt arose in Nevada.  As such Nevada law should be followed and California law is not applicable.  The Movant cites no authority for such a proposition. In fact, FDCA provides that a debtor can be sued either where he signed agreement or where he lives.  FDCA contemplates multiple venues are applicable for any given cause of action, therefore either suit in Nevada or California is permissible under these facts.

The Forum state generally applies its own law.  See <u>Phillips Petroleum Company v. Shutts</u> (1985) 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628.   Thus this Court would apply California law based upon Civil Code Section 1719.

The Movant misinterprets the facts and law-fact is this is an action upon a dishonored instrument-not a negotiable one-it has already been negotiated-further the holding applies only between purported holders

---

**11**

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION THEREOF                    Case No: 5:07-cv-05934-JF

# IV

## THE MOVANTS DID NOT VIOLATE THE

## FAIR DEBT COLLECTION ACT BY REQUESTING INTEREST

## AND TREBLE DAMAGES

In paragraph 53 a,  Plaintiff  claims that "Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. Section 1692 e(2)(A)"

In paragraphs 53 b) Plaintiff claims that "Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. Section 1692e)2)(B)."

In Paragraph 53 c)  Plaintiff claims that "Defendants attempted or threatened to collect treble damages from Plaintiff pursuant to California Civil Code Section 1719, an action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. Section 1692e(5).

---

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION THEREOF**                    Case No: 5:07-cv-05934-JF

In paragraph 53 d) Plaintiff claims that "Defendants attempted or threatened to collect interest in addition to a check fee from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. Section 1692e(5).

In paragraph 53 e  Plaintiff claims that Defendants attempted or threatened to collect attorney fees from Plaintiff, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. Section 1692 e(5)

In paragraph 53 f) Plaintiff claims that Defendants communicated or threatened to communicate credit information regarding the debt, which was known by Defendants to be false, to a consumer reporting agency, in violation of 15 U.S.C. Section 1692 e(8).

In Paragraph 53 g), Plaintiff claims that Defendants falsely represented that Defendants were lawfully entitled to interest in addition to a check fee in violation of 15 USC Sections 1692 e and 1692e(10)

In Paragraphs 53 h), Plaintiff claims that Defendants falsely

---

13

represented that Defendants were lawfully entitled to attorney's fees in violation of 15 USC Section 1692 and 1692 e (10).

In paragraph 53 i), Plaintiff claims that Defendants falsely represented that Defendants were entitled to collect treble damages from Plaintiff pursuant to Cal. Civil Code Section 1719, in violation of 15 USC Sections 1692 e and 1692e (10);

In Paragraph 53j), Plaintiff claims that Defendants used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. Section 1692 e and 1692e(10);

In Paragraph 53 l), Plaintiff claims that Defendants attempted or threatened to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement created the debt or otherwise permitted by law in violation of 15 U.S.C. Section 1692f (l).

Plaintiff basically argues and alleges in the Second Amended Complaint that under California Civil Code Section 1719, there can be no recovery of interest

or legal fees.  As such, all the aforementioned sections of law have been violated.

Plaintiff is incorrect.

California Civil Code Section 3290 provides that accepting the whole

principal, waives any interest.  Under California Civil Code Section 1914,

whenever a loan of money is made, it is presumed to be made upon interest unless

there is a writing stating otherwise.  California Civil Code Section 1915 provides

that interest is the compensation allowed by law or fixed by the parties for the use,

or forbearance or detention of money.  Statutory interpretation provides that the

legislature is presumed to know the existence of statutes presently applicable at the

time that a statute is enacted.  These statutes all were in existence at the time

California Civil Code 1719 was enacted.

The thrust of the statute from its first words and stated in the case of

Mughrabi v Suzuki (1988) 197 Cal. App 3d 1212 is that it is designed to punish

people that write bogus checks which is a violation of California Penal Code 476a

and as in this case if over $200.00 the issuer can be sent to State Prison for up to

one year.  If less than $200.00 it is still up to one year, but only to county jail.  The

purpose of 1719 is to make the victims as private attorney generals.  The statute

allows the maker to purge his violation of law by paying the check and incidental

charges within 30 days.  The legislature had to know that consistent with 3290 if

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION THEREOF**                          Case No: 5:07-cv-05934-JF

the debtor paid the entire principal, that interest would cease by operation of law.

