**E-Filed 12/18/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA<br><br>                Plaintiff,<br><br>                v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation; CHARLES D. HENDRICKSON, individually and in his official capacity; LUIGI S. ROSSI A/K/A LUIGI CIOPPA, individually and in his official capacity; and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>                Defendant. | Case Number 07-05934 JF (HRL)<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>[Doc. No. 94] |

       On September 30, 2009, the Court granted the motion of Plaintiff Cris Jao Bretana ("Plaintiff") for summary judgment against Defendants International Collection Corporation ("ICC"), its owner/director Charles Hendrickson ("Hendrickson"), and its attorney Franklin Love ("Love") (collectively "Defendants"), concluding that Defendants had violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act

---

[1] This disposition is not designated for publication in the official reports.

("RFDCPA"). The Court thereafter entered judgment against Defendants and in favor of Plaintiff. The judgment did not include an award of statutory damages or attorney fees and costs as permitted under the FDCPA or the RFDCPA. Plaintiff filed the instant motion on October 9, 2009, seeking alteration and amendment of the judgment to include an award of statutory damages, statutory penalties, attorney fees and costs under the relevant statutes. Defendants oppose the motion. The Court heard oral argument on December 11, 2009. For the reasons discussed below, the motion will be granted.

"Amendment or alteration is appropriate under Fed. R. Civ. P. 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "Rule 60(a) permits a court to 'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgement [sic], order, or other part of the record.' Rule 60(b) permits a court to 'relieve a party . . . from a final judgment' for, *inter alia*, mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud." *Catz v. Chalker*, 566 F.3d 839, 841 (9th Cir 2009). Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend must be filed within ten days after entry of judgment. In this case, judgment was entered on September 30, 2009. The instant motion was timely filed on October 9, 2009.

In the Ninth Circuit, an appeal from a ruling on the merits does not foreclose an award of attorney's fees by the district court. *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956-957 (9th Cir. 1983); *See also Terket v. Lund*, 623 F.2d 29, 34 (7 th Cir 1980); *Obin v. District No. 9 of the Int'l Assoc. of Machinists & Aerospace Workers*, 651 F.2d 574, 583-584 (8th Cir 1981).

Plaintiff seeks an amended judgment awarding 1) actual damages of $500 pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a); 2) statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 3) a statutory penalty in an amount not less than $100 and not exceeding $1,000 pursuant Cal. Civil Code § 1788.30(b); 4) statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17; 5) costs and

1 | reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17
2 | and 1788.30(c); and  6) such other and further relief as may be just and proper.
3 |     The amounts requested may be awarded in the Court's sound discretion.  The amounts
4 | sought by Plaintiff are reasonable.  Accordingly, the motion will be GRANTED.  Plaintiff shall
5 | recover $3,500.00 in damages as well as reasonable attorney's fees and costs according to proof.
6 |
7 | IT IS SO ORDERED.
8 |
9 | DATED: December 18, 2009

                                              _____
JEREMY FOGEL
United States District Judge