**E-Filed 3/24/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA<br><br>                Plaintiff,<br><br>                v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation; CHARLES D. HENDRICKSON, individually and in his official capacity; LUIGI S. ROSSI A/K/A LUIGI CIOPPA, individually and in his official capacity; and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>                Defendant. | Case Number C 07-5934 JF (HRL)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>Re: Doc. 106 |

      Defendants International Collection Corporation ("ICC"), Charles Hendrickson ("Hendrickson"), and Franklin Love ("Love") (collectively "Defendants") seek reconsideration of the Court's order of December 18, 2009 awarding Plaintiff Cris Jao Bretana ("Bretana") statutory damages, statutory penalties, and attorney fees and costs under the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-5934 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION
(JFEX2)

1  ("RFDCPA"). Bretana's counsel concedes that Love is not liable for and should not have been
2  ordered to pay statutory damages and penalties under the RFDCPA. Bretana otherwise opposes
3  the motion. The Court has considered the moving papers and heard oral argument on March 12,
4  2010. For the reasons discussed below, the motion will be granted in part and denied in part.

5       Defendants bring their motion under Rule 60 of the Federal Rules of Civil Procedure,
6  governing relief from a judgment or order. Fed. R. Civ. P. 60(a) provides for corrections based
7  on clerical mistakes "arising from oversight or omission whenever [] found in a judgment, order,
8  or other part of the record." A motion under Rule 60(a) may not be brought once an appeal has
9  been docketed and is pending in the appellate court.[2]

10      Rule 60(b) provides that "a court may relieve a party or its legal representative from a
11 final judgment, order, or proceeding" for any of several reasons, including "mistake,
12 inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A Rule 60(b) motion may
13 seek relief from an excusable mistake on the part of a party or counsel, or if the district court has
14 made a substantive error of law or fact in its judgment or order. *Utah ex. Rel. Div. of Forestry v.*
15 *United States*, 528 F.3d 712, 722-23 (10th Cir. 2008) (citing *Cashner v. Freedom Stores, Inc.*, 98
16 F.3d 572, 576 (10th Cir. 1996).

17 A.    Love's Liability Under the RFDCPA

18      The Court agrees with the parties that as a sole practitioner, Love is not subject to liability
19 under the RFDCPA. *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547-48 (N.D. Cal.
20 2005) (concluding that based upon the plain language of the statute, the RFDCPA's definition of
21 a debt collector does not include an individual attorney). To the extent that the order of
22 December 18, 2009 granting Bretana's motion to alter or amend the judgment can be read as
23 holding Love liable for statutory damages and penalties under the RFDCPA, that reading is in
24 error. The award of statutory damages under the RFDCPA applies only to Hendrickson and ICC.
25 There is no evidence, however, supporting Defendants' claim that Bretana's counsel should be
26 sanctioned for "intentionally violating" the provisions of the RFDCPA by naming Love as a

27 ───────────────────────
28    [2] The docket reflects that on October 29, 2009, Defendants filed an appeal of the order of September 30, 2009 granting Bretana's motions for summary judgment.

Case No. C 07-5934 JF (HRL)
ORDER GRANTING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION
(JFEX2)

1  Defendant.

2  B.     Damages Under the FDCPA and the RFDCPA

3        Defendants also challenge the award of statutory awards under the FDCPA and the
4  RFDCPA. The Court awarded Bretana the full $1,000 in statutory damages pursuant to 15 U.S.C.
5  § 1692(k)(a)(2)(A), the full statutory penalty of $1,000 pursuant to Cal. Civ. Code § 1788.30(b),
6  and another $1,000 pursuant to Cal. Civ. Code § 1788.17. Order 2:24-3:4. The Court also
7  awarded Bretana $500 in actual damages, available under both 15 U.S.C. § 1692(k)(a)(1) and
8  Cal. Civ. Code § 1788.30(a).

9        Defendants first argue that the $1,000 statutory penalty under the FDCPA is unreasonable
10  because the frequency, persistence, and nature of noncompliance by Defendants does not warrant
11  the maximum award. Defendants point out that their improper suit against Bretana in Sacramento
12  was "quickly dismissed once the error was discovered" and assert that the error was
13  unintentional. Def's. Reply to Opp'n to Mot. To Reconsider 7:25-8:8. Defendants also argue that
14  Plaintiff failed to provide any proof of actual damages.

