**E-Filed 6/17/10**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CRIS JAO BRETANA,<br><br>                Plaintiff,<br><br>     v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity, LUIGI S. ROSSI, A/K/A LUIGI CIOPPA, individually and in his official capacity, and FRANKLIN JAY LOVE, individually and in his official capacity,<br><br>                Defendants. | Case Number C 07-5934 JF (HRL)<br><br>ORDER[1] GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>[re doc. no. 114] |

Plaintiff Cris Jao Bretana ("Plaintiff") moves for an award of attorneys' fees and costs pursuant to this Court's amended judgment in his favor.  Defendants International Collection Corporation ("ICC"), Charles D. Hendrickson ("Hendrickson"), Luigi S. Rossi ("Rossi"), and Franklin Jay Love ("Love") (collectively, "Defendants") oppose the motion.  The Court has considered the moving and responding papers and the oral argument of counsel presented at the

---

[1] This disposition is not designated for publication in the official reports.

1   hearing on May 21, 2010.  For the reasons discussed below, the motion will be granted in part.

2                                    **I.  BACKGROUND**

3   **A.    Factual history**

4          On or about October 17, 2006, Plaintiff incurred a financial obligation in the form of a

5   casino marker[2] in the amount of $1,500.00 issued by Plaintiff to Harrah's Casino in Reno,

6   Nevada.  Sometime thereafter, a photocopy of the casino marker was sent to Defendants for

7   collection.  Defendants sent a series of letters to Plaintiff, seeking to recover the debt, interest on

8   the debt, and treble damages.  Defendants threatened to inform credit reporting agencies of

9   Plaintiff's failure to pay the debt and to file a lawsuit if the amounts were not paid.

10         On or about May 14, 2007, Love, on behalf of the other Defendants, filed suit against

11  Plaintiff in the Sacramento Superior Court,  *International Collection Corporation v. Cris*

12  *Bretana, et al.*, Case No. 07-AM-04820 ("the state court complaint"), seeking to collect

13  $1,500.00 together with interest thereon at the rate of 10 percent per annum from June 6, 2006,

14  attorney fees of $180.00 and treble damages of $1,500.00.

15  **B.    Procedural history**

16         On November 26, 2007, Plaintiff filed the instant action against Defendants ICC and

17  Hendrickson, claiming that Defendants violated the Fair Debt Collection Practices Act

18  ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and California's Rosenthal Fair Debt Collection

19  Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788 *et seq.*  On February 14, 2009, Plaintiff

20  filed a First Amended Complaint ("FAC"), adding Love, Rossi (erroneously sued as Luigi

21  Cioppa), and newly asserted class allegations.  On June 2, 2008, this Court denied Defendants'

22  motion to dismiss the FAC and granted Plaintiff's motion to strike Defendants' Offer of

23  Judgment made pursuant to Fed. R. Civ. P. 68.  On September 22, 2008, Magistrate Judge Lloyd

24  granted Plaintiff's motion to compel discovery.  On November 12, 2008, Judge Lloyd granted

25  Defendants' motion to withdraw admissions.

26

27         [2] A casino marker is a type of check, drawn on the customer's bank account designated in

28  the instrument.  *Nguyen v. Nevada,* 116 Nev. 1171, 1175 (2000).

                                           2

1    On July 2, 2009, Plaintiff filed the Second Amended Complaint ("SAC"), correcting the

2  error as to Rossi and deleting the class claims.  On July 31, 2009, the parties filed cross-motions

3  for summary judgment.  On September 30, 2009, the Court granted Plaintiff's motion for

4  summary judgment, denied Defendants' motion, and entered judgment in Plaintiff's favor.