However, failure to pay would not vitiate the interest.  1719 (a) (2) provides

that if there is a part payment within 30 days, then the debtor is only liable for

three times the balance on the check.  The portion that states that a debtor failing to

pay within 30 days is liable for the amount of the check-Consistent with 1914 and

1915 liability on the check also by operation of law includes liability for the

corresponding interest. The fact that the legislature is silent about interest,

whereas they state what happens with the costs of mailing and bank

service fee demonstrates that they were aware that these other statutes

cover interest.

1719 (h) is simply a further confirmation as the <u>Mughrabi</u> case that the

use of the word "shall" means that the court has no discretion to deny

treble damages once the prerequisites of the statute have been met-again

it is silent and has absolutely nothing to do with interest.

Also, if one were to adopt the Hunt decision it leads to an absurdity.

The larger the check, the more interest that applies by law.  The

purpose of the statute is to discourage people from violating the Penal

---

**16**

Code and giving them an opportunity to purge the violation. The larger

the check the more serious the violation. The larger the check the more

interest that applies and with a limit of $1,500.00 for trebles, the

interest on larger check necessarily exceeds $1,500.00. For the larger

checks, there is no penalty for writing the bogus check. The fact that

the legislature capped trebles at $1,500.00 demonstrates that they were

using it as a penalty as is the case with the scheme for penal code

violations that cap fines no matter how serious the violation. The

legislature would not want to penalize small violators and allow the

larger violators to escape responsibility.

Based upon this analysis, there was no misrepresentation of the law or

Facts in any of the paragraphs cited above.

As to the violations alleged as to the Rosenthal Fair Debt Collection

Practices Act, the Defendants reincorporate the same arguments as the Federal

Claims since the violations are alleged to be the same and the law is the same.

## IV

### THE HUNT CASE RELATING TO ACTIONABLE
### CHARGES UNDER THE FAIR DEBT COLLECTION ACT
### HAS BEEN OVERRULED BY EXXON

17

1    In Hunt v Check Recovery Systems. Inc. (2007) 478 F Supp 2d 1157.

2    this Northern District of California Case sets forth in its opinion that interest

3    cannot be charged with respect to a claimed demand in California Civil Code

4    Section 1719. It should be noted that the opinion was field on March 21, 2007.

5    In the In Re the Exxon Valdez (2007), 484 F.3d 1098, the Ninth Circuit appellate

6

7    court held that state law prejudgment interest claim was not preempted by federal

8    admiralty law. This Court held that where state law supplies the rule of decision, it

9    is the duty of federal courts to ascertain and apply that law. Thus when a Federal

10

11   Court determines the application of interest as to a code section, such as California

12   Civil Code Section 1719, it should follow State Law. As such, it seems that the In

13

14   Re the Exxon Valdez decision overrules the Hunt decision. It should also be noted

15   that In Re the Exxon Valdez was argued on February 7, 2007 (prior to the ruling

16

17   on Hunt) and filed on April 16, 2007, after the ruling on Hunt.   The Hunt litigants

18   were not through with their appeals. On May 12, 2008, the Imperial Merchant

19   Services. Inc. v Hunt (2008) 528 F.3d 1129, decision was filed.   In that decision,

20

21   the appellate court stayed on actions on this case and requested the California

22   Supreme Court to answer the question "May a debt collector recovery on a

23

24   dishonored check impose both a service charge under section 1719 of the

25   California Civil Code and pre-judgment interest under California Civil Code

26   Section 3287.   There does not seem to be any published decision resolving this

27

28

**18**

question.  As such, Defendants contend that state law must be followed and interest

allowed as there is no current Federal Interpretation that states that a violation of

15 U.S.C. 1692, et seq is committed by a letter requesting interest to be paid.

The Hunt court requested the California Supreme Court to opine on California law

with respect to these services charges and interest.   On August 10, 2009 (4 days

ago), the Supreme Court ruled in Imperial Merchant Services, Inc. v Hunt  (2009)

S163577  and now held that if a debt collector recovers a service charge pursuant

to section 1719, he may not recover prejudgment interest under section 3287.

Prior to August 10, 2009, there was no published decision with that opinion except

the early Hunt case which the later Hunt case questioned and thus requested a

certified opinion from the California Court.  This could also be due to the Exxon

decision, also cited in this brief.

Thus, the Defendants could not be liable for a violation of FDCA until after

August 10, 2009 as the case cannot be retroactive.