15        The Court already has considered and rejected these arguments. Under the FDCPA, a
16  debt collector who fails to comply with the statute is liable for "such additional damages as the
17  court may allow, but not exceeding $1,000." 15 U.S.C. § 1692(k)(a)(2)(A). The Court considers
18  "the frequency and persistence of noncompliance by the debt collector, the nature of such
19  noncompliance, and the extent to which such noncompliance was intentional." *Id.* §
20  1692(k)(a)(1). In granting Bretana's motion for summary judgment, the Court found that
21  Defendants had failed to put in place any system or procedure to protect against errors in the debt
22  collection process. Defendants sent multiple letters to Bretana, citing liability for interest and fees
23  that did not apply, and improperly sued Bretana in a California state court. These actions show a
24  persistence of improper collection techniques, which Defendants easily could have prevented.
25  Defendants also raise no new arguments with respect to the award of actual damages. The Court
26  credited Bretana's deposition testimony and his attorney's declaration that he had incurred $500
27  in costs to defend the debt collection suit. Defendants' argument that the deposition testimony
28  referred to what Bretana had paid his lawyers in the instant rather than the state court case is

3

unconvincing.[3]

Defendants' argument that Bretana should not have been awarded $1,000 pursuant to Cal. Civ. Code § 1788.17, in addition to the $1,000 award under the FDCPA, has merit. The Court agrees that its order of December 18, 2009 inadvertently misapplied section 1788.17 of the RFDCPA. Section 1788.30(b) of the RFDCPA provides for a statutory penalty of $100 to $1,000 for debt collectors' willful and knowing violations of its provisions. Section 1788.17 provides that debt collectors shall be subject to the remedies available to consumers under subsection 1692(k) of the FDCPA. And section 1788.32 provides for cumulative remedies, allowing recovery under the RFDCPA and "under any other provision of law." Taken together, these provisions allow for a maximum cumulative award of $2,000 ($1,000 in FDCPA statutory damages and $1,000 in RFDCPA statutory penalty), but do not allow for double recovery under the FDCPA.

In *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (2005), the court found that section 1788.17 of the RFDCPA made class action available as a remedy under the state law, even though the text of the RFDCPA refers only to individual actions. *Abels*, 227 F.R.D. at 547-48. While *Abels* recognizes the various remedies available under the FDCPA, it does not sanction the award of the same remedy twice. *See also Mejia v. Marauder Corp.*, 2007 WL 806486 *12 (N.D. Cal., March 15, 2007) (concluding that § 1788.17 did not authorize additional penalties under the RFDCPA); *Bankston v. Phycom*, 2008 WL 4412252 (N.D. Cal., Sept. 25, 2008) (rejecting plaintiffs argument that cumulative recovery is available under both § 1788.30(b) and §

---

[3] The relevant portion of Bretana's deposition states:
Q: What are your terms of paying your lawyer?
A: I think I already paid him.
Q: Okay. Do you recall how much money you have to pay him? Are you paying him by the hour, or are you working on a contingency – is he working on a contingency?
A: I'm getting slow again. So far as I remember, I went to Fred Schwinn, and I paid him 500 or so. Something like that.
Q: And if you recover any money in this case, what is your fee arrangement with him?
A: Okay. Can you say that again?
Schwinn Decl., Ex. 1, 24:5-17.

1788.17); *Napier v. Titan Mgmt. Servs.*, 2008 WL 2949274, at *3 (N.D.Cal. July 25, 2008) ("The court does not agree that Cal. Civ. Code § 1788.17 entitles plaintiff to double recovery of the FDCPA damages in addition to the damages awarded for the RFDCPA violation under Cal. Civ.Code § 1788.30(b).").

## DISPOSITION

The motion for reconsideration will be GRANTED IN PART AND DENIED IN PART. The Court clarifies that Defendant Love is not liable for any part of the $1,000 statutory penalty based upon the RFDCPA violation. The total damages award will be reduced to $2,500.00, representing $1,000 in statutory damages for the FDCPA violation, $1,000 in statutory penalties for the RFDCPA violation, and $500 in actual damages under both statutes. Defendants shall pay reasonable attorney's fees and costs according to proof. Defendants' request for sanctions against Plaintiff's counsel is DENIED.

**IT IS SO ORDERED.**

DATED: March 24, 2010

_____
JEREMY FOGEL
United States District Judge