5  Defendants have appealed that decision.  On December 18, 2009, the Court granted Plaintiff's

6  motion to alter or amend the judgment, awarding $500 in actual damages, $1,000 in statutory

7  damages under FDCPA, $1,000 in statutory damages under Cal. Civ. Code § 1788.30(b), $1,000

8  in statutory damages under Cal. Civ. Code § 1788.17, and attorneys' costs and fees pursuant to

9  15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code §§ 1788.30(c) and 1788.17.  On March 24, 2010, the

10  Court granted in part Defendant's motion for reconsideration, clarifying that Love was not liable

11  under the RFDCPA and reducing Plaintiff's award by $1,000 to delete his double recovery under

12  Cal. Civ. Code § 1788 *et seq*.

13    On April 7, 2010, Plaintiff, by and through his attorneys Fred Schwinn ("Schwinn") and

14  Randolph Bragg ("Bragg"), filed the instant action for attorneys' fees and costs, seeking to

15  recover $93,044.51.[3]

16                        **II.  LEGAL STANDARD**

17    The FDCPA provides that a plaintiff may recover "the costs of the action, together with a

18  reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see Johnson v.*

19  *Credit Int'l*, No. 05-16696, 2007 WL 3332813 (9th Cir. Oct. 17, 2007) (awarding attorneys' fees

20  under the FDCPA).  Under the RFDCPA, "the prevailing party shall be entitled to costs of the

21  action.  Reasonable attorney's fees, which shall be based on time necessarily expended to enforce

22  the liability, shall be awarded to a prevailing debtor."  Cal. Civ. Code § 1788.30(c); *see Gouskos*

23  *v. Aptos Village Garage, Inc.*, 94 Cal. App. 4th 754, 764 (Cal. Ct. App. 6th Dist. 2001)

24  (awarding attorneys' fees under the RFDCPA).

25    "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the

26

27    [3] Plaintiff's attorneys, in their reply to Defendants' opposition, request $78,254.41 plus
the attorneys' fees expended in pursuing the instant motion.  The source of the discrepancy is not
28  clear.

3

1 number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v.*

2 *Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "Although in most cases, the lodestar figure is

3 presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the

4 lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit*

5 *Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  The court must articulate "the reasons for its

6 findings regarding the propriety of the hours claimed or for any adjustment it makes either to the

7 prevailing party's claimed hours or to the lodestar." *Id*. at 1148 (quoting *Gates*, 987 F.2d at

8 1398).  In some circumstances, it is appropriate for the court to make "across-the-board

9 percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id.* at 1149-

10 51.  However, such cuts are controversial, *Gates,* 987 F.2d at 1399, and do not discharge the

11 court from "its responsibility to set forth a 'concise but clear' explanation of its reasons for

12 choosing a given percentage reduction nor from its duty to independently review the applicant's

13 fee request," *Ferland,* 244 F.3d at 1149 (citation omitted).

## III.  DISCUSSION

15       Plaintiff seeks $93,044.51 in attorneys' fees and costs, plus an additional $747.50 for

16 attorney's fees in responding to Defendants' opposition to the instant motion.[4]  Schwinn claims

17 that he spent 148.2 hours on behalf of Plaintiff and that his associates Raeon R. Roulston

18 ("Roulston") and Jovanna R. Longo ("Longo") – both of whom are Class of '07 law graduates –

19 spent 46.2 and 20.9 hours, respectively.  He asserts that the prevailing market rate for the time

20 and quality for his services is $325 per hour and for his associates' services is $200 per hour.

21 Bragg claims that he expended 56.3 hours on behalf of Plaintiff and that his paralegal, Shannon

22 Carter ("Carter") expended approximately six minutes.  He asserts that the prevailing market rate

23 for the time and quality for his services is $465 per hour and for Carter's services is $115 per

24 hour.  In total, Plaintiff requests the following attorneys' fees based on the lodestar formula:

25 *//*

26

27       [4]  Schwinn claims to have spent an addition 2.3 hours, at $325 per hour, responding to
Defendant's opposition to the motion for attorneys' fees and costs.  (Schwinn's Second Decl. in
28 Support of Mot. ("Schwinn's Second Decl.").)