In fact in  Moss v. Superior Court (1998) 17 Cal. 4th 396, 429D- "retroactive

application of a decision disapproving prior authority which a person may

reasonably rely in determining what conduct will subject the person to penalties,

denies due process".  Based upon several hundred judgments received over years is

such reasonable reliance.  It dove tails into a bona fide error defense and its

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION THEREOF**                    Case No: 5:07-cv-05934-JF

purpose. Although it is supposedly a "strict liability statute"-note no such language

in either the Federal or California statute, how can we possibly be accused of not

acting reasonably. The 9th Circuit did not find the statute so obvious which is why

they sought the opinion of the California Supreme Court to rule on the matter.

Even reading this opinion, it is apparent that to reach this conclusion requires a

significant amount of massaging of the statute and legal precedents and gyrations.

How can anyone be accused of utilizing "unfair collection practices", when in

order to reach such a result requires that the 9th Circuit seek an advisory opinion

from the California Supreme Court. The result is not apparent on its face.

See Declaration of Franklin Love.

<u>V</u>

**THE DEFENDANTS HAVE AN ABSOLUTE DEFENSE IN**

**THIS ACTION AND SUCH DEFENSE WAS NOT MENTIONED OR**

**ARGUED IN THE MOVING PAPERS**

A debt collector may not be held civilly liable for a Federal FDCPA

violation if he or she demonstrates by a preponderance of the evidence that the

violation:

• Was unintentional; and

• Resulted from a "bona fide error," even though the collector maintains procedures "reasonably adapted" to avoid such error. [15 USC § 1692k (c); Johnson v. Riddle (10th Cir. 2006) 443 F3d 723, 728—violation is unintentional for purposes of "bona fide error" defense where debt collector can establish lack of specific intent to violate]

. In Love's declaration, he states that there are no other instances where ICC filed in an improper venue and he has instituted safeguards to prevent filings of lawsuits in improper venue.   The Motion for Summary Judgment should be granted as to all three defendants.

See also Beattie v. D.M. Collections, Inc (1991) 754 F. Supp 383, 392 and cited in Clark v. Capital Credit & Collection Service (9th circuit) 460 F. 3rd 1161, 1174-  "generally, a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past".

## VI

## PLAINTIFF CANNOT BENEFIT FROM HIS OWN WRONGFUL ACT

According to California Civil Code Section 3517.  No one can take

---

**21**

advantage of his own wrong.    In the case before this Court, Plaintiff bounced a

check.  Now he claims that he was injured based upon collection of that bounced

check.   Plaintiff cannot prevail based upon the "conduct of bouncing a check".

In Hogan v. Anthony (1919, Cal App) 40 Cal App 679, "where a defendant

wrongfully obtained the plaintiff's money by fraud, a judgment that the plaintiff

was entitled to nothing would render the language of this section idle and

meaningless.   In addition, one may have legal remedy but still be unable to obtain

relief because of equitable reasons.    See Tutt v. Van Voast (1939, Cal App) 36

Cal App 2d 282,   Also see California Civil Code Section 3523 and 3521.

He who takes the benefit must bear the burden.  Maxims of jurisprudence are

simply aids in construing proper application of common-law principles and code

sections. See Daniels v. McPhail (1949, Cal App) 93 Cal App 2d 479,

As such, Plaintiff cannot benefit from his wrongful acts and judgment must

be rendered in favor of the Defendants.

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION THEREOF**                              Case No: 5:07-cv-05934-JF

## CONCLUSION

As such, Summary Judgment should be denied.


Respectfully submitted,


LARRY ROTHMAN & ASSOCIATES

Dated:    August 14, 2009


_____

LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
HENDRICKSON, FRANKLIN LOVE

---

**23**

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION THEREOF**                    Case No: 5:07-cv-05934-JF

# PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid.  I am over the age of 18 and not a party to the within  action; my business address is:  1 City Boulevard West, Suite 850, Orange, California 92868

On August 14, 2009, I served the foregoing document described as:

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION THEREOF**

on the parties listed below in this action by placing a true copy thereof or the originals via electronic mail through the ECF system of the United States District Court to the following

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

O, Randolph Bragg, Esq.
Craig M. Shapiro, Esq.
Horwitz, Horwitz & Associates, LTD
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716

**[X]**          **BY ELECTRONIC MAIL.**  I caused the above document to be electronically mailed through the ECF system of the United States District Court.  Executed on August 14, 2009, at Orange California.

[X]          **FEDERAL.** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

LARRY ROTHMAN