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Schwinn | Attorney | 148.2 | $325.00 | $48,165.00 |
| Roulston | Attorney | 46.2 | $200.00 | $9,240.00 |
| Longo | Attorney | 20.9 | $200.00 | $4,180.00 |
| Bragg | Attorney | 56.3 | $465.00 | $26,179.50 |
| Carter | Paralegal | 0.1 | $115.00 | $11.50 |

Schwinn also contends that his firm, the Consumer Law Center, Inc. ("CLC") incurred costs and expenses of $5,057.60. Bragg contends that his firm, Horwitz, Horwitz, & Associates, Ltd. incurred costs and expenses of $210.91. Schwinn and Bragg have submitted detailed time records of their fees, breaking down the discrete tasks and the time associated with each task. (*See* Schwinn's Decl. in Support of Mot. ("Swchinn's First Decl."), Exhs. A and B.) Schwinn also presents a detailed accounting of his firm's expenses, but Bragg does not. (*Id.*) Defendants oppose the motion, arguing that Plaintiff's actual fees are only $500.00, that Plaintiff is not the prevailing party, and that the fees are unreasonable.

**A.      Plaintiff's actual fees**

Defendants argue that Plaintiff cannot recover attorneys' fees and costs in excess of the amount actually incurred.[5] Defendants contend that Plaintiff incurred $500.00 in actual attorneys' fees, relying on a portion of Plaintiff's deposition testimony.[6] As discussed in the

---

[5]  15 U.S.C. § 1692k(a)(3) provides that a successful plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court". The statute discusses only reasonable attorney's fees rather than incurred attorney's fees.

[6]  The relevant portion of Plaintiff's deposition states:

> Q:      What are your terms of paying your lawyer?
> A:      I think I already paid him.
> Q:      Okay. Do you recall how much money you have to pay him? Are you paying him by the hour, or are you working on a contingency – is he working on a contingency?
> A:      I'm getting slow again. So far as I remember, I went to Fred Schwinn, and I paid him 500 or so. Something like that.
> Q:      And if you recover any money in this case, what is your fee arrangement with him?
> A:      Okay. Can you say that again?

5

1  Court's order dated March 24, 2010, Plaintiff was discussing his legal fees in connection with the

2  defense against the state court complaint, not his fees in connection with the instant action.

3         Defendants also claim that there is no evidence in the record of any actual attorneys' fees.

4  While the case on the merits was pending, Plaintiff refused to produce his retainer agreement.

5  Defendants call the Courts attention to *Real v. Continental Group, Inc.*, 116 F.R.D. 211, 213

6  (N.D. Cal. 1986).  In that case, the plaintiff prevailed at trial on an age discrimination claim and

7  sought reasonable attorney's fees.  The prevailing plaintiff sought discovery of the number of

8  hours, hourly rates, and bills and costs paid or incurred by the defendant in this litigation.  The

9  court concluded that "the hours expended by the [non-prevailing party's counsel] on matters

10  pertaining to this case, [that ] counsel's hourly rates, as well as total billings and costs, are at least

11  minimally relevant to the [prevailing party's] fees and costs petition."  *Id.*  However, *Real* did not

12  determine that the fees were relevant to the merits of the underlying case.  *See Abels v. JBC*

13  *Legal Group, P.C.*, NO. C04 02345 JW (RS), 233 F.R.D. 645, 647 (N.D. Cal. 2006) (denying a

14  party's motion to compel the production of attorneys' fee records and a retainer agreement

15  because the case had not progressed to the point at which attorneys' fees were in issue).  Though

16  Defendants argue that Plaintiff's failure to produce his legal fees interfered unfairly  with their

17  attempts to settle the case, Defendants' requests for the retainer agreement did not occur in the

18  context of a settlement conference or similar negotiation.  In connection with the instant motion,

19  Plaintiff's counsel has produced detailed records of the number of hours, hourly rates and bills

20  and costs incurred by Plaintiff in the action.

21  **B.**    **Prevailing party**

22         Defendants argue that Plaintiff is not the prevailing party in light of Defendants' Offer of

23  Judgment pursuant to Fed. R. Civ. P. 68.  Rule 68 provides that "[i]f the judgment that the

24  offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the

25  costs incurred after the offer was made."  ICC and Love jointly proposed an Offer of Judgment

26  on March 6, 2008.  (*See* Plaintiff's Mot. to Strike Defendants' Offer of Judgment, Ex. 1 (docket

27

28  (Defendants' Opp'n at 7:12-21.)

Case No. C 07-5934 JF (HRL)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)

1   no. 16).)  Defendants offered $1,000 in principal, $550 in costs, and $2,501 in attorney fees, for a

2   total of $4,001.  Plaintiff rejected the offer.[7]  As an initial matter, because of Plaintiff's putative

3   class claims pending at the time of the offer, the Court stuck Defendants offer.  That

4   notwithstanding, Plaintiff ultimately recovered a more favorable judgment in any event.

5        Plaintiff received a judgment for $2,500 plus attorneys' fees and costs.  Defendants argue

6   that Plaintiff is not the prevailing party because this is less than $4,001.  However, because the

7   Offer of Judgment included attorneys' fees, the Court also considers attorneys' fees in addition to

8   Plaintiff's $2,500 recovery.  *See Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993) (noting

9   that '[b]ecause the offer includes costs then accrued, to determine whether the judgment obtained

10  is 'more favorable,' as the rule requires, the judgment must be defined on the same basis –

11  verdict plus costs incurred as of the time of the offer of judgment." ).  Defendants argue that

12  Plaintiffs' attorneys, up to the point the Offer of Judgment was made, had incurred approximately

13  $529.50 in expenses.  Defendants also contend that Plaintiff's reasonable attorneys' fees were

14  less than $1,000 at the time the offer was made.  This argument is addressed below.

15  **C.   Recovery was more than nominal**

16       Defendants contend that  no attorneys' fees should be awarded because Plaintiff's

17  recovery was nominal.  Defendants rely upon *Farrar v. Hobby*, 506 U.S. 103 (1992) (concluding

18  that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an

19  essential element of his claim for monetary relief, [Citation], the only reasonable fee is usually no

20  fee at all.").  However, Plaintiff's recovery was significantly greater than nominal:  he recovered

21  actual damages of $500 and statutory damages of $2,000.

22  **D.   Reasonableness of counsel's hourly rate**

23       "[T]he established standard when determining a reasonable hourly rate is the rate

24  prevailing in the community for similar work performed by attorneys of comparable skill,

25  experience and reputation."  *Camacho v. Bridgeport Financial, Inc.*, 523 .3d 973, 971 (9th Cir.

26

27       [7]  At least as of January 17, 2008, Plaintiff was willing to settle for release of the $1,500
    principal balance and payment of $3,500, comprising statutory damages and attorneys' fees and
28  costs, for a total of $5,000.  (Schwinn's Second Decl.¶ 6.)

7

1    2008).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the

2    community and rate determinations in other cases . . . are satisfactory evidence of the prevailing

3    market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir.

4    1990).  Defendants' counsel contends that a $200-per-hour rate is appropriate.  Counsel for

5    Plaintiff have provided the Court with their own declarations as well as the declaration of Ronald

6    Wilcox, an attorney practicing in the San Francisco Bay Area, stating that the prevailing rate in

7    this district ranges from $280 to $465 per hour, "depending on the skill, experience, and

8    reputation of the attorney".  (Wilcox Decl. ¶ 9.)

9         Schwinn has been awarded $325 per hour on at least one previously occasion, *Owens v.*

10   *Brachfeld*, C07-04400-JF-PVT (N.D. Cal. Dec. 5, 2008), and commonly has been awarded $300

11   per hour, *see, e.g.*, *Chan v. North American Collectors, Inc.*, C06-0016-JL (N.D. Cal January 26,

12   2007) *Wallat v. Roush*, C05-3518-JF-HRL (September 21, 2006), and *Maundu v. The Barnes*

13   *Law Firm*, C05-1939-JF-PVT (N.D. Cal. May 23, 2006).  One of Schwinn's associates,

14   Roulston, has been awarded $200 per hour.  *See AFS v. Gonzales*, No. 1-08-CV-104393 (Cal.

15   Sup. Ct. Nov. 25, 2008) and *LVNV Funding, LLC v. Taylor*, No. 1-08-CV-119003 (Cal. Sup. Ct.

16   Sept. 8, 2009).  Bragg has been awarded fees at or near $465 per hour.  *See Palmer v. Far West*

17   *Collection Services, Inc.*,  No. C-04-03027 RMW, 2008 WL 5397140 (N.D. Cal. 2008) (Bragg

18   was awarded $425 per hour), *Campos v. Western Dental Sevices, Inc.*, No. C-05-02119RMW,

19   2007 WL 2050976 (N.D. Cal., 2007) (Bragg was awarded $465 per hour); *Cancio v. Financial*

20   *Credit Network, Inc.*, No. C04-03755 TEH, 2005 WL 1629809, 3 (N.D. Cal. 2005) (Bragg was

21   awarded $435 per hour).  Plaintiff's counsel does not present evidence regarding the reasonable

22   rate for a paralegal, but the rate of $115 per hour is comparable to the hourly rate of $125 that has

23   been approved for law clerks.  *See Fleming v. Kempter Nat'l Servs*, 373 F.Supp. 2d 1000, 1012

24   (N.D. Cal. 2005).  The Court concludes that these are fair and reasonable rates for calculating the

25   attorneys' fees for Plaintiff's counsel.

26   **E.    Reasonableness of Hours Expended by Plaintiff's Counsel**

27        **1.    Reasonable hours expended up to the date of Defendants' Offer of Judgment**

28        "Counsel for the prevailing party should exclude from a fee request hours that are

8

1    excessive, redundant, or otherwise unnecessary, just as a lawyer in a private practice is ethically

2    obligated to exclude hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 433-

3    434 (1983) (citations omitted).  The party seeking fees bears the burden of documenting the

4    appropriate hours expended in the litigation and must submit evidence in support of the hours

5    worked.  *Gates*, 987 F.2d at 1398-99.  Schwinn claims to have expended a total of 16.8 hours up

6    to the point when Defendants made their offer, and Bragg claims to have expended 6.4 hours,

7    plus .10 hours by his paralegal to prepare his *pro hac vice* application.  Defendants contend that

8    Schwinn and Bragg reasonably should have expended only four hours of work before the Offer

9    of Judgment.  The Court concludes that the reality lies somewhere in between.

10          Of the 16.8 hours expended by Schwinn from November 2007 to March 2008, 1.70 hours

11   were billed in discrete six-minute increments, often through multiple .10 hour entries in a single

12   day.  Consolidating some tasks would have been more reasonable.  Further, 6.6 hours relate to

13   drafting the FAC or communicating with Bragg about the FAC, which added Love and the class

14   allegations that ultimately were deleted.  Contrary to the Defendants' assertion, the FAC did have

15   some tangible benefit: Love was found liable for a FDCPA violation.  Nonetheless, the majority

16   of the effort in drafting the FAC certainly was related to class allegations which added nothing to

17   the litigation – other than to convince the Court to strike the Offer of Judgment that was made

18   while Plaintiff's class allegations still were operative.  Schwinn appears to have sought out Bragg

19   for his expertise in FDCPA class actions.  *See, e.g., Campos*, 2007 WL 2050976 (Bragg was co-

20   counsel in an FDCPA class action); *Palmer*, 2008 WL 5397140 (same); *Cancio*, 2005 WL

21   1629809 (same).  However, for present purposes only, even disregarding all of Bragg's hours, all

22   of the hours Schwinn spent working on the FAC, and the 1.7 hours billed in six-minute

23   increments, Plaintiff's counsel still expended 8.5 hours up to the point at which Defendants made

24   their Offer of Judgment.  At $325 per hour, Plaintiff's attorneys' fees, together with the $2,500

25   judgment and at least $529 in costs, far exceed the $4,001 Offer of Judgment.  Thus, Plaintiff

26   clearly is the prevailing party and is entitled to recover attorneys' fees.

27          **2.      Reasonableness of the total hours expended in the litigation**

28          Plaintiff's counsel claim to have expended 272.6 hours litigating this action, resulting in

9

1   $87,776 in attorneys' fees.  The Court concludes that this amount is excessive.  As discussed

2   above, Schwinn billed 21.2 hours in discrete six-minute increments, often with multiple entries

3   of .10 hours in a single day.  Counsel claim to have expended 2.5 hours drafting the

4   memorandum for the instant motion and an additional 2.2 hours reviewing the billing records.[8]

5   However, the memorandum contains several sections that are substantially identical to sections

6   of the memorandum filed in connection with a similar motion in *Cruz v. International Collection*

7   *Corporation, et al.*, 5:08-cv-00991-JF(RS).[9]  Plaintiff's counsel claim to have incurred fees of

8   $5,184.00 in connection with Plaintiff's motion for summary judgment, but the memorandum in

9   support of that motion contains several sections that are nearly identical to those in the

10  memorandum filed in connection with a similar motions in *Cruz v. International Collection*

11  *Corp., et al.*, 5:08-cv-00991-JF (RS) (docket no. 47),[10]  *Maundu v. The Barnes Law Firm, et al,*

12

13  _____

        [8]  Schwinn claims 2.5 hours and Roulston claims 2.2 hours.

14
        [9]  The two memoranda were filed on the same day.  In *Cruz*, Schwinn claims to have
15  spent 6.4 hours total with respect to the petition for fees.  The following sections of Plaintiff's
    motion for attorneys' fees ("MFAF") in this case contain language nearly identical to that in
16  *Cruz*: "Plaintiff, [Named Plaintiff], Was Successful in This Action" (MFAF at 3-5), "Plaintiff's
    Attorneys Are to Be Awarded Fees Pursuant to the Lodestar Formula" (MFAF at 5), "The
17  Loadstar May Not Be Reduced Due to the Amount of the Judgment" (MFAF at 6-8), "Plaintiff's
    Attorneys Are Entitled to an Award of Costs and Litigation Expenses" (MFAF at 9), and
18  "Additional Time and Costs Will Be Incurred" (MFAF at 9).

19
        [10]  The following sections of Plaintiff's motion for summary judgment ("MSJ") in *Cruz*
20  contain language nearly identical to that in the instant case: "Standard of Review" (MSJ at 7-8),
    "The 'Least Sophisticated Consumer' Standard Is Used to Analyze Violations of the FDCPA"
21  (MSJ at 10-11), "Under the Strict Liability Standard of the FDCPA, Plaintiff has Pled Numerous
    Violations of the Act, as Seen from the Perspective of 'Least Sophisticated Consumer'" (MSJ at
22  11-12), "Defendant, Charles D. Hendrickson, Is a Debt Collector as Defined by 12 U.S.C. §
    1692e(6) (MSJ at 12-15) (in the instant case, Schwinn also discusses Cal. Civil Code §1788.2(c),
23  but the analysis is nearly identical), "Actions Which Cannot Legally Be Taken – 15 U.S.C. §
    1692e(5) (MSJ at 17), "False Representations – 15 U.S.C. §§ 1692e and 1692e(10)" (MSJ at 17-
24  18), "Unauthorized Charges and Fees – 15 U.S.C. § 1692f(1)" (MSJ at 18), "Defendants
    Attempted or Threatened to Collect Interest in Addition to a Check Fee from Plaintiff, in
25  Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1)" (MSJ at 18-20),
    "Defendants Attempted or Threatened to Collect a Debt Based on a Negotiable Instrument
26  Without Possession of the Instrument, in Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(5),
    1692e(10), 1692f(1)" (MSJ at 21-23), "Defendants Attempted to Collect or Threatened to Collect
27

28

1    Case No. 5:05-cv-01939-JF (PVT) (docket no. 22)[11] and *Owens v. Brachfeld et al.*, Case No.

2    5:07-cv-04400-JF-PVT (docket no. 17).[12]  In noting these similarities, the Court in no way means

3    to criticize counsel for choosing not to reinvent the wheel every time a fair debt collection action

4    is brought.  Nonetheless, the facts suggest that Plaintiff's motion for summary judgment did not

5    reasonably require an additional $5,184.00 in attorneys' fees to draft and file.

6            In addition, it is not clear what role Bragg played in the instant litigation.  Bragg appears

7    to have been brought in as co-counsel because of his experience with FDCPA class actions, but

8    counsel never sought class certification or to add an additional plaintiff.  After the class

9    allegations were deleted on July 2, 2008, Bragg accounts for $6,964.50 in fees, a substantial

10   amount of which was related to drafting and filing the motion for summary judgment discussed

11   above.  Thus, $19,215.00 of Bragg's fees appears to be related to a class claim that never

12   materialized.  The Court does not wish to discourage a good-faith exploration of potential class

13   claims, nor does it wish to encourage litigants to expend hours researching a class claim that does

14   not exist.  While Bragg's credentials identify him as a valuable member of Plaintiff's legal team,

15   the Court cannot conclude from the record that all of his fees are reasonable.  Accordingly, the

16   Court will award fees for two-thirds of the hours expended by the CLC and for one-third of the

17   _____

18   a Gambling Debt in the State of California, in Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A),
19   1692e(5), 1692e(10), and 1692f(1)" (MSJ 23-24), and "Plaintiff Has a Statutory Right to
     Attorney's Fees and Costs" (MSJ at 26-27).

20
21       [11]  The following sections of Plaintiff's motion for summary judgment ("MSJ") in
     *Maundu* contain language nearly identical to that in the instant case: "Standard of Review" (MSJ
22   at 6-7), "Least Sophisticated Consumer" Standard (MSJ at 9-10), "This Court Should Award
     Plaintiff the Maximum Statutory Damage Amount of $1,000 Under FDCPA" (MSJ at 14) and
23   "Statutory Right to Attorney's Fees and Costs" (MSJ at 14-15).

24       [12]  The following sections of Plaintiff's motion for summary judgment ("MSJ") in
     *Owens* contain language nearly identical to that in the instant case: "Standard of Review" (MSJ
25   at 3-4), "Least Sophisticated Consumer" Standard (MSJ at 4-6), "This Court Should Award
     Plaintiff the Maximum Statutory Damage Amount of $1,000 Under FDCPA" (MSJ at 12-13),
26   "Plaintiff Should Be Awarded $1,000 Under Cal. Civil Code § 1788.30(b)" (MSJ at 13-14),
     "Both Congress and the California Legislature Have Expressed Their Intent that the Remedies
27   for Violations of the FDCPA and RFDCPA Be Cumulative" (MSJ at 14-15), and "Statutory
     Right to Attorney's Fees and Costs" (MSJ at 15).

28

Case No. C 07-5934 JF (HRL)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)

1   hours expended by Bragg, plus the fees reasonably incurred by Schwinn in connection with the

2   instant motion.  Applying the loadstar formula, the Court concludes that Plaintiff is entitled to

3   $50,542.17in attorneys' fees.  Plaintiff also is entitled to $5,268.51 in costs.

4                                          **IV.  ORDER**

5          Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for attorneys'

6   fees and costs is GRANTED IN PART as set forth above.

7

8   DATED: 6/8/2010                          _____

9                                            JEREMY FOGEL
                                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28